# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE OPANA ER ANTITRUST LITIGATION | MDL No. 2580 |
| | Lead Case No. 14 C 10150 |
| THIS DOCUMENT RELATES TO: | Hon. Harry D. Leinenweber |
| ALL END-PAYOR ACTIONS | |
| Case Nos. 14 C 6171; 14 C 4651; 14 C 7742; 14 C 10153; 14 C 10154; 14 C 10289; 15 C 0269; 15 C 1473 | |

## MOTION TO APPOINT THE LAW FIRMS OF
## FREED KANNER LONDON & MILLEN LLC AND LABATON SUCHAROW LLP
## AS INTERIM CO-LEAD COUNSEL FOR THE END-PAYOR CLASS

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. ii

INTRODUCTION ........................................................................................................... 1

FACTUAL BACKGROUND ............................................................................................ 3

PROCEDURAL BACKGROUND ..................................................................................... 5

ARGUMENT .................................................................................................................. 6

    A.   Proposed Class Counsel Have Performed Substantial Work Identifying
        and Investigating the Potential Claims in This Action ................................... 7

    B.   Proposed Class Counsel Have the Experience, Competence and
        Integrity to Serve as Interim Co-Lead Counsel ........................................... 9

        1.   Freed Kanner ................................................................................... 9

            (a)   Michael J. Freed ................................................................ 11

            (a)   Robert J. Wozniak ............................................................. 12

        2.   Labaton Sucharow .......................................................................... 13

            (a)   Jay L. Himes ..................................................................... 15

            (b)   Gregory Asciolla ............................................................... 16

    C.   Proposed Class Counsel Have Worked Together Cooperatively and
        Effectively in Prior Antitrust Litigations ..................................................... 17

    D.   Proposed Class Counsel Are Highly Regarded by Their Peers and
        Adversaries as Effective Litigators ............................................................. 18

    E.   Proposed Class Counsel Will Work Cooperatively with Other
        Plaintiffs' Counsel in Prosecuting the End-Payor Class' Claims ................ 18

    F.   Proposed Class Counsel Are Knowledgeable of the Applicable Law ......... 19

    G.   Proposed Class Counsel Will Commit the Necessary Resources in
        Representing the Best Interests of the End-Payor Class ............................. 19

CONCLUSION ............................................................................................................. 20

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Hill v. The Tribune Co.*,
No. 05-cv-2602, 2005 WL 3299144 (N.D. Ill. Oct. 13, 2005) ................................................7

*Michelle v. Artic Zero, Inc.*,
No. 12-cv-2063, 2013 WL 791145 (S.D. Cal. Mar. 1, 2013) ..................................................7

*In re Municipal Derivatives Antitrust Litigation*,
252 F.R.D. 184 (S.D.N.Y. 2008) .......................................................................................7, 19

*Smith v. State Farm Mutual Automobile Insurance Co.*,
301 F.R.D. 284 (N.D. Ill. 2014) .........................................................................................7, 19

*Walker v. Discover Financial Services*,
No. 10-cv-6994, 2011 WL 2160889 (N.D. Ill. May 26, 2011) ...............................................7

## Other Authorities

Fed. R. Civ. P. 23 ...............................................................................................................................6

Manual for Complex Litigation, 4th Ed., § 21.11 (2004) .................................................................6

## <u>INTRODUCTION</u>

Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, and this Court's Minute Entry (Dkt. #31), Plaintiffs Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund[1] and Massachusetts Bricklayers & Masons Health and Welfare Fund[2] ("Moving Plaintiffs") jointly submit this memorandum in support of their motion to appoint Freed Kanner London & Millen LLC ("Freed Kanner") and Labaton Sucharow LLP ("Labaton Sucharow") (collectively "Proposed Class Counsel") as Interim Co-Lead Counsel for the End-Payor Class. For the reasons set forth in detail below, Moving Plaintiffs submit that Proposed Class Counsel are best qualified to serve as Interim Co-Lead Counsel for the End-Payor Class. Proposed Class Counsel have the expertise, knowledge, integrity, and resources necessary to prosecute this case against Defendants[3] for their unlawful pay-for-delay agreement. Proposed Class Counsel also have a proven track record of successfully prosecuting antitrust and consumer protection class actions on behalf of a large and diverse array of clients, from individual consumers to large companies, municipalities, and institutional investors. Both Freed Kanner and Labaton Sucharow offer distinct strengths and resources that, when combined, will serve the best interests of the End-Payor Class. More specifically:

- ***Resources devoted to investigating this case***: Proposed Class Counsel have spent substantial time investigating and developing this case, including: (1) analyzing the patent litigations; (2) reviewing press releases, administrative dockets, and SEC filings; (3) analyzing the relevant market; and (4) developing the case theory.

- ***Extensive experience***: Proposed Class Counsel have successfully prosecuted dozens of antitrust class actions over several decades, serving as sole lead or co-lead in many large,

---

[1] *See Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund v. Endo Health Solutions, Inc.*, 15-cv-269 (N.D. Ill.).

[2] *See Massachusetts Bricklayers & Masons Health and Welfare Fund v. Endo Health Solutions, Inc.*, 14-cv-4355 (E.D. Pa.).

[3] Defendants are Endo Health Solutions, Inc., Endo Pharmaceuticals, Inc., Penwest Pharmaceuticals Co. (collectively, "Endo"), and Impax Laboratories, Inc. ("Impax")

complex class action litigations involving antitrust, consumer fraud, and securities fraud cases. Notably, Proposed Class Counsel have developed an expertise in healthcare litigation, having served as co-lead or class counsel in pay-for-delay and many other healthcare-related antitrust actions over the last twenty years, including two relevant actions litigated in this district: Freed Kanner was co-lead counsel in *In re Brand Name Prescription Drugs Antitrust Litig.*(Kocoras, J.), which resulted in a recovery to the class of $715 million, an amount unmatched in the history of this district; Freed Kanner was also substantially involved in *In re Clozapine Antitrust Litig.* (Leinenweber, J.), which recovered more than $20 million for the class.

