**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE OPANA ER ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br>All End-Payor Actions<br><br>**Case Nos. 14 C 6171; 14 C 4651; 14 C 7742; 14 C 10153; 14 C 10154; 14 C 10289; 15 C 0269; 15 C 1473** | Lead Case No. 14 C 10150<br><br>MDL No. 2580<br><br>Hon. Harry D. Leinenweber |

**DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF MOTION FOR
APPOINTMENT OF JOSEPH SAVERI LAW FIRM, INC.
AS INTERIM LEAD CALIFORNIA COUNSEL FOR CALIFORNIA PLAINTIFFS**

I, Joseph R. Saveri, declare and state as follows,

1. I am the Founder of the Joseph Saveri Law Firm, Inc. ("JSLF"), one of Plaintiffs' counsel of record. I am a member in good standing of the State Bar of California. I submit this Declaration in Support of the Motion for Appointment of Joseph Saveri Law Firm, Inc. as Interim Lead California Counsel. I am over 18 years of age and I have personal knowledge of the facts stated in this Declaration. If called as a witness, I could and would testify competently to them.

2. Based on a substantial investigation of the underlying facts, which included a thorough review of documents filed with the SEC concerning the settlements at issue and the market for Opana ER, Plaintiff Mahaffay filed a class action complaint in California state court for damages under the Cartwright Act, Cal Bus & Prof Code § 16720, et seq., and the California Unfair Competition Law, Cal Bus. & Prof. Code § 17200, et seq. *Mahaffay v. Impax Labs. Inc., et al.* (Alameda Sup. Ct. Dec. 22, 2014).

3. I am willing and available to commit myself and the resources of JSLF fully to prosecuting this case vigorously and giving Plaintiffs competent and excellent representation. I am personally well aware of the commitment of time, energy and finances necessary to prosecute such cases successfully and to provide the best available representation to the class.

4. Over the last 25 years, I have been appointed lead counsel or co-lead counsel in many antitrust class actions and other complex cases. I have investigated and filed numerous complex antitrust cases, organized the litigation, set strategy, organized and formed teams of lawyers and taken a personal leadership role in performing all major tasks in cases involving global price-fixing cartels, reverse payment cases, monopolization cases and other complex litigation matters. This includes, among other things, factual and economic analysis of market conditions and pricing practices, drafting of pleadings, law and motion practice, addressing issues raised to the sufficiency of pleadings under *Bell Atlantic Co. v. Twombly*, 550 U.S. 544 (2007), organizing electronic discovery, creating a discovery plan, administering and directing on-line review of documents which requires coordination of dozens of lawyers fluent in English and foreign languages, propounding written discovery, taking and defending percipient and expert witness depositions, organizing the factual record, briefing and arguing summary judgment, preparing for and conducting trial and drafting and arguing appeals. I have served both as a court-appointed leader of such efforts, as well as a valued member of the teams operating under the leadership of others, including numerous collaborations with many of the firms that have appeared as plaintiffs' counsel in this case. I have performed this work to the highest professional standards.

5. I have served on numerous committees of the United States District Court for the Northern District of California which—aside from evidencing my commitment to service to the court—demonstrates my ability to work cooperatively to produce lasting commendable results of substantial benefit to the bench and bar. I served as a member of the Civil Rules Advisory Committee for the United States District Court for the Northern District of California from 2009-2012. I was chosen to serve as a Lawyers' Representative to the Northern District of California from 2010 through the present. I served as a member of the ad hoc committee chaired by Judge Alsup to create and establish rules and procedures for expedited trials, which the court adopted as General Rule 64, Expedited Trial Procedures.[1] I served as a member of the committee organized by Magistrate Judge Laporte which crafted the new ediscovery rules and procedures recently adopted by the court. After

---

[1] *See* http://www.cand.uscourts.gov/generalorders.

over a year's work with stakeholders representing the court, private and public litigants, plaintiffs, prosecutors and defense counsel, the court adopted those procedures.[2]

6. I am well qualified to serve as Interim Lead California Counsel in this case.

7. In over 25 years of private practice, I have represented individuals, consumers, small business owners, public officials, and heads of corporations negatively affected by price-fixing, cartel behavior, monopolies and other anticompetitive business practices in numerous cases. I have established myself as one of the country's top litigators in the antitrust field. I have acquired complex civil and class action litigation experience in courts throughout the United States and California and have developed knowledge of a broad range of industries including banking and financial services, computer hardware, computer software, consumer electronics, labor, manufacturing inputs, agricultural products, and pharmaceuticals, to name a few.

8. In the fall of 1987, I started my career as a lawyer doing general litigation work at the San Francisco law firm of McCutchen, Doyle, Brown & Enersen.

9. After approximately 4 years of practice handling complex disputes and construction litigation, I joined the plaintiffs' firm which later became Lieff, Cabraser, Heimann & Bernstein ("Lieff"). At Lieff, I founded and developed the firm's Antitrust and Intellectual Property Practice Group, which I chaired until my departure in 2012 to establish my own law firm. In 2012, the Daily Journal recognized this practice group as one of the top five practice groups in California. During my tenure at Lieff, the practice group which I founded and built, including the cases for which I had direct day-to-day responsibility, generated settlements of over $4 billion. See http://tinyurl.com/dxjcfyb. At Lieff, I also served as the firm's Managing Partner, and served on the firm's Executive Committee.

