**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: OPANA ER ANTITRUST LITIGATION<br>_____<br>THIS DOCUMENT RELATES TO:<br>ALL DIRECT PURCHASER ACTIONS | MDL No. 2580<br><br>Civil Action No. 14-cv-10150<br><br>Hon. Harry D. Leinenweber |

**[PROPOSED] CASE MANAGEMENT ORDER NO. 1**

**WHEREAS,** beginning on June 4, 2014, direct purchasers of the prescription drug Opana ER (extended release oxymorphone hydrochloride) brought three individual actions in two different judicial districts alleging an anticompetitive scheme to unlawfully restrain trade and maintain monopoly power in the U.S. market for extended release oxymorphone hydrochloride in violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§1 and 2, and seeking relief, measured as overcharges for a proposed class of direct purchasers;[1]

**WHEREAS** defendants in all of the direct purchaser actions are Endo Health Solutions Inc., Endo Pharmaceuticals Inc., Penwest Pharmaceuticals Co. (collectively, "Endo") and Impax Laboratories Inc. ("Impax") (collectively, "Defendants");

**WHEREAS,** on December 12, 2014, the United States Judicial Panel on Multidistrict Litigation, transferred the *RDC* case to this Court under the caption *In re: Opana ER Antitrust Litigation* MDL No. 2580, and on January 20, 2015, the Court granted the joint motion for a

---

[1] The current direct purchaser actions are *Rochester Drug Co-Operative, Inc. v. Endo Health Solutions Inc. et al.*, No. 14-cv-10151 (N.D. Ill.) ("*RDC*"); *Value Drug Company v. Endo Health Solutions Inc. et al.*, No. 14-cv-5416 (N.D. Ill.) ("*Value Drug*"); and *Meijer, Inc., et al. v. Endo Health Solutions Inc. et al.*, No. 14-cv-7320 (N.D. Ill.) ("*Meijer*").

finding of relatedness and reassignment pursuant to Local Rule 40.4 in the *Meijer* case (ECF No. 16),;[2]

**WHEREAS,** all subsequently-filed or transferred direct purchaser actions arising from the same questions of law and fact, alleging substantially the same wrongful conduct against the same defendants, asserting violations of Sections 1 and 2 of the Sherman Act, and seeking certification of the same nationwide class will entail substantially the same evidence and witnesses as the currently pending direct purchaser actions;

**WHEREAS,** consolidation of the complaints and any other related actions filed in the future (the "Consolidated Direct Purchaser Class Actions"), will avoid duplication and unnecessary costs, and will promote the orderly and efficient conduct of the proceedings herein;

**WHEREAS**, plaintiffs in all three direct purchaser actions support entry of this Case Management Order;

**AND NOW, it is hereby ORDERED as follows:**

A.  **Consolidation of All Direct Purchaser Actions**

1.  Pursuant to Federal Rule of Civil Procedure 42(a), all direct purchaser actions centralized in this District and currently assigned to this Court, or, in the case of the *Meijer* action originally filed in this District and subject to the Court's order granting the joint motion for a finding of relatedness and reassignment to this Court pursuant to Local Rule 40.4 (ECF No. 16) to be assigned to this Court, and all subsequently-filed or transferred direct purchaser actions, shall be consolidated. Direct purchaser plaintiffs shall file an amended consolidated complaint by May 4, 2015.

---

[2] The Transfer Order also transferred several end-payor class actions to this Court. This Order does not pertain to these or any subsequently-filed or transferred end-payor actions.

2. *In re: Opana ER Antitrust Litigation*, No. 14-cv-10150 (N.D. Ill.) shall be designated the "Lead Case File." A docket sheet shall be maintained for that file which shall include all filings subsequently consolidated with the Lead Case File.

3. The clerk shall make the initial determination to consolidate new and transferred direct purchaser actions with the Consolidated Direct Purchaser Class Actions in the Lead Case File, subject to *sua sponte* review by the Court or timely objections by parties to any newly filed or transferred case.

4. Every pleading filed in the Consolidated Direct Purchaser Class Actions shall be filed in the Lead Case File and bear the following caption:

| | |
|---|---|
| IN RE OPANA ER ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Direct Purchaser Actions | MDL No. 2580<br><br><br><br>Lead Case No. 14-cv-10151 |

5. When a pleading or other court paper is intended to apply to all direct purchaser actions, the words "All Direct Purchaser Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to apply to both the direct purchaser and end-payor actions, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption set out above. When a pleading or other court paper is intended to apply only to one, or some, but not all, of such actions, the party filing the document shall indicate the action(s) to which the document is intended to be applied. The docket sheet entry will reflect the fact that any particular filing relates to one or more, but fewer than all, of the plaintiffs. It is the

obligation of counsel for the party undertaking such a filing to insure that any orders entered pursuant to such a filing reflect this limitation.

