UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE OPANA ER ANTITRUST LITIGATION | MDL No. 2580 |
| THIS DOCUMENT RELATES TO: All End-Payor Actions | Lead Case No. 14 C 10150 |
| Case Nos. 14 C 6171; 14 C 4651; 14 C 7742; 14 C 10153; 14 C 10154; 14 C 10289; 15 C 0269; 15 C 1473 | Hon. Harry D. Leinenweber |

**RESPONSE IN SUPPORT OF MOTION FOR APPOINTMENT OF JOSEPH SAVERI LAW FIRM, INC. AS INTERIM LEAD CALIFORNIA COUNSEL**

**I.     INTRODUCTION**

JSLF[1] is uniquely qualified to serve as Interim Lead California Counsel given its expertise and success in reverse payment litigation under both federal and California law, and should be appointed to a leadership position on behalf of end-payor plaintiffs.

Three additional groups of firms have also filed motions seeking appointment as Interim Co-Lead Counsel for end-payor plaintiffs: (1) Freed Kanner London & Miller LLC and Labaton Sucharow LLP (the "Kanner Group") (Dkt. 43); (2) Wexler Wallace LLP, Gustafson Gluek PLLC, Spector Roseman Kodroff & Willis, P.C., and Pomerantz LLP (the "Wexler Group") (Dkt. 45); and (3) The Dugan Law Firm, APLC (the "Dugan Group") (Dkt. 48). As detailed in those motions and supporting papers, each of those firms is qualified to serve as Interim Co-Lead Counsel. There appears to be no appreciable difference between or among those firms based on their expertise or investigation of those cases. Nonetheless, as shown in its Motion, appointment of JSLF will best serve the interests of the class of California indirect purchasers because of its

---

[1] Undersigned counsel are Joseph Saveri Law Firm, Inc. ("JSLF") and Krause Kalfayan Benink & Slavens. Pursuant to Federal Rule of Civil Procedure 23(g) and the Court's Minute Order dated February 17, 2015 (Dkt. 31), this Response is submitted in support of the Motion for an order appointing JSLF as Interim Lead Counsel on behalf of California indirect purchaser plaintiffs ("Interim Lead California Counsel") (Dkt. 47).

unequalled combination of expertise, successful prosecution of actions such as this, and unique ability to protect the interests of California indirect purchasers of Opana ER. (Dkt. 47).

JSLF respectfully submits that it should be appointed as Interim Lead California Counsel. JSLF also believes that a three or four firm leadership structure would best serve the interests of end-payor plaintiffs given the nature and complexities of these actions.[2] JSLF takes no position as to which specific firms should also be appointed to leadership positions, as each of the firms seeking appointment meets the standards under Rule 23(g). If appointed to a leadership position, JSLF will work cooperatively and efficiently with all other court-appointed counsel in the prosecution of these actions, as it has in the past with many of the firms who filed motions.

## II. ARGUMENT

### A. JSLF Supports a Diverse Leadership Structure Comprising Three or Four Highly Qualified Firms.

As noted above, JSLF supports a three or four firm leadership structure. Given the nature and complexities of these actions, this would be an efficient number of leaders. Indeed, it is typical for reverse payment, multidistrict litigation. *See, e.g.*, *In re Nexium (Esomeprazole) Antitrust Litigation*, No. 12-md-02409-WGY (D. Mass. 2013) (Dkt. 85) (appointing four firms as interim co-lead counsel and six firms to an executive committee); *In re Loestrin 24 Fe Antitrust Litigation*, No. 13-md-02472-S-PAS (D.R.I. Feb. 14, 2014) (Dkt. 85) (appointing four firms as interim co-lead counsel); *In re Lidoderm Antitrust Litigation*, Case No. 14-md-02521-WHO (N.D. Cal. May 23, 2014) (Dkt. 63) (appointing three firms as interim co-lead counsel, one firm as liaison counsel, and five firms to executive committee); *In re Aggrenox Antitrust Litigation*, MDL No. 14-md-2516-SRU (D. Conn. June 16, 2014) (Dkt. 95) (appointing three firms as interim co-lead counsel, one firm as liaison counsel, and four firms to executive committee).

