**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE OPANA ER ANTITRUST LITIGATION | MDL No. 2580 |
| THIS DOCUMENT RELATES TO: | Lead Case No. 14 C 10150 |
| ALL END-PAYOR ACTIONS | Hon. Harry D. Leinenweber |
| Case Nos. 14 C 6171; 14 C 4651; 14 C 7742; 14 C 10153; 14 C 10154; 14 C 10289; 15 C 0269; 15 C 1473 | |

**RESPONSE OF PLAINTIFFS PLUMBERS & PIPEFITTERS LOCAL 178 HEALTH & WELFARE TRUST FUND AND MASSACHUSETTS BRICKLAYERS & MASONS HEALTH AND WELFARE FUND TO ALTERNATIVE MOTIONS SEEKING APPOINTMENT AS INTERIM CO-LEAD COUNSEL FOR THE END-PAYOR CLASS**

While the other law firms seeking appointment as lead counsel in this action have valid credentials, Freed Kanner London & Millen LLC ("Freed Kanner") and Labaton Sucharow LLP ("Labaton Sucharow") are best qualified to effectively and efficiently lead this case on behalf of the End-Payor Class. The collective experience of the two firms and their success in litigating and managing all aspects of complex antitrust class actions—including pay-for-delay matters—their work performed in identifying potential claims in this action (all of which are based on public information available equally to all Plaintiffs), and their available resources easily satisfy the Rule 23(g) factors and make them the superior choice to represent the best interests of the End-Payor Class. For all these reasons, Plaintiffs Plumbers & Pipefitters Local 178 Health & Welfare Fund and Massachusetts Bricklayers & Masons Health and Welfare Fund ("Moving Plaintiffs") respectfully ask that the Court grant their motion (Dkt. No. 43) and appoint Freed Kanner and Labaton Sucharow as Interim Co-Lead Counsel for the End-Payor Class.

**ARGUMENT**

A.     **Freed Kanner and Labaton Sucharow Offer Extensive Experience in Antitrust Class Action Litigation and a Track Record of Success.**

As described in Moving Plaintiffs' motion, both Freed Kanner and Labaton Sucharow have a wealth of experience leading complex antitrust class action cases, including pay-for-delay cases on behalf of end-payor classes, and other sophisticated healthcare-related matters.[1] Like any antitrust case, the claims at issue here are based on unique facts and, like any pay-for-delay case, involve the interplay between patent rights and the Hatch-Waxman Act regulatory scheme. In the end, however, the End-Payor Plaintiffs must establish the same basic elements that are part of any antitrust conspiracy case: existence of an unlawful agreement, fact of injury, and damages (the latter two elements on a class-wide basis). Accordingly, overall experience litigating complex antitrust class actions should be the primary factor in this Court's evaluation of the firms seeking appointment as lead counsel for the End-Payor Class. On the whole, Freed Kanner and Labaton Sucharow have the most extensive experience leading antitrust cases involving diverse industries to successful conclusions, having cumulatively recovered billions of dollars in cases where they were lead or co-lead counsel.

Regularly serving in leadership roles, Freed Kanner and Labaton Sucharow have developed extensive experience managing all aspects of litigation, including responding to dispositive motions, retaining and working with expert witnesses, drafting and responding to

---

[1] *See, e.g.*, the various pay-for-delay cases highlighted in the opening motion, as well as the *Brand Name Prescription Drugs* case (involving a conspiracy among manufacturers and wholesalers to create artificial tiers of buyers and fix prices at supra-competitive levels), the *Clozapine* case (involving a tying arrangement between the sale of prescription drug and blood testing, which resulted in artificially high prices), the *Prescription Benefit Managers* case (involving the aggregation of plan sponsors' drug purchases to drive payments to pharmacies down to anticompetitive levels), and the *Lorazepam and Clorazepate* case (involving monopolization of active ingredient in two drugs, which foreclosed access to competitors and resulted in higher prices).

written discovery, taking and defending depositions, moving for class certification, and presenting complex cases at trial. With respect to discovery, Freed Kanner has developed a particular expertise in issues concerning electronically stored information ("ESI"), including negotiation of search and production protocols, managing large-scale document reviews, and working with a variety of ESI vendors. As a result, several Freed Kanner attorneys have been invited to speak at CLEs or participate in panel discussions regarding electronic discovery in complex, multi-party litigation. Finally, both Freed Kanner and Labaton Sucharow have worked with and developed relationships with some of the leading experts in the pharmaceuticals industry. In short, the overall experience factor weighs heavily in favor of appointing Freed Kanner and Labaton Sucharow as Interim Co-Lead Counsel for the End-Payor Class.

