# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE OPANA ER ANTITRUST LITIGATION | MDL No. 2580 |
| THIS DOCUMENT RELATES TO: <br><br> ALL END-PAYOR ACTIONS <br><br> Case Nos. 14 C 6171; 14 C 4651; 14 C 7742; 14 C 10153; 14 C 10154; 14 C 10289; 15 C 0269; 15 C 1473 | Lead Case No. 14 C 10150 <br><br> Hon. Harry D. Leinenweber |

## <u>INDEX OF EXHIBITS</u>

A.  *Kleen Products, et al. v. Packaging Corp. of America, et al.*, No. 10-cv-5711, Dkt. No. 145 (N.D. Ill. Jan. 20, 2011)

B.  *In re Solodyn (minocycline hydrochloride) Antitrust Litig.*, No. 14-md-02503, Dkt. No. 73 (D. Mass. Aug. 11, 2014)

C.  *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No. 13-cv-7789, Hr'g Tr. (S.D.N.Y.  Feb. 13, 2014) (Excerpt)

D.  *In re Credit Default Swaps Antitrust Litig.*, No. 13-md-2476, Dkt. No. 250 (S.D.N.Y. Dec. 13, 2013)

E.  *In re Credit Default Swaps Antitrust Litig.*, No. 13-md-2476, Hr'g Tr. (S.D.N.Y. Dec. 5, 2013) (Excerpt)

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois − CM/ECF LIVE, Ver 4.2
### Eastern Division

Kleen Products LLC, et al.

                              Plaintiff,

v.                                                   Case No.: 1:10−cv−05711
                                                     Honorable Milton I. Shadur

Packaging Corporation of America, et al.

                              Defendant.
_____

# NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, January 20, 2011:

      MINUTE entry before Honorable Milton I. Shadur:Motion to appoint counsel [71] is denied. For the reasons stated orally in open court the Court designates The Mogin Law Firm, P.C. and Freed Kanner London & Millen LLC as co−lead class counsel. Motion to appoint counsel [98] is granted. This Court has considered Defendants' joint Motion to stay and it finds that the motion should be and [125] is denied. In light of the longer−than−customary time table that this Court has set for the response to the dismissal motions, (1) the advance disclosure provisions of Fed. R. Civ. P. 26(a)(1)(A) shall be complied with and (2) follow−up discovery may go forward, subject in each of those respects to the presentation for this Court's consideration of a motion or motions by one or more defendants that some portion of those obligations is proving unduly burdensome or oppressive. Status hearing held on 1/20/2011. Status hearing set for 3/10/2011 at 08:45 AM. Responses to motions to dismiss are due by 3/3/2011.Mailed notice(srn, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# EXHIBIT B

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE SOLODYN ANTITRUST LITIGATION | MDL 2503<br>Civil Action No. 14-md-2503-DJC |

This Document Relates to:

*United Food and Commercial Workers Local 1776 & Participating Employers Health and Welfare Fund v. Medicis Pharmaceutical Corp., et al.;* No. 1:14-cv-10452 (D. Mass.);

*Local 274 Health & Welfare Fund v. Medicis Pharmaceutical Corp., et al.;* No. 1:14-cv-10439 (D. Mass.);

*Sheet Metal Workers Local No. 25 Health & Welfare Fund v. Medicis Pharmaceutical Corp., et al.;* No. 1:14-cv-10474 (D. Mass.);

*Fraternal Order of Police, Fort Lauderdale Lodge 31, Insurance Trust Fund v. Medicis Pharmaceutical Corp., et al.;* No. 1:14-cv-10440 (D. Mass.);

*Heather Morgan v. Medicis Pharmaceutical Corp., et al.;* No. 1:14-cv-10441 (D. Mass.);

*Plumbers & Pipefitters Local 178 Health & Welfare Trust Fund v. Medicis Pharmaceutical Corp., et al.;* No. 1:14-cv-10453 (D. Mass.);

*International Union of Operating Engineers Local 132 Health and Welfare Fund v. Medicis Pharmaceutical Corp., et al.;* No. 1:14-cv-10442 (D. Mass.);

*City of Providence, Rhode Island v. Medicis Pharmaceutical Corp., et al.;* No. 1:14-cv-10476 (D. Mass.);

