**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: OPANA ER ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>All End-Payor Actions | MDL No. 2580<br><br>Lead Case No. 14 C 10150<br><br>Hon. Harry D. Leinenweber |

**OPPOSITION TO MOTIONS FOR APPOINTMENT AS INTERIM CLASS COUNSEL
SUBMITTED BY MESSRS. FREED AND ASCIOLLA, DUGAN, AND SAVERI**

Plaintiffs Wisconsin Masons' Health Care Fund, Pennsylvania Employees Benefit Trust Fund, and Fraternal Order of Police, Miami Lodge 20 Insurance Trust Fund ("End-Payor Plaintiffs") respectfully submit this memorandum in response to the motions for appointment as interim class counsel submitted by Michael J. Freed and Gregory S. Asciolla, James R. Dugan, II, and Joseph R. Saveri. A review of these leadership submissions confirms that Kenneth A. Wexler, Daniel E. Gustafson, Jeffrey L. Kodroff, and Jayne A. Goldstein (collectively, "Proposed Lead Counsel") are best able to represent the interests of the End-Payor Class.

    **A.    Proposed Lead Counsel have unmatched experience in litigating Hatch-Waxman antitrust cases.**

Although all of the attorneys who are seeking appointment as lead counsel are experienced and capable, none matches Proposed Lead Counsel's pharmaceutical antitrust, Hatch-Waxman experience. The leadership appointments that have been received by Proposed Lead Counsel in similar pharmaceutical antitrust class actions are personal to them—not their firms, former firms, former partners, or former employees. They have led—and are leading— cases involving the precise issues that exist in this litigation. This wealth of experience enables them to lead such cases efficiently and effectively. The putative End-Payor Class is simply best

served by the knowledge and leadership that Proposed Lead Counsel have exhibited and continue to exhibit in Hatch-Waxman generic suppression cases.[1]

### B. Proposed Lead Counsel have played key roles in steering this litigation.

None of the leadership filings contradicts the fact that Proposed Lead Counsel developed this case and have been at the forefront of all efforts taken on behalf of end-payor purchasers to date, including preliminary investigatory and drafting efforts and, more recently, the early discovery and case management tasks. *See* Mem. of Law in Supp. of Mot. for Appointment as Interim Co-Lead Counsel For the End-Payor Class, ECF No. 46, at 2-3, 5-6, 18-19 ("Initial Submission"). Proposed Lead Counsel agree that first-to-file status does not alone merit appointment as class counsel. *See* Mem. of Law in Supp. of Pl. Louisiana Health Ins. Indemnity Co.'s Mot. to Appoint Interim Co-Lead Counsel for the End-Payor Class, ECF No. 49 ("Dugan Submission"), at 5 n.1. But this was not a race to the courthouse based on a public disclosure. Proposed Lead Counsel's investigatory efforts—which began in *May 2013*, included substantial investigation into numerous patents, reverse payment terms, and citizen petitions, and resulted in the first, second, and fourth complaints filed on behalf of end-payor purchasers—cannot be questioned.

Any doubt about the value of the long-term research and investigation undertaken by Proposed Lead Counsel, based on their substantial experience in Hatch-Waxman litigation, is established by reviewing the complaints on file. Indeed, a comparison of the pending complaints reveals that the first-filed complaint prepared by members of Proposed Lead Counsel served as a template for the later-filed complaints, a testament to the breadth of Proposed Lead Counsel's

---

[1] As a result, plaintiff's counsel in *International Union of Operating Engineers, Local 138 Welfare Fund v. Endo Health Solutions Inc.*, No. 14-cv-7742—who themselves have experience in Hatch-Waxman cases—also support Proposed Lead Counsel's bid for leadership.

factual investigation and their knowledge of how to plead those facts in the context of applicable law.

### C. Proposed Lead Counsel will effectively protect the interests of all end-payors.

Both Mr. Dugan and Mr. Saveri assert that the nature of their respective clients render them deserving of leadership positions. *See* Dugan Submission at 2, 6-7; Mot. for Appointment of Joseph Saveri Law Firm, Inc. as Interim Lead Calif. Counsel for Calif. Pls., ECF No. 47 ("Saveri Submission"), at 1-3, 13-14. Proposed Lead Counsel are, however, committed to, and more than capable of, protecting the interests of *all* end-payor purchasers. Members of Proposed Lead Counsel have been appointed lead counsel in cases in which Mr. Dugan's client, Louisiana Health Service and Indemnity Company d/b/a Blue Cross Blue Shield of Louisiana ("BCBSLA"), has served as a class representative without objecting to the quality of lead counsel's representation. *See, e.g.*, *In re Lipitor Antitrust Litig.*, 12-cv-2389 (D.N.J.). Furthermore, Proposed Lead Counsel have been appointed lead counsel, survived motions to dismiss, conducted discovery, argued summary judgment, obtained class certification, and gone to trial in Hatch-Waxman antitrust cases involving claims under California law; courts have not deemed it necessary or appropriate to appoint counsel who would not have at heart the interests of the class as a whole.

