IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **IN RE OPANA ER ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO:**<br><br>**All End-Payor Actions** | MDL No. 2580<br><br>Lead Case No. 14 C 10150<br><br>Hon. Harry D. Leinenweber |

**ORDER**

Pursuant to the Court's Order on 2/17/2015, (ECF No. 31), counsel seeking appointment as interim lead counsel for the End-Payor class have submitted four motions, (ECF Nos. 43, 45, 47, 48). For the following reasons, the Court grants Freed Kanner London & Millen LLC ("Freed Kanner") and Labaton Sucharow LLP's motion for appointment as interim co-lead counsel, (ECF No. 43), and denies the remaining motions, (ECF Nos. 45, 47, 48).

**BACKGROUND**

This is an antitrust case involving a drug called Opana ER. Defendants consist of Endo Health Solutions, Inc. — the holder of several patents related to Opana ER — and various drug manufacturers seeking to market generic versions of Opana ER. In prior litigation, Endo sued the generic drug manufacturers for patent infringement, but before trial, Defendants settled. Plaintiffs hope to proceed on a class basis consisting of two groups: those who directly purchased Opana ER from Defendants and "end-payors" such as individual consumers who bought Opana ER from drug stores. Plaintiffs allege that Defendants' settlement in the patent infringement lawsuit constituted a "pay-for-delay" agreement whereby Endo paid a large sum of money to the other Defendants in exchange for their agreement not to market generic versions of Opana ER for approximately two years. Plaintiffs allege that this agreement caused them to pay more for Opana ER than they otherwise would have. Several purported class action lawsuits were filed and eventually combined and transferred to this Court for efficient adjudication.

The Direct-Purchaser class agreed on a leadership structure and lead counsel, but Plaintiffs for the End-Payor class could not. Consequently, the Court invited proposals for appointment of interim lead counsel and received motions from: (1) Freed Kanner

1

and Labaton Sucharow, (ECF No. 43); (2) Wexler Wallace LLP, Gustafson Gluek PLLC, Spector Roseman Kodroff & Willis, P.C., and Pomerantz LLP, (ECF No. 45); (3) the Joseph Saveri Law Firm, Inc. ("JSLF"), (ECF No. 47); and (4) the Dugan Law Firm, APLC, (ECF No. 48). Each of the above-named firms also submitted a response to the various motions. The Court has carefully considered all the parties' submissions and appoints Freed Kanner and Labaton Sucharow as interim co-lead counsel.

## **DISCUSSION**

Federal Rule of Civil Procedure 23(g) allows a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Courts often appoint interim counsel when, as here, there are a large number of overlapping cases that will require extensive pre-trial coordination. *In re LIBOR-Based Fin. Instruments Antirust Litig.*, No. 11 MD 2262 (NRB), 2011 WL 5980198, at *2 (S.D.N.Y. Nov. 29, 2011) (citations omitted).

Rule 23 does not set forth criteria for appointing interim class counsel, but it is well established that "the considerations set out in Rule 23(g)(1)(A), which govern the appointment of class counsel once a class is certified, . . . apply to the designation of interim class counsel before certification as well." *Id.* In appointing interim class counsel, the court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
> (iii) counsel's knowledge of the applicable law; and
> (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). In addition to these necessary considerations, the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

In this case, none of these factors point to a clear winner. The Court "has the luxury — and simultaneous burden — of selecting among [several] highly qualified applications." *In re Crude Oil Commodity Futures Litig.*, No. 22 Civ. 3600 (WHP), 2012

WL 569195, at * 1 (S.D.N.Y. Feb. 14, 2012). There is no doubt that the firms and counsel seeking appointment are each qualified to represent the End-Payor class. The attorneys and firms seeking appointment have all handled large, complex antitrust cases. Moreover, all have experience as lead or co-lead counsel in cases with similar types of claims, and the total amount of money recovered by these firms in similar cases is in the tens of billions. All firms appear to have sufficient and deep financial resources to prosecute this case, and all appear to have investigated the claims at issue. The Court must therefore rely on "other matter[s] pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B); *see also In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 2011 WL 5980198, at *3.

Despite the difficulty in selecting among equally qualified choices, the Court finds that appointing Freed Kanner and Labaton Sucharow as interim co-lead counsel will best serve the End-Payor class. The two firms have extensive experience as co-lead counsel in similar "pay-for-delay" antitrust cases. And although appointing more than these two firms might make quite the "dream team," appointing more than two firms in a case like this will increase costs and decrease efficiency, which are two important factors to consider when appointing interim counsel. *In re Crude Oil Commodity Futures Litig.*, 2012 WL 569195, at *2 ("[T]his Court must balance [the] desire to create a 'dream team' against the competing considerations of efficiency and economy."). Moreover, Freed Kanner has a strong presence in Chicago, which means that appointing Freed Kanner and Labaton Sucharow will result in lower costs than appointing mostly out of state counsel, who would need to spend time and money traveling for various court appearances and to present motions. Thus, appointing Freed Kanner and Labaton Sucharow to serve as interim co-lead counsel will result in the highest quality representation at the (hopefully) lowest cost.

JSLF's motion is unique; JSLF seeks appointment as "Interim Lead California Counsel" in addition to whomever the Court selects to represent the rest of the End-Payors because, according to JSLF, California End-Payors have unique claims and thus should have their own lead counsel. But Freed Kanner and Labaton Sucharow indicate that they are up to the task of adequately representing the best interests of the entire End-Payor class, including the California Plaintiffs. To be sure, JSLF's expertise on the California legal issues will likely be very valuable. But, as Freed Kanner and Labaton Sucharow acknowledge, lead counsel in a class action case are free and encouraged to seek the input of other End-Payor Plaintiffs'

3

counsel. Freed Kanner and Labaton Sucharow also recognize that they may allocate work to the other End-Payor Plaintiffs' counsel in order to constrain costs and maintain efficiency. Thus, JSLF's expertise and experience will not go to waste simply because it was not appointed as lead counsel for the California End-Payors.

For the above reasons, the Court grants Freed Kanner and Labaton Sucharow's motion, (ECF No. 43), and appoints them as interim co-lead counsel. The remaining motions for appointment of counsel, (ECF Nos. 45, 47, 48), are denied.

**SO ORDERED.**

Dated: 4/2/2015

_____
HARRY D. LEINENWEBER
United States District Judge