UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE OPANA ER ANTITRUST LITIGATION | MDL No. 2580 |
| | Lead Case No. 14-cv-10150 |
| THIS DOCUMENT RELATES TO: | Hon. Harry D. Leinenweber |
| All End-Payor Actions | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
PARTIAL MOTION TO DISMISS END-PAYOR PLAINTIFFS'
SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Defendants Endo Health Solutions Inc., Endo Pharmaceuticals Inc., Penwest Pharmaceuticals Co., and Impax Laboratories, Inc. (collectively, "Defendants") submit this Memorandum in Support of their Partial Motion to Dismiss the End-Payor Plaintiffs' Second Consolidated Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**INTRODUCTION**

In its February 10, 2016 Memorandum Opinion and Order, the Court dismissed all of the End Payor-Plaintiffs (the "EPPs") state law consumer protection and unjust enrichment claims because EPPs failed to sufficiently plead such claims under those states' laws. (ECF No. 151, at 39). Because the Court dismissed the claims on that basis, it did not reach the other substantive bases on which Defendants moved to dismiss those claims. The Court granted the EPPs leave to re-plead all of the state law consumer protection and unjust enrichment claims in a non-conclusory fashion. (ECF No. 151, at 40.) Despite the EPPs' attempt to re-plead, they still fail to state a claim under a number of the state laws they invoke. For the reasons more fully discussed herein, the

Court should dismiss EPPs' unjust enrichment claims under the laws of California, Florida, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Missouri, New Hampshire, North Carolina, North Dakota, Pennsylvania, Rhode Island, and Utah and EPPs' consumer protection claim under the law of Missouri.

## **ARGUMENT**

**I. THE EPPS' UNJUST ENRICHMENT CLAIMS UNDER THE LAWS OF 15 STATES MUST BE DISMISSED FOR FAILURE TO STATE A VALID CLAIM.**

### A. The EPPs' Unjust Enrichment Claims Under The Laws Of Six States Should Be Dismissed Because Those States Have Not Adopted *Illinois Brick* Repealer Statutes.

The EPPs' unjust enrichment claims under the laws of states that have declined to adopt *Illinois Brick* repealer statutes should be rejected because they are nothing more than an end-run around the *Illinois Brick* prohibition in effect in those states. In *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), the Supreme Court held that indirect purchasers generally may not sue for money damages under the federal antitrust laws. *See Int'l Bhd. of Teamsters, Local 734 Health & Welfare Trust Fund v. Philip Morris, Inc.*, 196 F.3d 818, 823 (7th Cir. 1999) (explaining that, under *Illinois Brick*, "only the immediate purchaser of goods may sue under the [federal] antitrust laws. Any other approach . . . [would] pose[] a risk of double recovery and make[] calculation of damages a nightmare"). Although some states have enacted *Illinois Brick* repealer statutes or have otherwise recognized by way of case law that indirect-purchaser plaintiffs may enjoy standing under their antitrust laws, many – including six of the states at issue – have not.

The EPPs should not be permitted to cast their antitrust claims as unjust enrichment claims in an effort to avoid the *Illinois Brick* prohibition on indirect purchaser recovery. The vast majority of courts to consider this issue have concluded that "'allowing . . . unjust enrichment claims in those states that explicitly disallow indirect purchasers from pursuing antitrust [and] consumer

2

protection claims . . . would result in the circumvention of the policies expressed by state legislatures through limitations inherent in those laws.'" *In re Niaspan Antitrust Litig.*, 42 F.Supp.3d 735, 763 (E.D. Pa. 2014) (quoting *Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 737 F.Supp. 2d 380, 425 (E.D. Pa. 2010)); *see also In re Solodyn Antitrust Litig.*, No. 14-md-02503, 2015 WL 5458570, at *18 (D. Mass. Sept. 16, 2015) (recognizing that a "vast majority of courts have held that indirect purchasers may not bring state claims for unjust enrichment if they otherwise would be barred from bringing a claim under the state's antitrust and consumer protection statutes") (citation omitted); *In re K-Dur Antitrust Litig.*, No. 01-1652, 2008 WL 2660780, at *5 (D.N.J. Feb. 28, 2008) ("where the applicable state law bars antitrust actions for damages by indirect purchasers . . . a plaintiff cannot circumvent the statutory framework by recasting an antitrust claim as one for unjust enrichment").[1]