Other healthcare-related cases, including pay-for-delay cases, in which Proposed Class Counsel have served as co-lead counsel include *In re Pharmacy Benefit Managers Antitrust Litig.* (E.D. Pa.); *Sandhaus v. Bayer AG* (Kan. Dist. Ct., Johnson County); *In re Buspirone Antitrust Litig.* (S.D.N.Y.); *In re Terazosin Hydrochloride Antitrust Litig.* (S.D. Fla.); *In re Abbott Laboratories Norvir Antitrust Litig.* (N.D. Cal.); *In re Lorazepam & Clorazepate Antitrust Litig.* (D.D.C.); and *In re TriCor Indirect Purchaser Antitrust Litig.* (D. Del.).

- **Knowledge of the law**: Proposed Class Counsel are highly knowledgeable in antitrust and class action law, including the legal issues involved in pay-for-delay matters. Their experience in pharmaceutical antitrust cases makes them well-suited to handle the complex legal issues that will arise in this litigation.

- **Resources**: Proposed Class Counsel have the financial and personnel resources to prosecute this case to its conclusion in the best interests of the End-Payor Class. They have a demonstrated record of success in litigating complex class actions in an effective and efficient manner. Proposed Class Counsel are also committed to working with other plaintiffs' counsel as needed, as well as counsel for Direct Purchaser plaintiffs.

- **Past experience working cooperatively as co-lead counsel**: Proposed Class Counsel have worked cooperatively and effectively together as co-lead counsel in prior antitrust class actions, including *In re Aftermarket Filters Antitrust Litig.* (Gettleman, J.) and *In re Flat Glass Antitrust Litig. (II)* (W.D. Pa.).

- **Firm Recognition**: Proposed Class Counsels' reputations in the legal community provide the credibility required to successfully litigate against the top defense firms in the world. Proposed Class Counsel are recognized as among the pioneers and leaders in the class action field by their peers, adversaries, and clients, and have regularly served in leadership positions in antitrust class action litigation throughout the United States for more than three decades. Not surprisingly, shortly after its formation in 2007, Freed Kanner was recognized as a "*sparkling new firm*" and "*a notable and important Illinois team*" by *Chambers and Partners*, a leading independent reviewer of law firms.[4] Labaton Sucharow has earned the highest ratings from the premier legal ranking organizations as well, including *Chambers USA*, *Benchmark Plaintiff*, and *The Legal 500*.

---

[4] http://www.chambersandpartners.com/12471/363/editorial/5/1.

2

In addition, Labaton Sucharow has been selected by *The National Law Journal* as one of the leading plaintiffs' class action firms in the country for nine consecutive years; *Law360*'s Most Feared Plaintiffs' Firms; and *Law360*'s Practice Group of the Year – Class Action.

## FACTUAL BACKGROUND

This litigation involves Defendants' agreement to delay entry of generic versions of the drug Opana ER, in which Endo paid Impax at least $112 million to not enter the market with cheaper alternatives for about two and a half years.  Plaintiffs allege that this "pay-for-delay" agreement violated various antitrust and consumer protection laws and resulted in supra-competitive prices to end-payors (*i.e.*, individual consumers and third-party payors, such as insurers and health and welfare funds).

Endo holds several patents protecting their exclusivity to market Opana ER.  Several generic drug manufacturers filed applications with the FDA seeking approval to market generic versions of Opana ER.  Defendant Impax was the first generic manufacturer to file an Abbreviated New Drug Application ("ANDA") for several strengths of Opana ER.  Other generic manufacturers filed ANDAs for various strengths of Opana ER as well.

In response to the filing of these applications, Endo sued Impax and the other generic manufacturers for patent infringement.  As patent litigation ensued and trial neared, the possibility of Endo losing its patent protection and monopoly over Opana ER grew.  During the bench trial, but before a decision was rendered, Endo settled with Impax, granting Impax a license to sell generic Opana ER products.  In exchange, Impax agreed to delay the entry of its generic Opana ER products for approximately two and a half years—from June 14, 2010 until January 1, 2013.

It was not until years later that SEC filings revealed that Endo had paid Impax **well over $100 million** in connection with settling the Opana ER patent infringement litigation. Specifically, Endo was required to pay the following amounts to Impax:

- **$102,049,000**, which was conditioned on sales of Opana ER falling below a certain predetermined threshold prior to Impax's generic launch in January 2013;

- **$10 million** in upfront payments relating to a purported development and co-promotion arrangement for a future medication to treat Parkinson's disease; and

- An additional **$30 million** in payments in connection with the achievement of certain milestones relating to the development of the Parkinson's medication.

Plaintiffs allege these payments in exchange for Impax's promise to delay the launch of its competing generic versions of Opana ER were anticompetitive and unlawful. Although the $102 million was styled as a "conditional" payment, Endo made certain that it was all but guaranteed by taking a series of actions to ensure that sales of its branded Opana ER would fall below the "predetermined threshold." First, Endo introduced a new crush-resistant formulation of Opana ER ("Opana ER CRF"). Second, Endo launched a campaign to encourage healthcare professionals to prescribe Opana ER CRF, claiming it was safer and less prone to abuse than Opana ER. Third, Endo discontinued manufacturing all strengths of Opana ER by May 2012, ensuring that only Opana ER CRF would be available to prescribers and patients. Lastly, Endo filed a Citizen Petition with the FDA, asking it to: (1) determine that Endo's discontinuation of Opana ER was, in effect, a safety recall; and (2) refuse to approve, or withdraw the approval of, any ANDA for generic Opana ER. The FDA rejected Endo's Citizen Petition, finding that Endo's discontinuation of Opana ER was not "for reasons of safety or effectiveness."