10. During my 25 years of private practice, I have been appointed by numerous courts to serve as Lead Counsel. In that capacity, I have personally handled numerous groundbreaking and landmark cases. That track record of success is demonstrated by the list of prominent cases found on the firm resume, attached hereto as Exhibit A.

---

[2] *See* http://www.cand.uscourts.gov/eDiscoveryGuidelines.

11. I have received numerous awards and public acknowledgements. An AV-Peer Review Rated Attorney by Martindale-Hubbell, I have been selected by peer and blue-ribbon panel review to the Best Lawyers in America for antitrust litigation, 2012–2014, and was recently named a Super Attorney by Thomson Reuters' Super Lawyers publication. I have been named a Northern California Super Lawyer by Law & Politics magazine from 2006-2013, and was named one of the "Top Attorneys in Antitrust Law" by the Super Lawyers Corporate Counsel Edition in 2010 and 2012-2014. In 2014, Who's Who Legal accepted my nomination for inclusion in Who's Who Legal: Competition.

12. I also serve as an author of California State Antitrust and Unfair Competition Law, the legal treatise published by the State Bar of California's Antitrust and Unfair Competition Section.

13. I am a member of the Advisory Board to the American Antitrust Institute.

14. I am a recognized authority in many areas of litigation and the law, subjects on which I am frequently asked to speak. Topics of such presentations regularly include antitrust law, complex litigation, class actions and electronic discovery.

15. JSLF is co-sponsoring a symposium at the University of San Francisco Law School on February 27, 2015 entitled "After A*ctavis*: Litigating Reverse Payment Cases." The symposium will address key questions concerning reverse payment litigation following the United States Supreme Court decision in *FTC v. Actavis*. https://www.usfca.edu/law/afteractavis/. Joshua P. Davis (Counsel to JSLF) and I will both serve as panelists at this conference.

16. JSLF serves as Co-Lead Counsel in *In re Cipro Cases I and II*, JCCP Nos. 4154, 4220 (San Diego Sup. Ct.). We represent a certified class of California end-payor plaintiffs who bring claims under California antitrust and unfair competition law against brand and generic manufacturers of ciprofloxacin hydrochloride. Plaintiffs allege that these manufacturers entered an unlawful reverse payment agreement wherein Bayer, the brand manufacturer, paid nearly $400 million to generic manufacturers in exchange for their promise to delay the launch of generic versions of Cipro. Prior to the decision in *FTC v. Actavis*, 570 U.S. _, 133 S. Ct. 2223 (2013), Plaintiffs reached a settlement agreement with just one defendant totaling $74 million, which was approved by the trial court in 2014. The case is currently pending against the remaining defendants before the California Supreme Court.

The parties have completed merits briefing. The Supreme Court recently scheduled oral arguments for March 3, 2015.

17. I have discussed with other plaintiffs' counsel in these actions the formation of a leadership structure for end-payor plaintiffs. In doing so, I contacted attorneys at Wexler Wallace LLP and Freed Kanner London & Millen LLC and informed them of JSLF's intention to serve as Interim Lead California Counsel. I further informed them that JSLF is committed to working cooperatively with their firms, or any firm representing end-payor plaintiffs.

18. I respectfully submit this Declaration in Support of the Motion for Appointment as Interim Lead California Counsel. I bring experience, expertise, a track record of success, and a legacy of commitment to the plaintiffs in the cases I have handled. I would be honored to serve as Lead Counsel in this case.

19. Attached as Exhibit A is a true and correct copy of a firm resume maintained by JSLF describing the firm's experience and expertise.

20. Attached as Exhibit B is a true and correct copy of a list of publications by Joshua P. Davis. In addition to his fully tenured professorship at the University of San Francisco Law School, Mr. Davis serves as Counsel to JSLF and is actively engaged in the firm's numerous cases.

21. Attached as Exhibit C is a true and correct copy of an article authored by Erin Coe, dated February 11, 2015, and featured in Law360, "Calif. Cipro Case Puts Pay-For-Delay Deals Under Scrutiny."

22. Attached as Exhibit D is a true and correct copy of a report authored by Dr. Raymond S. Hartman, "Calculation of California Percentage of National Cipro Damages." Dr. Hartman is an expert economist retained by Plaintiffs in *In re Cipro Cases I and II*. This document was submitted to the Superior Court of California for the County of San Diego on October 1, 2013, in connection with Plaintiffs' Motion for Final Approval of the $74 million dollar settlement with Defendant Bayer, which was ultimately granted on November 18, 2013.

23. Attached as Exhibit E is a true and correct copy of excerpts from a December 2013 report made available by the California Healthcare Foundation and authored by Paul Fronstin of the Employee Benefit Research Institute, titled "California's Uninsured: By the Numbers." The data

presented in this report are derived from the March Supplement to the Current Population Survey conducted by the US Census Bureau for the Bureau of Labor Statistics.

I declare under penalty of perjury that the foregoing is true and correct and this Declaration is executed at San Francisco California on February 24, 2015.

By: */s/ Joseph R. Saveri*
      Joseph R. Saveri