    6.     A notation shall be made on the individual *RDC*, *Value Drug* and *Meijer* case dockets that upon entry of this Order, all papers shall be filed in the Lead Case File and no further papers shall be filed in the individual case dockets.

    7.     The *Meijer* case is hereby transferred to this Court.

    8.     Subsequently filed or transferred actions that assert claims on behalf of direct purchasers of Opana ER shall be consolidated with the Lead Direct Purchaser Action. When a case that relates to the subject matter of these actions is hereafter filed in this Court or transferred here from another court, the clerk of this Court shall make an appropriate entry on the docket sheet of the Lead Direct Purchaser Action and mail a copy of this order to the attorneys for the plaintiffs and any new defendants.

    9.     This order shall apply to any direct purchaser action that is filed in or transferred to this Court unless a party objects within 14 days of notice of this Order. This Order shall not have the effect of making any person, firm, or corporation a party to any action in which they have not been added as such in accordance with the Federal Rules of Civil Procedure.

    **B.**     **Organization of Plaintiffs' Counsel**

    1.     Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints the following as interim co-lead counsel for the proposed direct purchaser class:

| | |
|---|---|
| **BERGER & MONTAGUE, P.C.**<br>David F. Sorensen<br>1622 Locust Street<br>Philadelphia, PA 19103<br>Tel: (215) 875-3000<br>dsorensen@bm.net | **GARWIN GERSTEIN & FISHER, LLP**<br>Bruce E. Gerstein<br>88 Pine St., 10th Floor<br>New York, NY 10005<br>Tel: (212) 398-0055<br>bgerstein@garwingerstein.com |

4

2. Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints the following as interim liaison counsel for the proposed class of direct purchasers:

**KAPLAN FOX & KILSHEIMER LLP**
Richard J. Kilsheimer
850 Third Avenue, 14th Floor
New York, NY 10022
Tel: (212) 687-1980
Email: rkilsheimer@kaplanfox.com
– and –
Gary L. Specks
423 Sumac Road
Highland Park, IL 60035
Tel: (847) 831-1585
Email: gspecks@kaplanfox.com

3. Interim co-lead counsel shall have sole authority over the following matters on behalf of the putative class and all plaintiffs in the direct purchaser actions: (a) convening meetings of counsel; (b) the initiation, response, scheduling, briefing and argument of all motions; (c) the scope, order and conduct of all discovery proceedings; (d) such work assignments to other counsel as interim co-lead counsel may deem appropriate; (e) the retention of experts; (f) the designation of which attorneys may appear at hearings and conferences with the Court; (g) the timing and substance of any settlement negotiations with Defendants; (h) the allocation of attorneys' fees, if any are awarded by the Court; and (i) any and all other matters concerning the prosecution of or resolution of their respective cases.

4. Interim liaison counsel shall (a) communicate with the Court and its clerical staff on behalf of interim co-lead counsel and other class counsel; (b) receive and distribute notices, orders, motions, and briefs on behalf of and among interim co-lead counsel and other class counsel; (c) advise interim co-lead class counsel and other class counsel about developments in the case; (d) coordinate service and filings for all plaintiffs in the direct purchaser actions; (e) be

served with all papers, notices, orders, and pleadings; and (f) perform any other function the Court may request.

5.  Interim co-lead counsel or interim liaison counsel as co-lead counsel's designee shall have sole authority to communicate with Defendants' counsel and the Court on behalf of all plaintiffs in the direct purchaser actions. Defendants' counsel may rely on all agreements made only with interim co-lead counsel or interim liaison counsel as co-lead counsel's designee and such agreements shall be binding on all counsel in the direct purchaser actions.

6.  Interim co-lead counsel shall work together to ensure that all work necessary to prosecute this action is allocated based on the skills and abilities of counsel representing the direct purchaser class, and that such decisions shall not be made on the basis of whether a firm is, or is not, interim co-lead counsel.

7.  All plaintiffs' counsel in the direct purchaser actions must keep contemporaneous time and expense records and submit them periodically to interim co-lead counsel or their designee.

**IT IS SO ORDERED.**

Entered: ___/___/___

Hon. Harry D. Leinenweber, USDJ