Although JSLF takes no position as to which of the other law firms should be appointed, diversity among the lead firms will further the interests of the class. As noted in the Dugan Group's Motion (Dkt. 49 at 2-3), appointing a leadership team comprising firms from various

---

[2] Such a structure is consistent with Direct Purchaser Plaintiffs' motion for an order appointing three firms to represent the putative class of Opana ER direct purchasers. (Dkt. 5).

2

geographic regions would be an effective way to achieve such diversity. Geographic diversity, of course, is important because the substantive law applicable to the indirect purchaser actions arise from diverse sources. End-payors' claims arise not from the statute under which direct purchasers' claims arise—the Sherman Act, 15 U.S.C. § 1—but from the laws of approximately thirty different states. While many of those state laws have specific provisions harmonizing them with federal law, many, like California, do not. *See In re Lithium Ion Batteries Antitrust Litig.*, 2014 U.S. Dist. LEXIS 141358, at *80-81 (N.D. Cal. Oct. 2, 2014)( Cartwright Act does not require harmonization); *see also California ex rel. Van de Kamp v. Texaco, Inc.*, 46 Cal. 3d 1147, 1164 (1988) (Cartwright Act patterned after Texas and Michigan antitrust statutes rather than the Sherman Act, and "[h]ence judicial interpretation of the Sherman Act, while often helpful, is not directly probative of the Cartwright drafters' intent"); *Cianci v. Superior Court*, 40 Cal.3d 903, 920 (1985) (the Cartwright Act "is broader in range and deeper in reach than the Sherman Act"); *California v. ARC America Corp.*, 490 U.S. 93, 102 (confirming California's ability to deviate from federal antitrust law). An effective leadership structure should include firms that have expertise in those state laws. As noted in its Motion and further below, JSLF is unique among the proposed leaders of this litigation as it is the only firm that filed a case on behalf of only California indirect purchasers. In addition, JSLF is the only California-based law firm and possesses an unrivalled expertise in California antitrust law. *See* Declaration of Joseph R. Saveri (Dkt. 47-1); *see generally*, http://saverilawfirm.com/.

These considerations support the appointment of JSLF as Interim Lead California Counsel and as a valuable member of a diverse, three or four firm leadership team.

> **B.** **Appointing JSLF as Interim Lead California Counsel Will Best Achieve Efficiency and Economy.**

As previously shown, California indirect purchasers are uniquely situated. It is important that the California indirect purchasers are represented by counsel with particular expertise in California law. As the most populous state in the union, California indirect purchasers will without question constitute a significant portion of the class members in these actions. (See Dkt. 47 at 13). In addition, as of December 2013, California had the greatest number of uninsured

3

residents of any state (Dkt. 47 at 13), making Californians particularly vulnerable to the supracompetitive prices caused by reverse payment agreements like the ones at issue here.

Furthermore, the California antitrust and unfair competition claims are particularly significant to the end-payor actions when considered as a whole because California has historically been at the forefront of the development of indirect purchaser antitrust litigation, and consistent in keeping with this legacy the California Supreme Court heard oral arguments today, March 3, 2015, in *In re Cipro Cases I and II*, JCCP Nos. 4154, 4220, Appeal No. S198616 ("*Cipro*"). In *Cipro*, the California Supreme Court is asked to decide the appropriate antitrust standard to be applied to reverse payment settlements under California's Cartwright Act, Cal. Bus. & Prof. Code §16720 et seq. This will likely be the most important post-*Actavis* decision to date and one of the most important with respect to applicable state law, as it will come from California's high court. It is expected to be particularly impactful upon the indirect purchaser claims here as the first authoritative, binding decision specific to the standard for determining the lawfulness of a reverse payment under **state** antitrust law.[3] As Co-Lead Counsel in *Cipro*, and as an experienced and successful litigator in federal and California antitrust class action cases, JSLF is uniquely qualified to represent the interests of California indirect purchasers here.