### B. A Two-Firm Leadership Structure is Preferable in This Litigation.

Appointing two firms as co-lead counsel in this litigation is preferable to the alternative leadership organizations proposed by the other End-Payor Plaintiffs.[2] District courts, including this one, frequently appoint two firms to manage and litigate complex antitrust class actions, including those involving pay-for-delay matters. *See, e.g., Kleen Products, et al. v. Packaging Corp. of America, et al.*, No. 10-cv-5711, Dkt. No. 145 (N.D. Ill. Jan. 20, 2011) (Ex. A hereto) (appointing Freed Kanner as one of two co-leads in a case with seven named defendants); *In re Solodyn (minocycline hydrochloride) Antitrust Litig.*, No. 14-md-02503, Dkt. No. 73 at 6 (D. Mass. Aug. 11, 2014) (Ex. B hereto) (appointing two firms to represent end-payor class in a pay-for-delay matter against principally four defendants); *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 13-cv-7789, Hr'g Tr. at 43 (S.D.N.Y. Feb. 13, 2014) ("FX Litigation

---

[2] The Wexler-Gustafson-Pomerantz-Spector group proposes a four-way leadership structure, The Dugan Law Firm seeks appointment as one of four unspecified co-lead counsel firms, and Joseph Saveri Law Firm seeks appointment as lead counsel only for California end-payors.

Tr.") (Ex. C hereto) (rejecting four-firm leadership structure in favor of a two-firm structure because of efficiency concerns in a case involving principally 12 multi-national defendants); *In re Credit Default Swaps Antitrust Litig.*, No. 13-md-2476, Dkt. No. 250 (S.D.N.Y. Dec. 13, 2013) (Ex. D hereto) (appointing two firms as co-lead counsel in a case involving principally 14 defendants).[3]

There are additional reasons for selecting Freed Kanner and Labaton Sucharow as Interim Co-Lead Counsel for the End-Payor Class:

First, two firms can more efficiently manage attorney time and control costs, all of which will benefit the End-Payor Class. With only two principal defendants in this case—Endo and Impax, both of whom are located in the United States—Freed Kanner and Labaton Sucharow have sufficient resources to manage pre-trial litigation and avoid duplication of effort. In a two-defendant case such as this, appointing more than two firms as co-lead counsel is unnecessary and would risk creating avoidable inefficiencies. Freed Kanner and Labaton Sucharow have a small core of experienced attorneys who are prepared to oversee the litigation, appear in court, and be responsible for developing litigation strategies. As a result, Freed Kanner and Labaton Sucharow will be better able to achieve "efficiency and economy without jeopardizing fairness to the parties." Manual for Complex Litig., § 10.221, at 25 (4th ed.). *See also In re Crude Oil Commodity Future Litig.*, No. No. 11-cv-3600, 2012 WL 569195, at *2 (S.D.N.Y. Feb. 14, 2012) (appointing two firms co-lead instead of proposed four-firm executive committee, with court noting it must balance desire to create a "'dream team' against competing considerations of efficiency and economy").

---

[3] *Cf. In re Air Cargo Shipping Servs. Antitrust Litigation*, No. 06-md-1775, 240 F.R.D. 56 (E.D.N.Y. 2006) (appointing four firms co-lead counsel to prosecute an international price-fixing conspiracy against more than 40 defendants located in six continents).

Second, the primary attorneys for many of the firms seeking appointment as interim lead or co-lead counsel are not located in or near Chicago. Three of the four firms in the Wexler-Gustafson-Pomerantz-Spector group are located outside of Illinois, which likely means that each of these three firms will send at least one person to Chicago for every hearing, pretrial conference, or in-person meeting.[4] Similarly, The Dugan Law Firm and the Joseph Saveri Law Firm have no presence in Illinois and do not appear to have partnered with local counsel in connection with this litigation. By contrast, Freed Kanner has a strong Chicago presence. Thus, only Labaton Sucharow attorneys will need to travel (as necessary) for hearings or other court appearances, thereby reducing litigation expenses for the benefit of the End-Payor Class.

Third, the Direct Purchaser Plaintiffs have also proposed a two-firm leadership organization (with a liaison counsel firm) to litigate their antitrust claims on behalf of the Direct Purchaser Class. *See* Dkt. Nos. 6, 51. This is an important point to consider because the Direct Purchaser and End-Payor Actions are essentially the same: plaintiffs in both cases assert antitrust claims requiring them to prove that (1) Endo and Impax entered into an unlawful pay-for-delay agreement concerning Opana ER, and (2) as a result of their unlawful agreement, Opana ER purchasers paid supra-competitive prices. Accordingly, much of the discovery and motion practice in the two actions will be identical. Given the substantial similarities between these two actions, there is little reason to believe that more than two firms are needed to effectively and

---

[4] Only the Wexler Wallace attorneys are located in Illinois. The principal attorneys in this matter for Gustafson Gluek are based in Minnesota; for Spector Roseman in Pennsylvania; and for Pomerantz in Florida.

efficiently litigate antitrust claims on behalf of the End-Payor Class when the same claims are being litigated by two firms for the Direct Purchaser Class.[5]

Freed Kanner and Labaton Sucharow are mindful that like other pay-for-delay actions, this case will present certain factual and legal complexities that may require additional resources. As noted in Moving Plaintiffs' motion, Freed Kanner and Labaton Sucharow will allocate work to other End-Payor Plaintiffs' counsel as appropriate. In their capacity as gatekeepers, however, Freed Kanner and Labaton Sucharow will ensure that the resources of other firms are used effectively in order to constrain costs and maintain efficiency. *See* Dkt. No. 43 at 18-19.