[~~PROPOSED~~] **CASE MANAGEMENT ORDER NO. 3**

*International Union of Operating Engineers
Stationary Engineers Local 39 Health & Welfare
Trust Fund v. Medicis Pharmaceutical Corp., et
al.;* No. 1:13-cv-12435 (D. Mass.);

*Painters District Council No. 30 Health and
Welfare Fund v. Medicis Pharmaceutical Corp., et
al.;* No. 1:13-cv-12517 (D. Mass.);

*Man-U Service Contract Trust Fund v. Medicis
Pharmaceutical Corp., et al.*; No. 2:14-cv-10619
(D. Mass.);

*Allied Services Division Welfare Fund, v. Medicis
Pharmaceutical Corp., et al.*; No. 1:14-cv-10786
(D. Mass.); and

*NECA-IBEW Welfare Trust Fund v. Medicis
Pharmaceutical Corp., et al.*; No. 1:14-cv-11015
(D. Mass.).

THIS MATTER HAVING BEEN HEARD on Plaintiffs' Motion to Consolidate the End-

Payor Class Actions, Appoint Interim Co-Lead Counsel, and Enter Case Management Order No.

1, the Court being fully advised, hereby finds and Orders as follows:

**WHEREAS**, certain antitrust actions have been initiated against defendants Medicis

Pharmaceutical Corp., Valeant Pharmaceuticals International, Inc., Teva Pharmaceutical

Industries, Ltd., Teva Pharmaceuticals USA, Inc., Barr Laboratories, Inc., Impax Laboratories,

Inc., Mylan Laboratories, Inc., Matrix Laboratories Ltd., Lupin Limited, Lupin Pharmaceuticals

Inc., Ranbaxy Pharmaceuticals, Inc., Ranbaxy Inc., Ranbaxy Laboratories, Ltd., and Sandoz Inc.

in connection with an alleged anticompetitive scheme to delay and impair generic competition to

extended release minocycline hydrochloride, an acne medication sold by Medicis under the

brand name "Solodyn";

**WHEREAS**, on February 25, 2014, the United States Judicial Panel on Multidistrict Litigation (the "Panel") centralized before this Court ten related end-payor and two related direct purchaser actions for coordinated or consolidated pretrial proceedings, which allege similar efforts to suppress generic competition to Solodyn. *See* Transfer Order, *In re: Solodyn (Minocycline Hydrochloride) Antitrust Litig.*, MDL No. 2503 (J.P.M.L. Feb. 25, 2014), ECF No. 72;

**WHEREAS**, on February 26, 2014, the Panel issued Conditional Transfer Order (CTO-1), which transferred another related end-payor, filed by Man-U Service Contract Trust Fund, to this Court. *See* Conditional Transfer Order, *In re: Solodyn (Minocycline Hydrochloride) Antitrust Litig.*, MDL No. 2503 (J.P.M.L. Feb. 26, 2014, ECF No. 73;

**WHEREAS**, two additional end-payor complaints have also been filed in this District. *See Allied Services Division Welfare Fund v. Medicis Pharm. Corp. et al.*, No. 1:14-cv-10786-DJC (D. Mass. filed Mar. 13, 2014); *NECA-IBEW Welfare Trust Fund v. Medicis Pharm. Corp. et al.*, No. 1:14-cv-11015-DJC (D. Mass. filed Mar. 19, 2014).

**WHEREAS**, the plaintiffs in the thirteen above-captioned actions are end-payors, meaning the last persons in the chain of distribution who pay all or a portion of the purchase price of Solodyn prescriptions not for resale, such as consumers and third-party payors;

**WHEREAS**, all of the end-payor class actions seek damages, pursuant to state antitrust and consumer protection laws, for a proposed class of end-payors of Solodyn;

**WHEREAS**, the two direct purchaser actions centralized before this Court seek to recover damages on behalf of a proposed class of direct purchaser plaintiffs. *See Rochester Drug Co-Operative, Inc. v. Medicis Pharmaceutical Corp.*, *et al.,* 1:14-cv-10438-DCJ (D. Mass.); *Ahold USA, Inc. v. Medicis Pharmaceutical Corp., et al.*, 1:13-cv-12225-DCJ (D. Mass.);