### 1. Proposed Lead Counsel have filed cases with the same significant coverage as BCBSLA.

Mr. Dugan contends that he should be appointed co-lead counsel because BCBSLA "has the greatest economic interest of any named end-payor plaintiff." Dugan Submission at 2, 6-7. This same argument has been made and rejected previously. *See* Mem. & Order, *In re Lipitor Antitrust Litig.*, 12-cv-2389 (D.N.J. Oct. 18, 2012), ECF No. 194 (rejecting Mr. Dugan's bid for

appointment as co-lead counsel where he argued that "he deserve[d] to be co-lead counsel because his client has sustained significant damages greater than many other [plaintiffs]").[2]

Although Mr. Dugan further argues that BCBSLA's membership will "provide the broadest standing for recoveries of end-payors for antitrust violations," Dugan Submission at 7, Mr. Dugan's personal bid for appointment will not affect standing in this litigation. BCBSLA can (and presumably will, as it has before) remain a named plaintiff regardless of whether Mr. Dugan is appointed to a leadership position.

Further, Mr. Dugan has provided no reason to believe that Proposed Lead Counsel cannot adequately represent purchasers in all of the pleaded states. Indeed, the third-party payor clients that Proposed Lead Counsel represent provide a breadth of state coverage comparable to that provided by BCBSLA. *Compare* Compl., *Pa. Emps. Benefit Trust Fund v. Endo Health Solutions Inc.*, No 14-cv-617 (N.D. Ill.), ECF No. 1, ¶ 15 (listing twenty-five states in which the trust fund paid for purchases of Opana ER), *with* Dugan Submission at 7 (noting that BCBSLA "has provided reimbursement in over twenty-five states" and enumerating twenty-four such states).

### 2. Proposed Lead Counsel can adequately represent California end-payors.

Mr. Saveri, who represents a California consumer, contends that California end-payors are "uniquely situated"—in part because California is "the most populous state in the union"—and that they must be "represented by counsel with particular expertise in California law and undivided loyalty to them." Saveri Submission at 1 n.2, 13. But Proposed Lead Counsel have one aim: to maximize recovery on behalf of *every member* of the putative End-Payor Class. And Proposed Lead Counsel have experience and demonstrated success in serving as lead counsel for

---

[2] Mr. Wexler was appointed interim co-lead counsel for the putative end-payor class.

*all* such end-payors. *See* Initial Submission at 7-17 (listing relevant leadership positions). Indeed, Proposed Lead Counsel are well-versed in any variations in state law and are adept at identifying and addressing any new variations that may develop over time. It is thus unnecessary to appoint separate lead counsel dedicated to only one constituent part of the larger end-payor class.

## CONCLUSION

As demonstrated herein and in their Initial Submission, Proposed Lead Counsel are best able to represent the interests of the putative End-Payor Class. Accordingly, End-Payor Plaintiffs request that the Court appoint Proposed Lead Counsel as Interim Co-Lead Counsel for the End-Payor Class.[3]

Dated: March 3, 2015

Respectfully submitted,

By: /s/ Kenneth A. Wexler
Kenneth A. Wexler
Thomas A. Doyle
Bethany R. Turke
Justin N. Boley
**WEXLER WALLACE LLP**
55 West Monroe Street, Suite 3300
Chicago, IL 60603
Phone: 312.346.2222
Fax: 312.346.0022
kaw@wexlerwallace.com
tad@wexlerwallace.com
brt@wexlerwallace.com
jnb@wexlerwallace.com

*Counsel for Wisconsin Masons' Health Care Fund*, *Pennsylvania Employees*

---

[3] Although Proposed Lead Counsel remain committed to working cooperatively with all counsel, Proposed Lead Counsel believe that creating a leadership team by combining attorneys from the various groups vying for leadership—as others have suggested might be appropriate here—could encourage attorneys to skirt the private ordering process and to submit individual bids for leadership despite a lack of support from other plaintiffs' counsel.

*Benefit Trust Fund, and the Putative
End-Payor Class*


Daniel E. Gustafson
Jason S. Kilene
Sara J. Payne
**GUSTAFSON GLUEK PLLC**
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: 612-333-8844
Fax: 612-339-6622
dgustafson@gustafsongluek.com
jkilene@gustafsongluek.com
spayne@gustafsongluek.com

*Counsel for Wisconsin Masons'
Health Care Fund and the Putative
End-Payor Class*


Jeffrey L. Kodroff
John A. Macoretta
**SPECTOR ROSEMAN KODROFF &
WILLIS, P.C.**
1818 Market Street, 25th Floor
Philadelphia, PA 19103
Tel. (215) 496-0300
Fax: (215) 496-6611
jkodroff@srkw-law.com
jmacoretta@srkw-law.com

*Counsel for Pennsylvania Employees
Benefit Trust Fund and the Putative
End-Payor Class*


Jayne A. Goldstein
**POMERANTZ LLP**
1792 Bell Tower Lane, Suite 203
Weston, FL 33326
Tel. (954) 315-3454
jagoldstein@pomlaw.com

*Counsel for Fraternal Order of Police,
Miami Lodge 20, Insurance Trust*

*Fund and the Putative End-Payor Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system to send notification of such filing to all counsel of record.

       /s/ Kenneth A. Wexler
       Kenneth A. Wexler