Because the following states follow the rule of *Illinois Brick*, the EPPs may not bring unjust enrichment claims under the laws of those states: Florida, Illinois, Massachusetts, Missouri, Pennsylvania, and Rhode Island.[2]

---

[1] Other courts have similarly held. *See, e.g.*, *In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F.Supp. 2d 198, 232-33 (S.D.N.Y. 2012); *In re Digital Music*, 812 F.Supp. 2d 390, 413 (S.D. N.Y. 2011); *In re Flonase Antitrust Litig.*, 692 F.Supp. 2d 524, 542 (E.D. Pa. 2010); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179, 1191-92 (N.D. Cal. 2009); *In re Microsoft Corp. Antitrust Litig.*, 241 F.Supp. 2d 563, 565-66 (D. Md. 2003).

[2] *See United Food & Commercial Workers Local 1776 & Participating Emp'rs Health & Welfare Fund v. Teikoku Pharma USA, Inc.*, No. 14-md-02521, 2014 WL 6465235, at *26-28 (N.D. Cal. Nov. 17, 2014) (dismissing unjust enrichment claims under the laws of Florida, Illinois, Massachusetts, Missouri, and Pennsylvania and noting that the Rhode Island *Illinois Brick* repealer statute does not apply retroactively); *see also In re Solodyn Antitrust Litig.*, No. 14-md-02503, 2015 WL 5458570, at *18 (D. Mass. Sept. 16, 2015) (dismissing unjust enrichment claim arising under Pennsylvania law, among other states); *Stutzle v. Rhone-Poulenc S.A.*, No. 002678, 2003 WL 22250424, at *2 (Pa. Ct. Com. Pl. Sept. 26, 2003) (dismissing unjust enrichment claim for antitrust violation on the grounds that "to allow plaintiffs to use a claim for unjust enrichment as a means for collecting damages which are not allowable by Pennsylvania's antitrust law, is not a proper use of the claim and can only lead to mischief").

### B. The EPPs' Unjust Enrichment Claims Under The Laws Of Seven States Should Be Dismissed Because The EPPs Have Not Alleged That They Conferred Any Direct Benefit On Defendants.

The EPPs' unjust enrichment claims under the laws of seven states should be dismissed because the EPPs have not, and cannot, claim to have conferred any direct benefit on Defendants, which is an essential element of unjust enrichment in those states. "[A]lmost all states at a minimum require plaintiffs to allege that they conferred a benefit or enrichment upon defendant and that it would be inequitable or unjust for defendant to accept and retain the benefit." *Flonase*, 692 F.Supp. 2d at 541. The laws in the following states adhere to this well-established principle and require that a benefit be conferred upon the defendant *directly* in order to state a claim for unjust enrichment: Florida, Kansas, Maine, Michigan, North Carolina, North Dakota, and Utah.[3]

The EPPs have not alleged and, as indirect purchasers, cannot allege that they conferred any *direct* benefit on Defendants. At most, EPPs allege that "Defendants have financially benefitted from overcharges…[t]hat were borne by Plaintiffs" and that payments that Endo made to Impax were "inextricably linked to the overcharges[.]" (Complaint at ¶¶ 320, 321). Having failed to allege that they conferred a *direct* benefit on Defendants, EPPs' unjust enrichment claims under the laws of these seven states must be dismissed.