In taking these steps, Endo ensured that the $102 million "conditional payment" would be paid to Impax. Moreover, Impax likely knew of Endo's plans, and readily acquiesced to the settlement, because regardless of whether Endo successfully removed Opana ER from the

4

market, *Impax would still obtain over $100 million without having to make or sell a single tablet of generic Opana ER*.  In short, the patent settlement between Endo and Impax allowed Impax to share Endo's expected monopoly profits on sales of Opana ER.  Further, because Impax was the first-filer for various strengths of Opana ER, Endo and Impax's pay-for-delay agreement preserved Impax's marketing exclusivity and blocked the entry of other generic manufacturers' competing products.  As a result, the delay caused by Defendants' unlawful pay-for-delay agreement directly resulted in higher prices for Opana ER to the End-Payor Class.

## PROCEDURAL BACKGROUND

On July 17, 2014, Labaton Sucharow filed the third class action lawsuit on behalf of Massachusetts Bricklayers & Masons Health and Welfare Fund and a proposed class of similarly situated individuals and entities who indirectly purchased, paid, and/or provided reimbursement for some or all of the purchase price of Opana ER 5 mg, 10 mg, 20 mg, 30 mg, and 40 mg tablets and/or their AB-rated generic equivalents.  On December 22, 2014, Freed Kanner filed a similar action on behalf of Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund and a proposed End-Payor Class.

In total, eight class actions are pending on behalf of end-payors of Opana ER, alleging that Defendants violated the Sherman and Clayton Acts, as well as various state antitrust and consumer protection laws, by entering into their unlawful pay-for-delay agreement.[5]

---

[5] In addition to the actions filed by Moving Plaintiffs, the following end-payor actions were filed: *Fraternal Order of Police, Miami Lodge 20, Insurance Trust Fund v. Endo Health Solutions, Inc.*, No. 14-cv-3190 (E.D. Pa.); *Wisconsin Masons' Health Care Fund v. Endo Health Solutions, Inc.*, No. 14-cv-4651 (N.D. Ill.); *Pennsylvania Employees Benefit Trust Fund v. Endo Health Solutions, Inc.*, No. 14-cv-6171 (N.D. Ill.); *International Union of Operating Engineers Local 138 Welfare Fund v. Endo Health Solutions, Inc.*, 14-cv-7742 (N.D. Ill.); *Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana v. Endo Health Solutions, Inc.*, No. 14-cv-721 (M.D. La.); *Mahaffay v. Impax Laboratories, Inc.*, No. 15-cv-387 (N.D. Cal.) (removed from Cal. Superior Ct.).

Several class actions are also pending on behalf of direct purchasers of Opana ER.  *See Rochester Drug Co-Operative, Inc. v. Endo Health Solutions, Inc.*, No. 14-cv-03185 (E.D. Pa.); *Value Drug Co. v.*
(continued … )

The Direct Purchaser and End-Payor Actions were transferred and consolidated before this Court following a hearing before the Judicial Panel on Multidistrict Litigation. Counsel for the End-Payor Actions worked diligently to reach a consensus on a proposed leadership structure for the End-Payor Class. To date, no consensus has been reached, although counsel will continue to confer on this issue.

On January 30, 2015, all parties submitted a Proposed Joint Agenda for the February 17, 2015 Organizational Conference, which included a proposed briefing schedule for case organization. (Dkt. #21). Following the February 17, 2015 hearing, the Court entered a minute order that, among other things, set a briefing schedule for organization and management of the End-Payor Actions. (Dkt. #31).

## **ARGUMENT**

Rule 23(g) provides that a court "may designate interim counsel to act on behalf of putative class before determining whether to certify the action as a class action." The Advisory Committee Notes explain that the rule "authorizes [a] court to designate interim counsel during the pre-certification period if necessary to protect the interests of the putative class." Fed. R. Civ. P. 23 advisory committee's notes. *See also* Manual for Complex Litigation, 4th Ed., § 21.11 (2004) ("[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement.").

Although not expressly stated in the federal rules or the advisory committee notes, "it appears to be generally accepted that the considerations set out in Rule 23(g)(1)(C), which

---

*( … continued)*
*Endo Health Solutions, Inc.*, No. 14-cv-05416 (N.D. Ill.); *Meijer, Inc. v. Endo Health Solutions, Inc.*, No. 14-cv-07320 (N.D. Ill.).

governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification."  *Walker v. Discover Fin. Servs.,* No. 10-cv-6994, 2011 WL 2160889, at *2 (N.D. Ill. May 26, 2011); *Hill v. The Tribune Co.*, No. 05-cv-2602, 2005 WL 3299144, at *3 (N.D. Ill. Oct. 13, 2005) ("Rule 23(g) provides criteria to consider when appointing class counsel.  No distinction is made regarding appointing interim counsel."). These factors include:  (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law;" and (4) "the resources that counsel will commit to representing the class."  Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).  *See also Smith v. State Farm Mutual Auto. Ins. Co.*, 301 F.R.D. 284, 288 (N.D. Ill. 2014).  A court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. 23(g)(1)(B); *Smith*, 301 F.R.D. at 288.  If more than one adequate applicant seeks to be appointed, the Court must appoint "the applicant best able to represent the interests of the class."  Fed. R. Civ. 23(g)(2); *Smith*, 301 F.R.D. at 288.