   C.  **JSLF Thoroughly Investigated the Claims Alleged Here.**

As detailed in the Motion, JSLF thoroughly investigated Defendants' alleged unlawful conduct at issue in these actions. JSLF reviewed documents filed with the SEC concerning the settlements at issue, analyzed the market for extended release oxymorphone hydrochloride tablets, reviewed sales data for extended release oxymorphone hydrochloride tablets, reviewed and analyzed the underlying patent litigation between Endo and generic manufacturers as well as documents concerning Endo's Citizen Petition to the FDA and related efforts to block generic manufacturers from selling non-crush resistant forms of Opana ER, among other things. (Dkt. 47-1 at ¶2). Based on JSLF's investigative efforts and

---

[3] The decision is imminent as California requires a ruling within ninety days from the date of submission. *See* Cal. Const. Art. VI, Section 19. The parties have completed their briefing of the matter, and, as noted, oral arguments were heard today, March 3, 2015.

findings, JSLF filed an original complaint on behalf of Plaintiff Kim Mahaffay in California Superior Court for the County of Alameda, seeking to represent a class of California indirect purchasers. *Id.*

To the extent that the Wexler Group suggests preeminence based on filing the first end-payor action (Dkt. 46 at 5-6), JSLF notes that being the first to file has little to no bearing on the appointment of interim co-lead counsel. *See, e.g.*, *Medlock v. Taco Bell Corp.*, 2009 U.S. Dist. LEXIS 42230, at *19 (E.D. Cal. May 19, 2009) ("The first attorney to file is not entitled to special consideration for appointment as lead counsel simply by winning the case [sic] to the courthouse.") (internal quotation marks and citation omitted) ; *Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 365 (E.D. Mich. 2006) ("Whether someone was 'first to file' by itself has little to do with who is the best qualified to lead the case, and does not satisfy the requirements of 23(g). To hold otherwise would further encourage a 'rush to the courthouse.'"). This is particularly true where the litigation is in the initial stages and no particular law firm has advanced the litigation more so than others.

Indeed, JSLF has worked cooperatively with counsel for defendants and other plaintiffs to advance the litigation. Following removal to federal court and the subsequent transfer of the case by the JPML to the Northern District of Illinois, JSLF has performed several tasks, including engaging in discussions with counsel for all parties regarding various matters, attending the Organizational Conference held by this Court on February 17, 2015, and reviewing and editing drafts of the proposed Protective Order and drafts of the stipulation and proposed order related to expert witnesses. Just as others have done to date, JSLF thoroughly investigated the indirect purchaser claims at issue here and have worked cooperatively with others to advance the litigation.

D. **JSLF Is Well Qualified and Has Substantial Experience Handling Complex Antitrust Class Actions Including Reverse Payments Claims.**

As detailed in the Motion, JSLF is superbly qualified to represent California indirect purchasers in these actions, is a nationally recognized leader in reverse payment litigation, has ample resources to commit to this litigation, and is willing and able to make that commitment. Rather than belabor these points, JSLF incorporates by reference its Motion (Dkt. 47) and the Declaration of Joseph R. Saveri (Dkt. 47-1) submitted in support thereof. None of the other motions quarrel with these facts.

## III. CONCLUSION

For the above reasons, the undersigned counsel request that the Court appoint JSLF to serve on the leadership structure of this MDL as Interim Lead California Counsel.

Dated: March 3, 2015

Respectfully Submitted,

JOSEPH SAVERI LAW FIRM, INC.

By: *Joseph R. Saveri*
      Joseph R. Saveri

Joseph R. Saveri (*Pro Hac Vice* Application Pending)
Joshua P. Davis (*Pro Hac Vice* Application Pending)
Matthew S. Weiler (*Pro Hac Vice* Application Pending)
Ryan J. McEwan (*Pro Hac Vice* Application Pending)
JOSEPH SAVERI LAW FIRM, INC.
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email: jsaveri@saverilawfirm.com
       jdavis@saverilawfirm.com
       mweiler@saverilawfirm.com
       rmcewan@saverilawfirm.com

Ralph B. Kalfayan (*Pro Hac Vice* Application Pending)
KRAUSE, KALFAYAN, BENINK & SLAVENS
550 West C Street, Suite 530
San Diego, California 92101
Telephone: (619) 232-0331
Facsimile: (619) 232-4019
Email: rkalfayan@kkbs-law.com

*Attorneys for Individual and Representative Plaintiff Kim Mahaffay*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and served a copy on all counsel of record via the CM/ECF System.

Dated: March 3, 2015

By: *Ryan J. McEwan*
Ryan J. McEwan