### C. Proposed Class Counsel Have Performed Post-Complaint Work in a Manner Consistent with Cost-Consciousness and Efficiency.

This litigation is still in its infancy; no consolidated complaint has been filed, let alone motions to dismiss or answers. *See, e.g.,* FX Litigation Tr. (Ex. C) at 43 ("The rule [regarding work performed] actually isn't so helpful in this case because, as I said, the work counsel has done I think is important, *but this early in the case doesn't really carry that much weight.*") (emphasis added). Further, since filing their respective complaints, Freed Kanner and Labaton Sucharow have been actively involved in all aspects of the litigation and participated in each of the activities highlighted by the Wexler-Gustafson-Pomerantz-Spector group. *See* Dkt. No. 46 at 3 and compare Dkt. No. 43 at 8-9 (Freed Kanner and Labaton Sucharow describing essentially the same activities, including moving the actions through the Judicial Panel on Multidistrict Litigation proceedings and providing valuable advice for the joint agenda, proposed protective order, and expert disclosures stipulation).

---

[5] With two firms representing both direct purchasers and end-payors, there would be no need to appoint the Joseph Saveri Law Firm as sole lead counsel for California end-payors. Certainly the input and involvement of the Saveri firm and its location in California will be useful, but that does not justify a separate lead counsel appointment.

In participating in post-complaint activities, Freed Kanner and Labaton Sucharow have been mindful of avoiding duplicative work. Rather than offering competing versions of the above documents, Freed Kanner and Labaton Sucharow instead offered constructive comments and edits, where warranted, on existing versions to ensure that these tasks moved expeditiously and efficiently and minimized costs to the End-Payor Class. If appointed Interim Co-Lead Counsel for the End-Payor Class, Freed Kanner and Labaton Sucharow will continue to work efficiently and avoid duplication of effort while remaining committed to working cooperatively with other End-Payor counsel as appropriate.[6]

As a final point, the fact that a particular law firm filed the first complaint in a consolidated case is not one of the Rule 23(g) factors for evaluating lead counsel petitions. Nor is it a compelling fact when the first filed complaint is based on public information, such as a government investigation or, as here, preceding patent litigation and subsequent Federal Trade Commission investigation.[7]

## **CONCLUSION**

For the foregoing reasons, the Court should appoint Freed Kanner and Labaton Sucharow as Interim Co-Lead Counsel for the proposed End-Payor Class.

---

[6] Freed Kanner and Labaton Sucharow recognize that plaintiff Blue Cross and Blue Shield of Louisiana ("BCBSLA") would likely be a valuable class representative. Accordingly, if appointed as Interim Co-Lead Counsel, the firms are committed to working closely with The Dugan Law Firm to ensure that the interests of BCBSLA, like those of the other End-Payor Plaintiffs, are well-represented.

[7] As BCBSLA notes in its motion, filing the first complaint is not an indication of being best qualified to lead a case. See Dkt. No. 49 at 5 n.1 (citing *Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 365 (E.D. Mich. 2006) (rejecting argument that firms that filed first case should be appointed as lead counsel)). *See also Vale v. McGuinn*, Nos. 09 Civ 3807/4963, 2009 WL 3297490 (S.D.N.Y. Oct. 13, 2009) (same); *In re Credit Default Swaps Antitrust Litig.*, No. 13-md-2476, Hr'g Tr. at 13 (S.D.N.Y. Dec. 5, 2013) (Ex. E hereto) ("In making these judgments [on appointing lead counsel], I must say, who was the first to file a litigation doesn't have particular sway, I think. As the Third Circuit observed in something you folks have submitted to me, speed is a poor surrogate for determining the best counsel.").

Dated: March 3, 2015                                   Respectfully submitted,

| | |
|---|---|
| **LABATON SUCHAROW LLP** | **FREED KANNER LONDON & MILLEN LLC** |
| By: */s/ Gregory S. Asciolla* | By: */s/ Michael J. Freed* |
| Gregory S. Asciolla<br>Matthew J. Perez<br>140 Broadway<br>New York, New York 10005<br>Tel: (212) 907-0700<br>Fax: (212) 818-0477<br>gasciolla@labaton.com<br>mperez@labaton.com | Michael J. Freed<br>Steven A. Kanner<br>Robert J. Wozniak<br>Donald L. Sawyer<br>2201 Waukegan Road, Suite 130<br>Bannockburn, IL 60015<br>Tel: (224) 632-4500<br>Fax: (224) 632-4521<br>mfreed@fklmlaw.com<br>skanner@fklmlaw.com<br>rwozniak@fklmlaw.com<br>dsawyer@fklmlaw.com |
| *Counsel for Plaintiff Massachusetts Bricklayers & Masons Health and Welfare Fund* | *Counsel for Plaintiff Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund* |