**WHEREAS,** although the direct purchaser and the end-payor actions involve similar factual allegations and seek to hold the same defendants liable for their alleged anticompetitive conduct, the proposed classes of direct purchasers and end-payors have suffered different injuries due to defendants' alleged conduct, are subject to different standing analyses, and bring their respective claims under different statutes or theories;

**WHEREAS**, because of the differences between the direct purchaser and end-payor actions, separate organizational structures are necessary to ensure representation of the respective classes and facilitate the efficient conduct of the litigation;

**WHEREAS**, any subsequently-filed or transferred end-payor class action arising from the same questions of law and fact that alleges substantially the same wrongful conduct against the defendants and seeks certification of the same class for damages will likely entail substantially the same evidence and witnesses; and

**WHEREAS**, in the interests of efficiency, consistency, and judicial economy, all end-payor plaintiffs in the seven above-captioned actions have moved for entry of this Case Management Order;

Accordingly, **THE COURT HEREBY ORDERS**:

### A.     Consolidation of All End-Payor Class Actions

1.     Pursuant to Federal Rule of Civil Procedure 42(a), the eleven above-captioned

end-payor actions are hereby consolidated for pre-trial purposes.

2.     Every pleading filed in the end-payor class actions shall bear the following

caption:

| IN RE SOLODYN ANTITRUST LITIGATION | MDL No. 2503 |
|---|---|
| | Master File No. 14-md-2503-DJC |
| THIS DOCUMENT RELATES TO: | |
| All End-Payor Actions | |

3.     When a pleading or other filed court paper is intended to apply to all actions, the words "All Actions" shall appear immediately after the words "THIS DOCUMENT RELATES TO:" in the caption detailed above. When a pleading or other court paper is intended to apply only to one, or some, but not all, of such actions, the party filing the document shall indicate the action(s) to which the document is intended to be applicable. The parties may indicate, for example, "All End-Payor Class Actions."

4.     Any new filings in, or transferred to, this Court that are related to the end-payor class actions within the meaning of Local Civil Rule 40.1(G)(1) shall be deemed consolidated unless an objection is filed within 14 days of notice to counsel for the plaintiff(s) in the newly-filed action, and the objection is sustained.

5.     Any individual end-payor action shall be coordinated with the end-payor class actions for discovery and other pre-trial proceedings.

### B.     Organization of End-Payor Plaintiffs' Counsel

6. Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints the

following interim counsel for the proposed class of end-payors:

a. Interim Co-Lead Counsel:

| | |
|---|---|
| Steve D. Shadowen<br>HILLIARD & SHADOWEN LLC<br>39 West Main Street<br>Mechanicsburg, PA 17055<br>Telephone: (855) 344-3928 | Michael M. Buchman<br>MOTLEY RICE LLC<br>600 Third Avenue, 21st Floor<br>New York, NY 10016<br>Telephone: (212) 577-0040 |

b. Executive Committee for the putative end-payor class:

| | |
|---|---|
| Daniel C. Girard<br>GIRARD GIBBS LLP<br>601 California Street<br>San Francisco, CA 94108<br>Telephone: (415) 981-4800 | Jayne A. Goldstein<br>POMERANTZ GROSSMAN HUFFORD<br>DAHLSTROM & GROSS LLP<br>1792 Bell Tower Lane, Suite 203<br>Weston, FL 33326<br>Telephone: (954) 315-3454 |
| J. Douglas Richards<br>COHEN MILSTEIN<br>88 Pine Street, 14th Floor<br>New York, New York 10005<br>Telephone: (212) 838-7797 | Marvin A. Miller<br>MILLER LAW LLC<br>115 S. LaSalle Street, Suite 2910<br>Chicago, IL 60603<br>Telephone: (312) 332-3400 |

c. Interim Liaison Counsel:

| |
|---|
| Glen DeValerio<br>BERMAN DEVALERIO<br>One Liberty Square<br>Boston, MA 02109<br>Telephone: (617) 542-8300 |

7.    Interim Co-Lead Counsel shall have sole authority over the following matters on behalf of plaintiffs in the end-payor class actions: (a) convening meetings of counsel; (b) the initiation, response, scheduling, briefing, and argument of all motions; (c) the scope, order, and conduct of all discovery proceedings; (d) assigning non-duplicative work to be performed by other end-payor plaintiffs' counsel as they may deem appropriate; (e) collecting on a periodic basis contemporaneously-kept time and expense reports from all plaintiffs' counsel; (f) retaining experts; (g) designating which attorneys shall appear at hearings and conferences with the Court; (h) the timing and substance of any settlement negotiations and/or settlement with defendants; (i) the allocation of fees among the various firms doing work in the case, if any are awarded by the Court; and (j) other matters concerning the prosecution of the case.