---

[3] *In re Aftermarket Filters Antitrust Litig.*, No. 08-4883, 2010 WL 1416259, at *3 (N.D. Ill. Apr. 1, 2010) (dismissing unjust enrichment claims brought under the laws of Kansas, Maine, Michigan, North Carolina and Utah because indirect purchasers cannot plead that they have conferred a direct benefit on defendants); *In re Suboxone Antitrust Litig.*, No. 13-md-2445, 2014 WL 6792663, at *32 (E.D. Pa. Dec. 3, 2014) (dismissing indirect purchasers' unjust enrichment claim under Florida law because Florida law requires that a benefit be conferred upon the defendant directly); *see also Extraordinary Title Serv., LLC v. Fla. Power & Light Co.*, 1 So. 3d 400, 404 (Fla. Dist. Ct. App. 2009); *In re Lidoderm Antitrust Litig.*, Case No. 14-md-02521, 2015 WL 2089223, at *18 (N.D. Cal. May 5, 2015) (dismissing unjust enrichment claim under North Dakota law); *Apache Corp. v. MDU Res. Group, Inc.*, 603 N.W.2d 891, 895 (N.D. 1999) (holding that trial court did not err in concluding unjust enrichment claim was not proved when there was no direct benefit conferred).

> **C. Because California Does Not Recognize Unjust Enrichment As A Cause Of Action, The EPPs' Claim Based On California Law Must Be Dismissed.**

The EPPs' unjust enrichment claim based on California law must be dismissed because California does not recognize unjust enrichment as a cause of action. *See Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, No. 1:11-CV-0030, 2011 WL 2414567, at *6 (E.D. Cal. June 8, 2011) ("unjust enrichment is not an independent cause of action because it is duplicative of relief available under various legal doctrines"); *see also Ang v. Bimbo Bakeries USA, Inc.*, No. 13-cv-01196, 2013 WL 5407039, at *11 (N.D. Cal. Sept. 25, 2013) (holding that "restitution based on unjust enrichment/quasi contract does not state an independent cause of action that can stand on its own" under California state law) (internal quotations omitted).

> **D. The EPPs' Unjust Enrichment Claims Under The Law Of Iowa Should Be Dismissed Because That State Has Rejected Unjust Enrichment Claims Based On Antitrust Violations As Too Remote.**

Courts applying Iowa law have rejected indirect purchaser unjust enrichment claims based on alleged antitrust violations on the grounds that the plaintiff's injuries are too remote. *See Southard v. VISA U.S.A. Inc.,* 734 N.W.2d 192, 199-200 (Iowa 2007). In particular, in *Southard*, the Supreme Court of Iowa dismissed antitrust and unjust enrichment claims brought by indirect purchasers because the injuries they purportedly suffered were too remote. For the same reasons, EPPs unjust enrichment claims under Iowa law should be dismissed. *See Southard*, 75 F.Supp. 2d at 199-200.

> **E. The EPPs' Unjust Enrichment Claims Under The Laws Of New Hampshire Should Be Dismissed Because The EPPs Have Not Shown Unconscionable Or Inequitable Conduct.**

New Hampshire requires plaintiffs to show "unconscionable" or "inequitable" conduct that would permit recovery for unjust enrichment. *See R. Zoppo Co., Inc. v. City of Manchester*, 453 A.2d 1311, 1313 (N.H. 1982). The EPPs, as indirect purchasers, have failed to allege any facts

5

sufficient to demonstrate that Defendants' conduct was unconscionable or inequitable, or to support their conclusory allegation that "[i]t would be inequitable . . . for Defendants to retain any of the overcharges . . . which were derived from Defendants' anticompetitive, unfair and unconscionable methods, acts and trade practices." (EPP Compl. ¶ 324.) Accordingly, the EPPs' unjust enrichment claim under New Hampshire law must be dismissed.