> **A.    Proposed Class Counsel Have Performed Substantial Work Identifying and Investigating the Potential Claims in This Action**

Courts look to the time and resources spent investigating a complaint and consider that a substantial factor in appointing interim class counsel.  *Michelle v. Artic Zero, Inc.,* No. 12-cv-2063, 2013 WL 791145, at *3 (S.D. Cal. Mar. 1, 2013) (selecting counsel who "demonstrated they have conducted more research and investigation in developing the case."); *In re Municipal Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (selecting co-lead counsel in part based on the substantial effort and resources spent investigating alleged antitrust violations).

Proposed Class Counsel have undertaken a thorough investigation of Defendants' alleged unlawful pay-for-delay agreement and the market for extended-release oxymorphone hydrochloride tablets (the active ingredient in Opana ER). They spent substantial time conducting a comprehensive pre-complaint investigation into the facts and law surrounding potential claims. Those investigative efforts include, among other things:

- Analyzing patent litigation materials between Endo and Impax;

- Analyzing patent litigation materials between Endo and other prospective generic competitors for Opana ER;

- Analyzing administrative filings before the FDA, including Endo's New Drug Applications for Opana ER and Opana ER CRF;

- Analyzing ANDAs for generic versions of Opana ER filed by Impax and other generic manufacturers;

- Analyzing the FDA's administrative docket concerning Endo's Citizen Petition and Endo's related federal court litigation against the FDA;

- Analyzing Defendants' public statements and SEC filings;

- Analyzing the market for Opana ER and extended-release oxymorphone hydrochloride tablets;

- Conducting necessary legal and procedural research;

- Conferring with participants in the market; and

- Analyzing news reports and other sources for relevant factual information.

As a result of Proposed Class Counsel's extensive investigation, both Freed Kanner and Labaton Sucharow filed robust complaints. Indeed, Labaton Sucharow's complaint included enhanced allegations relating to Endo's efforts to move the market away from Opana ER through its use (and misuse) of the FDA Citizen Petition process to further its anticompetitive scheme.

Since the filing of their complaints, Proposed Class Counsel have remained active by continuing their investigation of Defendants' conduct and its effects on the market. In addition,

they have worked cooperatively with other plaintiffs' counsel in these actions, as well as

Defendants' counsel, in the following ways: (1) executing a stipulation with Defendants' counsel

regarding waiver of service and extending the time to answer; (2) reviewing and editing the

Proposed Joint Agenda For February 17, 2015 Organizational Conference; the proposed

Protective Order; and the Stipulation and [Proposed] Order Regarding the Non-Disclosure of

Certain Information Regarding Expert Witnesses; and (3) filing a motion in support of transfer

and consolidation of End-Payor and Direct Purchaser Actions before the Judicial Panel on

Multidistrict Litigation and appearing at the hearing on December 4, 2014.

### B. Proposed Class Counsel Have the Experience, Competence and Integrity to Serve as Interim Co-Lead Counsel

Both Freed Kanner and Labaton Sucharow are well known and highly regarded plaintiffs'

class action firms, particularly within the antitrust bar. Combined, attorneys at both firms have

decades of experience litigating complex antitrust class actions, including in the healthcare and

pharmaceutical arena.

### 1. Freed Kanner

Freed Kanner has extensive class action experience, has litigated some of the most

complex and successful antitrust cases in the last two decades, and is among the most respected

plaintiffs' class action litigation firms in the country.  Freed Kanner's experience amply

demonstrates that the firm has extensive knowledge of the applicable law, the resources for

effective representation of the proposed Class, the proven ability to reach superior results in such

litigation, and a commitment to work cooperatively with co-counsel.

For more than three decades Freed Kanner has engaged in leadership positions in

antitrust class action litigation throughout the United States.  The attorneys at Freed Kanner are

among pioneers and leaders in the class action field.  Before the firm's founding in 2007, as

members of Much Shelist Freed Denenberg Ament & Rubenstein, P.C. ("Much Shelist Freed"), the partners of Freed Kanner successfully prosecuted class action cases for over 40 years. Freed Kanner attorneys have served in leadership positions (as lead counsel, co-lead counsel, and members of steering and executive committees) in some of the largest class action cases in the United States. The firm's attorneys are presently serving or recently served as co-lead counsel in numerous antitrust class action cases, including: *Kleen Products, et al. v. International Paper, et al.* (N.D. Ill.); *SchagrinGas Co. v. BP Products North America, Inc.* (N.D. Ill.); *In re Aftermarket Filters Antitrust Litig.* (N.D. Ill.); *In re Automotive Parts Antitrust Litig.* (E.D. Mich.); *In re Hydrogen Peroxide Antitrust Litig.* (E.D. Pa.); and *In re Flat Glass Antitrust Litig. (II)* (W.D. Pa.). Further, Freed Kanner attorneys presently serve or recently served on the Executive Committees in several other major antitrust class action cases, including: *In re Rail Freight Antitrust Litig.* (D.D.C.) and *In re Static Random Access Memory (SRAM) Antitrust Litig.* (N.D. Cal.).

Other large class action cases in which Freed Kanner attorneys have been involved in a leadership position include *In re High Fructose Corn Syrup Antitrust Litig.* (C.D. Ill.)*; In re Dynamic Random Access Memory Antitrust Litig.* (N.D. Cal.)*; In re Linerboard Antitrust Litig.* (E.D. Pa.)*; In re High Pressure Laminates Antitrust Litig.* (S.D.N.Y.)*;* and *In re Folding Cartons Antitrust Litig.*(N.D. Ill.).