8.    Interim Co-Lead Counsel shall have sole authority to communicate with defendants' counsel, counsel in the related actions, any third-parties, and the Court on behalf of all plaintiffs in the end-payor class actions. Defendants' counsel may rely on all agreements made with Interim Co-Lead Counsel and such agreements shall be binding on all counsel in the end-payor class actions.

9.    The members of the Executive Committee will have significant and meaningful participation in the prosecution of the end-payor class actions, and shall perform such work as may be requested by Interim Co-Lead Counsel. Such participation will include member firms being assigned to specific tasks or subcommittee responsibilities, as well as the commitment to fund the litigation pursuant to assessment by Interim Co-Lead Counsel as necessary for the successful and efficient prosecution of the litigation.

10.    Interim Liaison Counsel shall have the administrative responsibilities of: (a) receiving orders, notices, correspondence and telephone calls from the Court on behalf of all end

- 7 -

payor plaintiffs, and shall be responsible for preparing and distributing the same to all end-payor class counsel upon direction from the Court; (b) maintaining and distributing a master service list of all end-payor parties and their respective counsel; and (c) performing other such duties and undertaking other responsibilities as necessary or desirable in connection with the prosecution of the litigation.

**IT IS SO ORDERED.**

Dated: March 8, 2014

_____

Honorable Denise J. Casper

# EXHIBIT C

```
 1    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 2    ------------------------------x

 3    HAVERHILL RETIREMENT SYSTEM,
      et al.,
 4
                      Plaintiffs,
 5
                 v.                         13 CV 7789 (LGS)
 6                                          13 CV 7953 (LGS)
                                            13 CV 9080 (LGS)
 7                                          13 CV 9125 (LGS)
                                            13 CV 9237 (LGS)
 8                                          14 CV 350 (LGS)
                                            14 CV 475 (LGS)
 9                                          14 CV 494 (LGS)
                                            14 CV 752 (LGS)
10                                          14 CV 787 (LGS)
                                            14 CV 825 (LGS)
11                                          14 CV 867 (LGS)

12    BARCLAYS BANK PLC, et al.,

13                      Defendants.

14    ------------------------------x

15                                          February 13, 2014
                                            11:20 a.m.
16    Before:

17                      HON. LORNA G. SCHOFIELD,

18                                          District Judge

19

20

21

22

23

24

25
```

1     that our London office has now been retained in a LIBOR action

2     of the same types of offense business, the same institutions.

3            Those are all factors which I think will facilitate in

4     the lead structure.

5            THE COURT:  Okay.  Thank you very much.

6            We will be recessed for 10 minutes.

7            (Recess)

8            THE COURT:  I have had a chance to look at my notes

9     from the prior research I had done as well as from hearing from

10    all of you, and I also just want to make very clear that

11    although I did not hear from Cohen Milstein, Robbins Geller or

12    Labaton I did spend a fair amount of time yesterday doing

13    research about your firms.  Even though I didn't hear from you

14    I know that they are very fine firms and I want to say that I

15    think you all know I am relatively new to the bench, I'm about

16    to celebrate my one-year anniversary, and I have been uniformly

17    impressed with the roster of lawyers that have been presented

18    to me in this case.  So, thank you all very much.

19           My ruling is that I'm going to appoint Scott & Scott

20    as interim lead counsel to represent the U.S. putative class.

21    I understand that Scott & Scott's proposal is to serve with

22    Hausfeld but I have also seen sort of shifting alliances among

23    the group and so what I would like is for Mr. Burke to give me,

24    in the next couple of weeks, a letter with a proposal for how

25    you would structure the leadership of the representation of the

1    class of course including Mr. Hausfeld, if that seems most

2    appropriate to you which I assume it will.