**II.     THE EPPS' CONSUMER PROTECTION CLAIM UNDER THE MISSOURI MERCHANDISING PRACTICES ACT SHOULD BE DISMISSED BECAUSE ALLOWING SUCH A CLAIM WOULD BE AN END-RUN AROUND MISSOURI'S ADOPTION OF *ILLINOIS BRICK*.**

As with the unjust enrichment claims discussed in Section I(A) above, the EPPs' consumer protection claim under Missouri law should be dismissed because it is nothing more than an end-run around the *Illinois Brick* prohibition. Missouri follows the rule of *Illinois Brick*: "[A]llowing a claim under Missouri's consumer protection law would provide an end-run around the state's prohibition of antitrust claims by indirect purchasers." *In re Suboxone Antitrust Litig.*, 13-md-2445, 2014 WL 6792663, at *32 (E.D. Pa. Dec. 3, 2014) (dismissing indirect purchasers' consumer protection claim under Missouri law due to *Illinois Brick*).[4] Accordingly, the EPPs should not be permitted to avoid the *Illinois Brick* prohibition on indirect purchaser recovery by casting their antitrust claims as consumer protection claims.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss, with prejudice, the EPPs' unjust enrichment claims under the laws of California, Florida, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Missouri, New Hampshire, North Carolina, North

---

[4] *See United Food & Commercial Workers Local 1776 & Participating Employers Health &Welfare Fund v. Teikoku Pharma USA, Inc.*, No. 14-md-02521, 2014 WL 6465235, at *28 (N.D. Cal. Nov. 17, 2014) (recognizing that Missouri follows the rule of *Illinois Brick*).

Dakota, Pennsylvania, Rhode Island, and Utah, as well as their consumer protection claim under Missouri law.

Dated: April 8, 2016                                                     Respectfully submitted,

/s/ J. Douglas Baldridge_____             /s/ Christine C. Levin_____
J. Douglas Baldridge                                               George G. Gordon (admitted *pro hac vice*)
Lisa J. Fales (admitted *pro hac vice*)                    Christine C. Levin (admitted *pro hac vice*)
Danielle R. Foley (admitted *pro hac vice*)          **DECHERT LLP**
**VENABLE LLP**                                                      Cira Centre, 2929 Arch Street
575 7th Street, NW                                                  Philadelphia, PA  19104
Washington, DC  20004                                           Tel.:  (215) 994 4000
Tel.:  (202) 344-4000                                               Fax:  (215) 994-2222
Fax:  (202) 344-8300                                               george.gordon@dechert.com
jbaldridge@venable.com                                        christine.levin@dechert.com
ljfales@venable.com
drfoley@venable.com                                             Angela Liu
                                                                                  **DECHERT LLP**
Lawrence R. Desideri                                            77 West Wacker Drive, Suite 3200
Maureen L. Rurka                                                 Chicago, IL  60601
Joanna Rubin Travalini                                         Tel.:  (312) 646-5800
**WINSTON & STRAWN LLP**                            Fax:  (312) 646-5858
35 West Wacker Drive                                          angela.liu@dechert.com
Chicago, IL  60601
Tel.:  (312) 558-5600                                            *Counsel for Defendants Endo Health*
Fax:  (312) 558-5700                                            *Solutions Inc., Endo Pharmaceuticals Inc.,*
ldesideri@winston.com                                         *and Penwest Pharmaceuticals Co.*
mrurka@winston.com
jtravalini@winston.com

*Counsel for Defendant*
*Impax Laboratories, Inc.*

7

Case: 1:14-cv-10150 Document #: 188 Filed: 04/08/16 Page 8 of 8 PageID #:4036

## **CERTIFICATE OF SERVICE**

I, , hereby certify that on April 8, 2016, I caused a true and correct copy of the foregoing document to be served on all counsel of record by operation of the electronic filing system of the United States District Court for the Northern District of Illinois.

/s/ J. Douglas Baldridge
*Counsel for Defendant Impax Laboratories, Inc.*