**Pharmaceutical Antitrust Matters:**

Of particular relevance to this case is Freed Kanner's extensive background acting as co-lead counsel in pharmaceutical cases involving antitrust and consumer protection claims, including the following:

- *In re Brand Name Prescription Drug Antitrust Litig.*, MDL No. 997 (N.D. Ill.): Freed Kanner served as co-lead counsel in this antitrust price-fixing class action. Settlements of $715 million were recovered on behalf of the plaintiff class.

- *In re Buspirone Antitrust Litig.*, MDL No. 1410/1413 (S.D.N.Y.): Freed Kanner partner Robert J. Wozniak had substantial involvement as co-lead counsel (with attorneys from Labaton Sucharow) for the end-payor class in this pay-for-delay case in which Defendant Bristol-Myers Squibb paid a competitor poised to market a cheaper generic version of its anti-anxiety drug Buspar to not enter the market for five years. A $90 million settlement was obtained on behalf of indirect purchasers.

- *In re Pharmacy Benefit Managers Antitrust Litig.*, MDL No. 1782 (E.D. Pa.): Freed Kanner serves as co-lead counsel in these consolidated class actions brought on behalf of retail pharmacies against prescription benefit managers for fixing at artificially low levels the prices paid to pharmacies for pharmaceuticals sold, and reimbursement for services rendered, to the members of plans created by the prescription benefit managers. The complaints allege that the prescription benefit managers illegally aggregate the purchases of their members in order to effectuate the underpayment.

- *In re Clozapine Antitrust Litig.*, MDL No. 874 (N.D. Ill.): Freed Kanner acted as co-lead counsel in this antitrust class action against Caremark and Sandoz Pharmaceuticals alleging that the defendants entered into an illegal agreement to distribute a drug known as Clozaril by tying it to the purchase of a blood testing system, by fixing the price of the packaged sale, and by conspiring to monopolize the relevant market. More than $20 million was recovered for the class.

Other pay-for-delay cases in which Freed Kanner attorneys had substantial involvement representing end-payor plaintiffs include *In re Terazosin Hydrochloride Antitrust Litig.*, MDL No. 1317 (S.D. Fla.); *In re Relafen Antitrust Litig.*, No. 01-12222 (D. Mass.); and *In re Lorazepam & Clorazepate Antitrust Litig.*, MDL No. 1290 (D.D.C.).

Among the Freed Kanner attorneys committed to this litigation are Michael Freed and Robert J. Wozniak.

### (a)     Michael J. Freed

Mr. Freed has been an antitrust litigator for over 50 years, first as a trial and appellate attorney at the U.S. Department of Justice, Antitrust Division (Honors Program) and then as a pioneer of civil antitrust class actions. He has served as co-lead counsel in many prominent antitrust class action cases. Prior cases in which Mr. Freed served as co-lead counsel include *In*

*re Brand Name Prescription Drugs Antitrust Litig.*, MDL No. 997 (N.D. Ill.), *In re High Fructose Corn Syrup Antitrust Litig.*, MDL No. 1087 (C.D. Ill.), *In re Linerboard Antitrust Litig.*, MDL No. 1261 (E.D. Pa.), *In re Carbon Dioxide Antitrust Litig.*, MDL No. 940 (M.D. Fla.), *In re Infant Formula Antitrust Litig.*, MDL No. 878 (N.D. Fla.), *In re Ocean Shipping Antitrust Litig.*, MDL No. 395 (S.D.N.Y.)*,* and *In re Aftermarket Filters Antitrust Litig.* No. 08-cv-4883 (N.D. Ill.). More than $2 billion has been recovered for the plaintiff classes in cases in which Mr. Freed has served as co-lead counsel. Mr. Freed has been named an Illinois Super Lawyer by Chicago Magazine, an Illinois Leading Lawyer by the Leading Lawyer's Network, and one of the top plaintiffs' antitrust lawyers in Illinois by Chamber's International.

### (a)    Robert J. Wozniak

Mr. Wozniak has been involved in complex commercial litigation since 2001, with a primary emphasis on antitrust and consumer class action cases. Mr. Wozniak previously worked as a trial attorney for the U.S. Department of Justice, Antitrust Division (Honors Program) and Cohen Milstein Hausfeld & Toll, a Washington, D.C. class action firm, before joining Much Shelist Freed in 2004. The antitrust class actions in which Mr. Wozniak has had significant involvement include: *Kleen Products, et al. v. International Paper, et al.*, No. 10 C 5711 (N.D. Ill.); *In re NCAA Student-Athlete Names & Likeness Licensing Litig.*, No. 09-cv-01967 (N.D. Cal.); *In re Municipal Derivatives Antitrust Litig.*, MDL No. 1950 (S.D.N.Y.); *In re Flat Glass Antitrust Litig. (II)*, No. 08-mc-00180 (W.D. Pa.); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827 (N.D. Cal.); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, MDL No. 1819 (N.D. Cal.); *In re Hydrogen Peroxide Antitrust Litig.*, MDL No. 1682 (E.D. Pa.); *In re Intel Corp. Microprocessor Antitrust Litig.*, MDL No. 1717 (D. Del.); *In re Dynamic Random Access Memory (DRAM) Litig.*, MDL No. 1486 (N.D. Cal.); *In re Buspirone Antitrust Litig.*,

MDL No. 1410/1413 (S.D.N.Y.); and *In re Terazosin Hydrochloride Antitrust Litig.*, MDL No. 1317 (S.D. Fla.).