3            Let me give my reasoning:

4            The rule actually isn't so helpful in this case

5    because, as I said, the work counsel has done I think is

6    important, but this early in the case doesn't really carry that

7    much weight.  In terms of counsel's experience, every counsel

8    at the table sitting here is very highly qualified and I don't

9    think splitting hairs about the experience of counsel is really

10   a way to decide, or knowledge of applicable law.

11           Resources, of course, is another issue under Rule

12   23(g)(1), but the tension between resources is also the issue

13   of efficiency and obviously the folks at the front table bring

14   tremendous resources but just counting the number of lawyers it

15   is about 1,000 lawyers out of the box that is being proposed as

16   lead counsel if you just look at the firms as a whole.  My

17   concern is not just, as I said resources, but also efficiency.

18   Another aspect of resources, of course, is real availability of

19   the key people and perhaps because Quinn happens to be so

20   successful at this business I can see, simply from talking to

21   the lawyers, that you are all very engaged in very important

22   and exciting and time-consuming work, as are other lawyers in

23   the courtroom -- but, I think especially so for the Quinn

24   lawyers.  And so, I think that having a smaller firm that can

25   draw on other firms as-needed will serve the class best in this

1    case.  I believe that having a firm like Hausfeld with the

2    resources overseas in a case that will involve a lot of

3    discovery coming out of London will be very helpful.  And I

4    also believe that things like document productions will be done

5    apparently the way everybody does them these days is by hiring

6    people to do them in the first instance and that the

7    depositions will be handled primarily by the senior lawyers at

8    the lead counsel firms but perhaps by others as well.

9            So, Mr. Burke, if you could keep in mind my concerns

10   about efficiency in your proposal to me I would appreciate

11   that, but I will look forward to receiving that.

12           So now I think we are nearing the end of our

13   conference.  Let me quickly deal with the other issues that are

14   on my agenda.

15           I don't think it is necessary to appoint interim lead

16   counsel for a Korean putative class.  There is only one case at

17   this point and it is completely discretionary and I think

18   particularly useful where you have multiple cases which we

19   don't have in this case.  So, Kim & Bae represents the

20   plaintiffs in that case and I assume they will continue to do

21   that.

22           Are there Kim & Bae lawyers here?

23           MR. RUE:  Yes, your Honor.

24           THE COURT:  So I can meet you and say hello.

25           MR. RUE:  Good morning, your Honor.

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :

IN RE CREDIT DEFAULT SWAPS ANTITRUST    :
LITIGATION

----------------------------------------- X
                                          :

VALUE RECOVERY FUND LLC, et al.,       :
Individually and on Behalf of all those  :
Similarly Situated,

                 Plaintiffs,

     -v-

JPMORGAN CHASE & CO., et al.,

            Defendants.

----------------------------------------- X

SALIX CAPITAL US INC., Individually and  :
on Behalf of all those Similarly       :
Situated,

                Plaintiff,

     -v-

BANK OF AMERICA CO., et al.,

            Defendants.

----------------------------------------- X

CASE MANAGEMENT
ORDER

13 MD 2476 (DLC)

13 Civ. 4928

12/13/2013

13 Civ. 6116

1

```
----------------------------------------- X
                                          :
SHEET METAL WORKERS LOCAL NO. 33          :
CLEVELAND DISTRICT PENSION PLAN,          :
Individually and on Behalf of all those   :
Similarly Situated,                       :
                                          :
                        Plaintiff,        :          13 Civ. 7450
                                          :
            -v-                           :
                                          :
BANK OF AMERICA CO., et al.,              :
                                          :
                        Defendants.       :
                                          :
----------------------------------------- X
                                          :
UNIPENSION FONDSMAEGLERSELSKAB, et al.,   :
Individually and on Behalf of all those   :
Similarly Situated,                       :
                                          :
                        Plaintiffs,       :          13 Civ. 7465
                                          :
            -v-                           :
                                          :
BANK OF AMERICA CO., et al.,              :
                                          :
                        Defendants.       :
                                          :
----------------------------------------- X
                                          :
ESSEX REGIONAL RETIREMENT SYSTEM,         :
Individually and on Behalf of all those   :
Similarly Situated,                       :
                                          :
                        Plaintiff,        :          13 Civ. 7640
                                          :
            -v-                           :
                                          :
BANK OF AMERICA CO., et al.,              :
                                          :
                        Defendants.       :
                                          :
----------------------------------------- X
```