Freed Kanner's firm resume provides a more complete description of the qualifications and expertise of Messrs. Freed and Wozniak, as well other attorneys at the firm with significant antitrust experience, including Steven A. Kanner and Donald L. Sawyer, both of whom may contribute significantly to this matter. *See* Ex. A (Freed Kanner firm resume).

### 2. Labaton Sucharow

Labaton Sucharow, celebrating its 50th anniversary, has earned its reputation as a leading, highly respected plaintiffs' class action law firm in antitrust, securities, consumer, and shareholder rights litigation. It has achieved this distinction based on its vigorous efforts in representing a wide variety of plaintiffs in complex class action cases, from individual consumers and small businesses to large institutional investors (such as pension funds and health and welfare funds), municipalities, insurers, and corporations. *See* Ex. B (Labaton Sucharow firm resume). Labaton Sucharow prides itself on results. Its accomplishments led one federal judge to comment, "[t]he Labaton Sucharow Firm is very well known to the Courts for the excellence of its representation." *Middlesex County Re. Sys. v. Monster Worldwide, Inc.*, No. 07-cv-2237 (S.D.N.Y.) (Rakoff, J.). *See also In re Air Cargo Shipping Serv. Antitrust Litig.*, No. 06-md-1775 (E.D.N.Y.) (noting Labaton Sucharow's "tireless work" in an "irrefutably complex" case). *See* Ex. B.

Labaton Sucharow has a nationally-recognized Antitrust & Competition Litigation Practice, which has led the charge in some of the most significant private antitrust litigation in the last several decades. Regularly serving as sole lead or co-lead counsel, its Antitrust Practice has achieved many outstanding results in antitrust class actions throughout the country involving price-fixing, monopolization and price manipulation, recovering over $2 billion on behalf of

injured consumers. Indeed, Labaton Sucharow's Antitrust Practice secured its leadership in the plaintiffs' antitrust bar through its pioneering work against monopolists in the pharmaceutical industry in the 1990s, including pay-for-delay matters and other healthcare-related antitrust matters. Below is a sampling of Labaton Sucharow's significant representations.

**Pay-for-delay Matters**:

- *Sandhaus v. Bayer AG*, No. 00-cv-6193 (Kan. Dist. Ct., Johnson County): Labaton Sucharow serves as co-lead counsel for a class of Kansas purchasers of Cipro, a broad spectrum antibiotic, who allege that Bayer entered into unlawful pay-for-delay agreements in which it agreed to pay generic manufacturers nearly $400 million to delay the launch of their competing generic versions of Cipro.

- *In re Aggrenox Antitrust Litig.*, No. 14-md-2516 (D. Conn.): Labaton Sucharow serves as class counsel and represents class representative Pipefitters Union Local No 537 Health & Welfare Fund in an end-payor class action alleging that brand drug manufacturers entered into an allegedly unlawful pay-for-delay agreement with respect to the drug Aggrenox.

- *In re Lidoderm Antitrust Litig.*, No. 14-md-2421 (N.D. Cal.): Labaton Sucharow serves as class counsel and represents class representatives Iron Workers District Council of New England Health and Welfare Fund and Letizia Gallotto in an end-payor class action alleging that brand drug manufacturers entered into an allegedly unlawful pay-for-delay agreement with respect to the drug Lidoderm.

- *In re Buspirone Antitrust Litig.*, MDL No. 1410/1413 (S.D.N.Y.): Labaton Sucharow served as co-lead counsel for the end-payor class (see description above under Freed Kanner).

## Other Pharmaceutical Antitrust Matters:

- *In re Celebrex (Celecoxib) Antitrust Litig.*, No. 14-cv-395 (E.D. Va.): Labaton Sucharow serves as class counsel and represents class representative International Association of Heat and Frost Insulators and Asbestos Workers Local #6 Health and Welfare Fund in a case alleging fraud on the patent office and sham litigation involving the drug Celebrex in order to delay the entry of generic competition.

- *In re Abbott Laboratories Norvir Antitrust Litig.*, No. C 04-1511 (N.D. Cal.): Labaton Sucharow served as co-lead counsel for a class of purchasers of Norvir and achieved a $10 million settlement for non-profit organizations in an action alleging that Abbott quadrupled the price of HIV booster drug Norvir to prevent other generic competitors from offering their Norvir-dependent therapies to consumers cheaply.

14

- *In re Lorazepam & Clorazepate Antitrust Litig.*, MDL No. 1290 (D.D.C.): Labaton Sucharow served as co-lead counsel and helped obtain $135.4 million in settlements for claims that Mylan Laboratories entered into an exclusive dealing arrangement with the only supplier of the active ingredient and implemented anticompetitive price increases for generic versions of the anti-anxiety drugs Lorazepam and Clorazepate.

- *In re TriCor Indirect Purchaser Antitrust Litig.*, No. 05-360 (D. Del.): Labaton Sucharow served as co-lead counsel and obtained a $65.7 million settlement for a class of indirect purchasers of TriCor in an action alleging that brand manufacturers for the cholesterol-lowering drug TriCor engaged in an anticompetitive scheme of product-hopping and sham litigation to delay generic competition.