2

```
------------------------------------- X
                                      :
MF GLOBAL CAPITAL LLC, Individually and :
on Behalf of all those Similarly      :
Situated,                             :
                                      :      13 Civ. 7647
                      Plaintiff,      :
                                      :
          -v-                         :
                                      :
BANK OF AMERICA CO., et al.,          :
                                      :
                      Defendants.     :
                                      :
------------------------------------- X
                                      :
LBBW ASSET MANAGEMENT                 :
INVESTMENTGESELLSCHAFT MBH,           :
Individually and on Behalf of all those :
Similarly Situated,                   :      13 Civ. 7752
                                      :
                      Plaintiff,      :
                                      :
          -v-                         :
                                      :
CITIBANK, N.A., et al.,               :
                                      :
                      Defendants.     :
                                      :
------------------------------------- X
                                      :
LOS ANGELES COUNTY EMPLOYEES RETIREMENT :
ASSOCIATION, Individually and on Behalf :
of all those Similarly Situated,      :
                                      :      13 Civ. 7634
                      Plaintiff,      :
                                      :
          -v-                         :
                                      :
JP MORGAN CHASE & CO., et al.,        :
                                      :
                      Defendants.     :
                                      :
------------------------------------- X
```

3

```
---------------------------------------- X
                                         :
STATE UNIVERSITIES RETIREMENT SYSTEM OF  :
ILLINOIS, Individually and on Behalf of  :
all those Similarly Situated,            :
                                         :       13 Civ. 7964
                 Plaintiff,              :
                                         :
        -v-                              :
                                         :
BANK OF AMERICA CO., et al.,             :
                                         :
                 Defendants.             :
                                         :
---------------------------------------- X
                                         :
FUND LIQUIDATION HOLDINGS LLC, et al.,   :
Individually and on Behalf of all those  :
Similarly Situated,                      :       13 Civ. 7976
                                         :
                 Plaintiffs,             :
                                         :
        -v-                              :
                                         :
JP MORGAN CHASE & CO., et al.,           :
                                         :
                 Defendants.             :
                                         :
---------------------------------------- X
```

DENISE COTE, District Judge:

It is hereby

ORDERED that the following provisions shall apply in this
litigation:

## I. LEAD PLAINTIFFS AND LEAD PLAINITFF COUNSEL

1. **Salix Capital U.S., Inc.** and **Los Angeles County Employees Retirement Association** are appointed Lead Plaintiffs.

2. **Quinn, Emanuel, Urquhart & Sullivan, LLP** shall serve as Lead Counsel for Lead Plaintiffs and the class in this action.

4

2. **Quinn, Emanuel, Urquhart & Sullivan, LLP** shall serve as Lead Counsel for Lead Plaintiffs and the class in this action.

3. **Pearson, Simon & Warshaw, LLP** is appointed Co-Lead Counsel.

## II.  CONSOLIDATION

1. The above captioned actions are consolidated for all pretrial purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  A Master Docket No. 13 MD 2476 has been established.  These cases shall be referred to collectively as In re Credit Default Swaps Antitrust Litigation, Master Docket No. 13 MD 2476.

2. No action taken hereunder shall have the effect of making any person, firm or corporation a party to any action in which the person or entity has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

## III.  CAPTION

1. Every pleading filed in this action, and in any separate action subsequently included therein, shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE CREDIT DEFAULT SWAPS ANTITRUST LITIGATION | 13 MD 2476 (DLC) |
| --- | --- |
| This Document Relates To: | |

2. When a filing is intended to be applicable to all actions to which this Order is applicable, the words, "All Actions" shall appear immediately after the words, "This Document Relates To:" in the caption above.  When a pleading is intended to be applicable only to some, but not all of such actions, this Court's docket number for each individual action to which the pleading is intended to be applicable shall appear there.

IV. <u>DEFENSE LIASON COUNSEL</u>

**Davis Polk & Wardwell, LLP** is designated as defense liaison counsel for communication and administrative purposes only.