In addition to healthcare cases, Labaton Sucharow has served (or is serving) as co-lead counsel in numerous other antitrust class actions, including: *In re Air Cargo Shipping Services Antitrust Litig.*, No. 06-md-1775 (E.D.N.Y.) (over $940 million in partial settlements to date); *In re Natural Gas Commodity Litig.*, No. 03-cv-06186 (S.D.N.Y.) (over $100 million in settlements); *In re Aftermarket Automotive Lighting Products Antitrust Litig.*, No. 09-ml-2007 (C.D. Cal.) (over $50 million in settlements); *In re Puerto Rican Cabotage Antitrust Litig.*, No. 08-md-1960 (D. Puerto Rico) ($52 million in settlements); *In re Pool Products Distribution Market Antitrust Litig.*, No. 12-md-02328 (E.D. La.) (nearly $10 million in partial settlements to date); *In re Stock Exchange Options Trading Antitrust Litig.*, No. 99-cv-00962 (S.D.N.Y.) ($47 million in settlements); *In re Flat Glass Antitrust Litig. (II)*, No. 08-mc-00180 (W.D. Pa.) (over $22 million in settlements).

Labaton Sucharow's Antitrust Practice is led by co-chairs Jay L. Himes and Gregory S. Asciolla.

### (a) Jay L. Himes

Mr. Himes is an accomplished litigator with over 40 years of experience handling antitrust and other complex litigations. Since joining Labaton Sucharow, Mr. Himes has obtained many noteworthy victories in antitrust class actions, including *In re Flat Glass Antitrust Litig. (II)* ($22 million settlement) and *In re Aftermarket Automotive Lighting Products Antitrust*

*Litig.* (over $50 million in settlements). Prior to joining Labaton Sucharow, Mr. Himes served

for nearly eight years as the Antitrust Bureau Chief in the New York State Attorney General's

Office, widely recognized as one of the leading State antitrust enforcers. The Antitrust Bureau

under Mr. Himes' leadership oversaw investigations, litigations, and settlements in the healthcare

arena involving anticompetitive conduct (including pay-for-delay matters) relating to the

following drugs, among others: Buspirone, Cardizem CD, Tamoxifen, Relafen, TriCor, Taxol,

Paxil, and Ovcon. *See, e.g., In re Buspirone Antitrust Litig.*, MDL No. 1410 (E.D.N.Y.) ($100

million settlement); *In re Cardizem CD Antitrust Litig.*, No. 99-mdl-1278 (E.D. Mich.) ($80

million settlement). He has been a frequent speaker on pharmaceutical and healthcare antitrust

matters, and he has also written papers on competition issues in the pharmaceuticals and

healthcare markets. His extensive list of accomplishments recently earned him the William T.

Liftland Service Award, an award presented to him by the Antitrust Law Section of the New

York State Bar Association for distinguished service to the section and the legal profession.

### (b)    Gregory Asciolla

Mr. Asciolla is a seasoned antitrust practitioner with two decades of experience. Since

joining Labaton Sucharow, Mr. Asciolla has obtained many significant victories as co-lead

counsel in antitrust class actions, including *In re Air Cargo Shipping Services Antitrust Litig.*,

No. 06-md-1775 (E.D.N.Y.) (over $900 million in settlements to date); *In re Aftermarket Filters

Antitrust Litig.*, No. 08-cv-4883 (N.D. Ill.) ($18 million in settlements); and *In re Marine Hose

Antitrust Litig.*, MDL No. 1888 (S.D. Fla.) (over $31 million in settlements).

Mr. Asciolla began his career at the Department of Justice's Antitrust Division, where, as

a trial attorney in the Healthcare Task Force, he focused on prosecuting anticompetitive conduct

in the healthcare industry, including taking two cases to trial. Under Mr. Asciolla's stewardship,

Labaton Sucharow has further developed its healthcare antitrust practice and client base,

including filing several pay-for-delay matters on behalf of large health and welfare funds.  He currently represents clients in several healthcare cases:  *Opana ER*, *Cipro*, *Lidoderm*, *Aggrenox*, and *Celebrex* (see full case descriptions above).

Mr. Asciolla was recently named "Titan of the Plaintiffs Bar" by *Law 360*, and he was recommended by *The Legal 500* for being "very effective plaintiffs' counsel" and for "always act[ing] with a good degree of professionalism."

Labaton Sucharow's firm resume, attached hereto as Exhibit B, provides a more complete description of the qualifications and expertise of Messrs. Himes and Asciolla, as well the other attorneys at Labaton Sucharow with significant antitrust experience, including in the healthcare arena (*e.g.*, Messrs. Christopher McDonald and Michael Stocker).

**C.      Proposed Class Counsel Have Worked Together Cooperatively and Effectively in Prior Antitrust Litigations**

Proposed Class Counsel effectively and efficiently worked together in prior antitrust class actions, achieving significant results for the classes they represented.   In *In re Aftermarket Filters Antitrust Litig.*, No. 08-cv-4883 (N.D. Ill.) (Gettleman, J.), Proposed Class Counsel served as co-lead counsel for a class of direct purchasers of aftermarket automotive filters alleging that defendants participated in a conspiracy to illegally fix the prices charged for aftermarket filters.  Together, they successfully obtained $18 million in settlements.

Proposed Class Counsel also worked successfully together as co-lead counsel in *In re Flat Glass Antitrust Litig. (II)*, No. 08-mc-180 (W.D. Pa.), representing a class of direct purchasers of construction flat glass against a number of manufacturers alleged to have engaged in a price-fixing conspiracy.  Over $22 million in settlements were obtained for the class.

Proposed Class Counsel will bring the same ability to work cooperatively and effectively to prosecute this action on behalf of the proposed End-Payor Class.