V. <u>NEWLY FILED OR TRANSFERRED ACTIONS</u>

1. When an action that relates to the same subject matter as this action is hereafter filed in or transferred to this Court and assigned to the undersigned, it shall be consolidated with this action (provided that any case transferred to this Court solely for pretrial proceedings shall be consolidated only to that extent absent further order of this Court), and the Clerk of Court shall:

   a. Docket a copy of this Order in the separate file for such action.

   b. Make an appropriate entry in the docket that a new case has been assigned.

2. The Clerk shall maintain a separate file for each of the consolidated actions and filings shall be made therein in accordance with the regular procedures of the Clerk of this Court except as modified by this Order.

VI. <u>COUNSEL'S RESPONSIBILITIES</u>

1. The Court requests the assistance of counsel in calling to the attention of the Clerk the filing or transfer of any case which might properly be consolidated with this action.

2. Upon the first appearance of any new defendant(s), Lead Counsel shall provide notice to that defendant of this Order.

VII. <u>APPLICATION OF THIS ORDER TO SUBSEQUENT CASES</u>

1. This Order shall apply to each action assigned to the undersigned alleging claims similar to those set forth in this action against any of the defendants and others.

2. This Order shall apply to each such case which is subsequently filed in or transferred to this Court, and

which is assigned to the undersigned unless a party
objecting to the consolidation of that case or to any
other provision of this Order serves an application for
relief from this Order or from any of its provisions
within ten (10) days after the date on which that party
is provided with notice of this Order.

3. The provisions of this Order shall apply to such action
   pending the Court's ruling on the application.

4. Unless a plaintiff in a subsequently filed or transferred
   case is permitted by the Court to use a separate
   complaint, defendants shall not be required to answer,
   plead or otherwise move with respect to that complaint in
   any such case.

5. If a plaintiff in any such case is permitted to use a
   separate complaint, each defendant shall have thirty (30)
   days from the date the Court grants such permission
   within which to answer, plead or otherwise move with
   respect to any such complaint.

## VIII.     SCHEDULE

1. Lead Plaintiffs shall file a consolidated complaint for
   this action and any class actions subsequently
   consolidated with it on or before **January 31, 2014**.

2. Pending filing and service of the consolidated complaint,
   defendants shall have no obligation to move, answer, or
   otherwise respond to any complaints in this consolidated
   action or in any actions subsequently consolidated with
   this action.

3. Defendants shall file their motion(s) to dismiss the
   consolidated complaint, if any, on or before **March 14,
   2014**.

4. By **March 21, 2014**, the Lead Plaintiffs shall advise the
   defendants and the Court whether they intend to amend
   their consolidated complaint in response to the motions.
   They will have no further opportunity to amend.  Any
   amended consolidated complaint must be filed by **April 11,
   2014**.

5. In the event that the Lead Plaintiffs do not amend, they
   shall file their opposition(s) to the motion(s) to

dismiss on or before **April 11, 2014.** Defendants shall
file their reply to the opposition(s) to the motion(s) to
dismiss on or before **May 2, 2014.**

6. Defendants shall supply the Court with two courtesy
copies of the motion papers at the time the reply is
served.

7. Should this action survive any motion to dismiss, a
conference will be held approximately two weeks
thereafter. Counsel must confer in good faith and submit
to the Court in writing prior to any conference an
account of the material areas in which there is agreement
and disagreement on the management of and schedule for
discovery, so as to further the effectiveness of any
conference.

SO ORDERED:

Dated:    New York, New York
          December 13, 2013

_____
            DENISE COTE
     United States District Judge

# EXHIBIT E

```
         DC5ECREC
```

```
 3 │ IN RE:  CREDIT DEFAULT SWAPS
   │ ANTITRUST LITIGATION and other
 4 │ related cases,
 5 │
   │                                      13 MD 2476(DLC)
 6 │
 7 │
 8 │ -----------------------------x
 9 │                                      December 5, 2013
10 │                                      1:57 p.m.
11 │
   │ Before:
12 │
   │                     HON. DENISE COTE,
13 │
   │                                      District Judge
14 │                        APPEARANCES
15 │
   │ ENTWISTLE & CAPPUCCI
16 │     Attorneys for Movant CDS Institutional Investor Group and
   │     Plaintiffs
17 │ BY:  ANDREW J. ENTWISTLE
   │     ARTHUR V. NEALON
18 │
   │ KAPLAN FOX & KILSHEIMER
19 │     Attorneys for Plaintiffs
   │ BY:  ROBERT KAPLAN
20 │     GREGORY K. ARENSON
   │     MATTHEW McCAHILL
21 │
   │ MILBERG
22 │     Attorneys for Plaintiffs
   │ BY:  ARIANA J. TADLER
23 │     PEGGY J. WEDGWORTH
   │     PAUL F. NOVAK
24 │
   │ HAGENS BERMAN SOBOL SHAPIRO, LLP
25 │     Attorneys for Plaintiffs
   │ BY:  JASON A. ZWEIG
```

```
 1    got skipped in the course of the list.

 2              THE COURT:  I am so sorry.

 3              MR. GRAHAM:  I thought it was good news and we were

 4    out of the case.

 5              THE COURT:  Just a trifle premature, but hope rests

 6    eternal.

 7              Did I miss anyone else?  Anyone else who wishes to be

 8    place an appearance on the record?

 9              Thank you all for being here.  I know, Mr. Rice, that

10    you're here as a courtesy to the court and your colleagues, and

11    I think this may be true for some others, too, who missed plane

12    connections and are standing in for others.  And I thank you

13    very much.

14              And this is our initial conference in these cases, and

15    let me tell you what I hope to achieve today.  I want to, if

16    possible, choose lead plaintiff and their counsel; set a

17    schedule for the initial phase of the case; and describe the

18    procedures that will govern at least some of the litigation

19    before me.  Some of these are more complex tasks than others.

20    And I think we really need to make some progress in the lead

21    counsel issue before we can accomplish much in the way of the

22    other two agenda issues.  And, of course, counsel, you may have

23    other things that you would like to accomplish today, and if

24    you do, I'll certainly give you an opportunity to be heard and,

25    if possible, to accommodate your requests.
```

```
1          Quinn Emanuel seems to have the great privilege of
2     being the plaintiffs who are most under attack with a variety
3     of motions and oppositions filed.  And as I think through these
4     issues, one of the things that would be helpful for me to know
5     right out of the box is whether or not there is any other
6     plaintiff's law firm that would not want to serve as cocounsel
7     for Quinn, if I choose Quinn as counsel for the class but
8     decide that more than one law firm should be representing the
9     class.  Is there any plaintiff's law firm that would like to
10    withdraw from consideration in that circumstance?
11         Not hearing any, that is helpful as guidance as we
12    move through this process.
13         One of the great responsibilities of a court in
14    managing a class action litigation or putative class action
15    litigation is the selection of the lead plaintiff or plaintiffs
16    and lead counsel or multiple lead counsel, cocounsel.  And I
17    feel this responsibility in a way to be the voice of the absent
18    class members.  There are lots of class members here who have
19    counsel speaking on their behalf today, and I feel the Court's
20    role in -- to some significant degree is to think about the
21    absent class members and who will best represent their
22    interests in this litigation.
23         I want to choose counsel that is supremely qualified
24    and capable of giving the best representation to the entire
25    class.  In making that decision, I'll be thinking about a
```

1    firm's reputation and experience in connection with the matters

2    at issue in this litigation.  I'll be thinking about its

3    staffing and resources, its ability to conduct litigation of

4    this scale, with these kinds of deep pocketed defendants, and

5    making a judgment about which law firm can prosecute the action

6    with the greatest energy.

7         I also need to be thinking about who has the

8    sophistication and the legal analysis, who's able to manage

9    discovery efficiently, who would be a potent and yet wise

10   member of a settlement conference or negotiation and, if

11   necessary, if trials are in our future together, one or more,

12   able to try the case effectively and defend any result on

13   appeal or argue for its reversal, if they've lost.

14        In making these judgments, I must say, who was the

15   first to file a litigation doesn't have particular sway, I

16   think.  As the Third Circuit observed in something you folks

17   have submitted to me, speed is a poor surrogate for determining

18   the best counsel.

19        As we all know, the pleadings that we have before us

20   will be superseded by an amended consolidated complaint.  And

21   indeed, part of the task this afternoon will be to set a

22   schedule for amendment of pleadings and for any motion practice

23   that may attack that complaint.  So certainly who was first to

24   the ballgame is an interesting factor to consider but not

25   determinative.