17

### D. Proposed Class Counsel Are Highly Regarded by Their Peers and Adversaries as Effective Litigators

Both Freed Kanner and Labaton Sucharow have unparalleled reputations within the plaintiffs' and defense antitrust bars, which provide the credibility required to successfully litigate against the top defense firms in the world. As noted above, shortly after its founding in 2007, Freed Kanner was immediately recognized by *Chambers and Partners*, a leading independent reviewer of law firms, a "*sparkling new firm*" and "*a notable and important Illinois team.*" Freed Kanner's record of hard work, integrity, and success has earned the respect of both courts and other plaintiffs' firms, as evidenced by the many cases noted above in which Freed Kanner has been appointed to important leadership roles.

Similarly, Labaton Sucharow has consistently earned the highest ratings from legal ranking organizations, including *Chambers and Partners USA*, *Benchmark Plaintiff*, and *The Legal 500*. These rankings are in part based on submissions from their peers in the plaintiffs' bar, adversaries in the defense bar, and their clients. Labaton Sucharow has also been selected by *The National Law Journal* as one of the leading plaintiffs' class action firms in the country for nine consecutive years (2006-14); *Law360*'s Most Feared Plaintiffs' Firms (2013-14); *Law360*'s Practice Group of the Year – Class Action (2012, 2014); and *Global Competition Review's* Leading Firm for Antitrust Plaintiffs' Work in the U.S. (2014). *See* Ex. B.

### E. Proposed Class Counsel Will Work Cooperatively with Other Plaintiffs' Counsel in Prosecuting the End-Payor Class' Claims

Proposed Class Counsel are mindful that several other experienced firms have filed actions on behalf of the End-Payor Class and are seeking appointment as interim co-lead counsel as well. Proposed Class Counsel have worked (and are currently working) cooperatively with these firms and individuals in other matters. If appointed interim class counsel by the Court, they would welcome the opportunity to work with the other end-payor plaintiffs' counsel in this

litigation to maximize their collective resources and expertise and ensure the effective and efficient prosecution of the proposed End-Payor Class' claims.

### F.     Proposed Class Counsel Are Knowledgeable of the Applicable Law

As illustrated above, Proposed Class Counsel collectively have decades of experience prosecuting antitrust class actions, including healthcare-related matters such as pay-for delay. They have acquired an extensive knowledge of the applicable substantive and procedural law over the course of their careers.  In particular, Labaton Sucharow has been a pioneer in pharmaceutical antitrust litigation and the firm is well-equipped to handle the legal and factual challenges posed by this litigation.  In addition, Freed Kanner offers invaluable experience as a highly-regarded fixture in the Illinois bar and this Court.

### G.     Proposed Class Counsel Will Commit the Necessary Resources in Representing the Best Interests of the End-Payor Class

Courts examine the resources of counsel seeking appointment as interim lead counsel, particularly when the defendants are large corporations with "substantial financial and legal resources." *In re Municipal Derivatives Antitrust Litig.*, 252 F.R.D. at 186-87.  This Court must satisfy itself that interim lead counsel will "commit sufficient attorney time and financial resources to vigorously prosecute the putative class's claims." *Smith*, 301 F.R.D. at 289.

Proposed Class Counsel are prepared to commit the considerable financial and personnel resources necessary to effectively prosecute this litigation on behalf of the proposed End-Payor Class.  With respect to financial resources, they have access to substantial financing that they can call upon easily and readily if needed.  The best proof of their resources and capabilities is in their track record: in the decades that they have been prosecuting complex actions that have required tremendous financial resources, they have consistently advanced litigation costs in other

matters of equal or greater size than the present case, and in doing so, have successfully litigated matters through settlements, trials, and appeals.

With respect to personnel resources, Proposed Class Counsel have the necessary attorneys and professional staffs to effectively and efficiently prosecute the action. And, as discussed above, Proposed Class Counsel will coordinate and cooperate with co-counsel as needed in a manner in order to ensure that they meet their fiduciary obligations to the proposed End-Payor Class.

Proposed Class Counsel also have strong business relationships with outside document management vendors, and are capable of negotiating favorable terms for the management of exceptionally large document productions that are unable to be managed in-house.

Finally, and importantly, Proposed Class Counsel will strictly manage the time spent and the costs incurred in litigating this matter. If appointed Interim Co-Lead Counsel, Proposed Class Counsel will immediately draft guidelines as to time and expenses for all counsel working on the matter, and regularly monitor such time and expenses to ensure the case is being litigated efficiently. In doing so, they recognize that they have a duty to efficiently and cost-effectively manage the case, thus ultimately maximizing the potential recovery for the End-Payer Class.

## CONCLUSION

For the foregoing reasons, Moving Plaintiffs respectfully submit that the Court appoint Freed Kanner and Labaton Sucharow as interim co-lead counsel for the proposed End-Payor Class.

Dated: February 24, 2015        Respectfully submitted,

**LABATON SUCHAROW LLP**      **FREED KANNER LONDON & MILLEN LLC**

By: */s/ Gregory S. Asciolla*       By: */s/ Michael J. Freed*

Gregory S. Asciolla              Michael J. Freed
Matthew J. Perez                Steven A. Kanner
140 Broadway                    Robert J. Wozniak
New York, New York 10005      Donald L. Sawyer
Tel: (212) 907-0700             2201 Waukegan Road, Suite 130
Fax: (212) 818-0477            Bannockburn, IL 60015
gasciolla@labaton.com        Tel: (224) 632-4500
mperez@labaton.com          Fax: (224) 632-4521
                                  mfreed@fklmlaw.com
                                  skanner@fklmlaw.com
                                  rwozniak@fklmlaw.com
                                  dsawyer@fklmlaw.com

*Counsel for Plaintiff Massachusetts*    *Counsel for Plaintiff Plumbers & Pipefitters Local*
*Bricklayers & Masons Health and*       *178 Health & Welfare Trust Fund*
*Welfare Fund*