**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE OPANA ER ANTITRUST LITIGATION | : |
| | : |
| | : MDL No. 2580 |
| | : |
| | : Lead Case No. 14-cv-10150 |
| THIS DOCUMENT RELATES TO: | : |
| | : Hon. Harry D. Leinenweber |
| ALL END-PAYOR ACTIONS | : |
| | : |
| | : |
| | : |

**END-PAYOR PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANTS' PARTIAL MOTION TO DISMISS THE**
**SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

**TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................1

ARGUMENT .......................................................................................................................1

I.  THE MISSOURI CONSUMER PROTECTION LAW PERMITS INDIRECT
PURCHASERS TO SUE ................................................................................................ 1

II.  EPPS' UNJUST ENRICHMENT CLAIMS ARE LEGALLY SUFFICIENT.................. 2

A.  EPPs' Unjust Enrichment Claims Are Not Barred by *Illinois Brick* ........................ 2

1.  Florida, Massachusetts, Missouri, and Pennsylvania ........................................ 3

(a)  Florida.................................................................................................. 4

(b)  Massachusetts ...................................................................................... 4

(c)  Pennsylvania ....................................................................................... 4

(d)  Missouri ............................................................................................... 6

2.  Illinois and Rhode Island................................................................................ 6

(a)  Illinois ................................................................................................. 6

(b)  Rhode Island ....................................................................................... 7

B.  EPPs' Unjust Enrichment Claims Are Not Barred by Lack of a "Direct Benefit".... 7

C.  California Recognizes Unjust Enrichment as a Cause of Action ......................... 10

D.  EPPs' Unjust Enrichment Claim Under Iowa Law Is Not "Too Remote" ............. 11

E.  EPPs' New Hampshire Unjust Enrichment Claim Is Adequately Pleaded.............. 12

CONCLUSION....................................................................................................................14

**INTRODUCTION**

Defendants' motion to dismiss End-Payor Plaintiffs' ("EPPs") Second Consolidated Amended Class Action Complaint ("SCAC") essentially recycles arguments made in their initial motion to dismiss. As discussed below, those arguments are without merit. First, EPPs have standing to sue under Missouri's consumer protection law. Second, EPPs have adequately pleaded their unjust enrichment claims under the laws of California, Florida, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Missouri, New Hampshire, North Carolina, North Dakota, Pennsylvania, Rhode Island, and Utah.

**ARGUMENT**

**I.     THE MISSOURI CONSUMER PROTECTION LAW PERMITS INDIRECT PURCHASERS TO SUE**

Defendants argue that EPPs' claim under the Missouri Merchandising Practices Act ("MMPA") should be dismissed on the notion that it is an "end-run around the *Illinois Brick* prohibition" of suits by indirect purchasers. Defs. Mem. at 2, 6. Defendants' end-run argument fails, however. The Missouri Supreme Court has held that the MMPA's "broad language . . . contemplates that other parties, ***besides the direct purchaser or contracting part[ies],*** who suffer damages resulting from the violator's prohibited conduct under the Act are included among those eligible to receive restitution." *Gibbons v. J. Nuckolls, Inc.*, 216 S.W.3d 667, 669 (Mo. 2007) (emphasis added). Relying on this language, numerous federal courts have specifically held that the MMPA permits indirect purchasers to recover damages for injuries based on anticompetitive conduct. *See, e.g., In re Lithium Ion Batteries Antitrust Litig.*, No. 13-MD-2420, 2014 WL 4955377, at *19 (N.D. Cal. Oct. 2, 2014); *In re Pool Prods. Distribution Mkt. Antitrust Litig.*,

946 F. Supp. 2d 554, 570-71 (E.D. La. 2013); *Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 737 F. Supp. 2d 380, 415 (E.D. Pa. 2010).

Defendants cite two federal decisions to support their "end-around" argument, but both ignore the Missouri Supreme Court's *Gibbons* decision. *See United Food & Commercial Workers Local 1776 & Participating Employers Health & Welfare Fund v. Teikoku Pharma USA, Inc.*, 74 F. Supp. 3d 1052 (N.D. Cal. 2014); *In re Suboxone Antitrust Litig.*, 64 F. Supp. 3d 665, 701-02 (E.D. Pa. 2014).

The *United Food* court, which relied on Ninth Circuit law, held that because purchases by a health plan were not "made for personal, family or household use," the health plan lacked standing. 74 F. Supp. 3d at 1082. The decision, though, not only runs counter to *Gibbons*, but also fails to take account of critical facts regarding health plans. The central mission of health plans is to assume all or part of the financial burden of healthcare expenses that their individual members would otherwise have to bear. Thus, health plans are essential players in the purchase of branded and generic drugs made for "personal, family, or household use." *Id.* Standing to sue under the MMPA is—as other federal courts have recognized—appropriate. *See Sheet Metal Workers*, 737 F. Supp. 2d at 415 (upholding health plan standing).

*Suboxone* relied on an unpublished Missouri trial court opinion—*Ireland v. Microsoft Corp.*, No. 00–201515, 2001 WL 1868946, at *1 (Mo. Cir. Ct. Jan. 24, 2001)—that later courts have criticized and declined to follow. *See, e.g.*, *Sheet Metal Workers*, 737 F. Supp. 2d at 415.

Accordingly EPPs have standing to bring a claim for damages under the MMPA.

## II.     EPPS' UNJUST ENRICHMENT CLAIMS ARE LEGALLY SUFFICIENT

### A.     EPPs' Unjust Enrichment Claims Are Not Barred by *Illinois Brick*

Defendants, again, attempt to use the *Illinois Brick* "end-around" argument in seeking dismissal of EPPs' unjust enrichment claims under the laws of Florida, Illinois, Massachusetts,

Missouri, Pennsylvania, and Rhode Island, asserting that these states bar indirect purchaser actions. Defs. Mem. at 2-3.[1] Again, however, Defendants' argument is without merit.

First, Rule 8 permits EPPs to plead their unjust enrichment claims in the alternative, regardless of whether state antitrust law follows *Illinois Brick*. As one federal court held: "No reason or logic supports a conclusion that a state's adherence to the rule of *Illinois Brick* dispossesses a person not only of a statutory legal remedy for an antitrust violation, but also dispossesses the same person of his right to pursue a common law equitable remedy." *In re G-Fees Antitrust Litig.,* 584 F. Supp. 2d 26, 46 (D.D.C. 2008). *See also King Drug Co. of Florence, Inc. v. Cephalon, Inc.,* 702 F. Supp. 2d 514, 539-40 (E.D. Pa. 2010) ("[U]njust enrichment claims are viable regardless of the applicable state antitrust laws.") (citations omitted).

Defendants' argument also fails because the consumer protection laws of Florida, Massachusetts, Missouri, and Pennsylvania law either expressly permit, or do not specifically disallow, indirect purchaser actions, as has been recognized by courts in each of these states. Accordingly, there is no foundation for Defendants' "end around" argument. And, notably, Defendants have not even challenged EPPs' standing under the Florida, Massachusetts or Pennsylvania laws. Similarly, EPPs' claims under Illinois and Rhode Island law are legally sufficient because each state's courts have explicitly recognized an independent claim for unjust enrichment.

     **1.**        **<u>Florida, Massachusetts, Missouri, and Pennsylvania</u>**

The state consumer protection laws of each of these four states allow indirect purchasers to sue for damages.

---

[1] EPPs respectfully reserve their rights to appeal this Court's earlier decision dismissing EPPs' claims under Illinois and Rhode Island antitrust laws.

3

### (a) Florida

Because Florida recognizes indirect purchaser claims under the Florida Unfair and Deceptive Trade Practices Act ("FUDTPA"), "there is no reason to bar all indirect purchaser plaintiffs from stating a claim for unjust enrichment." *In re Flonase Antitrust Litig.*, 692 F. Supp. 2d 524, 543-44 (E.D. Pa. 2010). Defendants' reliance on *United Food* is therefore misplaced because in that case, the court dismissed plaintiffs' unjust enrichment claim as inconsistent with Florida's antitrust statute, which does not permit indirect purchaser actions. *See United Food*, 74 F. Supp. 3d at 1089-90. EPPs here plead a claim under the FUDTPA, which recognizes indirect purchaser standing, and not under the Florida antitrust law. *See Mack v. Bristol-Myers Squibb Co.*, 673 So. 2d 100, 104 (Fla. Dist. Ct. App. 1996).

### (b) Massachusetts

The Massachusetts Consumer Protection Act ("MCPA") similarly permits unjust enrichment claims by indirect purchasers, as held by numerous courts. *See, e.g.*, *Flonase*, 692 F. Supp. 2d at 545 ("[I]n Massachusetts, courts have ***not*** adhered to the premise that an indirect purchaser cannot sue the manufacturer for antitrust violations.") (emphasis added) (citing *Ciardi v. F. Hoffmann-La Roche Ltd.*, 762 N.E.2d 303, 308 (Mass. 2002) (indirect purchaser actions are permitted under the MCPA)); *In re Auto. Parts Antitrust Litig.*, 29 F. Supp. 3d 982, 1019 (E.D. Mich. 2014) (indirect purchasers have standing under MCPA). Defendants' reliance on *United Food* is misplaced because plaintiffs there were commercial entities that sued under MCPA §9, which applies only to individuals. Here, plaintiff Davenport is an individual with standing to sue under MCPA §9. *See Auto. Parts*, 29 F. Supp. 3d at 1014.

### (c) Pennsylvania

The Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PUTPCL") similarly permits claims by indirect purchasers. *See, e.g.*, *Sheet Metal Workers*, 737 F. Supp. 2d

at 434-44 (permitting unjust enrichment claims for Pennsylvania end-payors "will not result in circumvention of a statutory bar on indirect purchaser claims, since Pennsylvania allows indirect purchasers to sue under its consumer protection law"); *Pa. ex rel. Creamer v. Monumental Props., Inc.*, 329 A.2d 812, 815 n.5 (Pa. 1974) ("There is no indication of an intent to exclude a class or classes of transactions from the ambit of the Consumer Protection Law.").

Defendants' reliance on *Stutzle v. Rhone-Poulenc S.A.*, 002678, 2003 WL 22250424, at *2 (Pa. Ct. Com. Pl. Sept. 26, 2003), is inapposite. The plaintiffs in *Stutzle* were indirect purchasers of an animal feed ingredient (methionine), which the defendant allegedly price-fixed. The court held that: (1) the plaintiffs could not plead a common law claim for price-fixing because Pennsylvania law did not recognize such a cause of action; and (2) the plaintiffs lacked sufficient directness to the price-fixing to permit their unjust enrichment claim. There, unlike here, the plaintiffs had failed to plead a statutory claim under Pennsylvania law, and so, to permit an unjust enrichment claim arguably would skirt state policy. By contrast, here EPPs **have** pleaded a legally sufficient claim under the PUTPCL for which restitution would be an appropriate remedy. As the court in *Sheet Metal Workers* wrote in analogous circumstances: the court "do[es] not believe allowing plaintiffs' unjust enrichment claim to proceed would circumvent state legislative intent since indirect purchasers do have a claim based on GSK's [the defendant's] alleged acts." *Id*. Moreover, EPPs' unjust enrichment claim is proper under Rule 8. *See, e.g., United States v. Kensington Hosp.*, 780 F. Supp. 1120, 1135 (E.D. Pa. 1991) (upholding an unjust enrichment claim under Pennsylvania law because "Federal rules allow pleading in the alternative").[2]

---

[2] Defendants' other authority rejecting Pennsylvania unjust enrichment claims are similarly unsound. Defs. Mem. at 3 n.2.

### (d) Missouri

The MMPA similarly permits indirect purchaser claims. *See, e.g., Gibbons*, 216 S.W.3d at 669 (indirect purchaser actions for damages permitted under the MMPA); *Sheet Metal Workers*, 737 F. Supp. 2d at 439-40 (upholding unjust enrichment claims under Missouri law).

## 2. Illinois and Rhode Island

Under Illinois and Rhode Island laws, unjust enrichment is an independent cause of action.

### (a) Illinois

In *Raintree Homes, Inc. v. Village of Long Grove*, 807 N.E.2d 439, 445 (Ill. 2004), the Illinois Supreme Court upheld the plaintiff's standalone unjust enrichment claim arising from overpaid fees, despite having "no substantive claim grounded in tort, contract, or statute." *See also Indep. Voters of Ill. v. Ill. Commerce Comm'n*, 510 N.E.2d 850 (Ill. 1987) (upholding a standalone unjust enrichment claim arising from defendants' unlawful increase of electricity rates). And, notably, in *In re Automotive Parts Antitrust Litigation*, the federal court upheld the indirect purchaser plaintiffs' claim under Illinois unjust enrichment law, even though the court also dismissed their Illinois antitrust claim. *See Auto. Parts Antitrust Litig.*, 29 F. Supp. 3d at 1019.

The Seventh Circuit's decision in *Cleary v. Phillip Morris, Inc.*, 656 F.3d 511 (7th Cir. 2011), which cited *Raintree* and *Independent Voters* with approval, is not to the contrary. There, the Court found that the plaintiffs had "disclaim[ed] any need to allege either personal damages, deception, or reliance with regard to any member of the class, [and that, therefore,] it [was] difficult to see how the defendants' retention of the revenue paid by a consumer is to that consumer's detriment." *Id.* at 519. Here, by contrast, EPPs allege that (1) Defendants conspired to "unreasonably restrain[] trade or commerce" in the market for branded and generic Opana ER

6

in violation of the antitrust laws of Illinois and 22 other states, (2) Defendants imposed the overcharge that EPPs paid, (3) EPPs were injured by reason of the overcharge, which they would not have paid but for Defendants' wrongful acts, and (4) the overcharge is a benefit that Defendants have wrongfully retained. 740 Ill. Comp. Stat. 10/3(2).

### (b) Rhode Island

The Rhode Island Supreme Court has held that "unjust enrichment is **not** simply a remedy in contract and tort **but can stand alone as a cause of action in its own right**." *Dellagrotta v. Dellagrotta*, 873 A.2d 101, 113 (R.I. 2005) (emphasis added). Federal courts have repeatedly refused to dismiss Rhode Island consumer protection and unjust enrichment claims by indirect purchasers despite end-run arguments by defendants. *See, e.g.*, *In re Auto. Parts Antitrust Litig.*, 29 F. Supp. 3d at 1014; *In re Static Random Access (SRAM) Litig.*, No. 07-md-01819, 2010 WL 5094289, at *8 (N.D. Cal. Dec. 8, 2010) (there is no authority "indicating indirect purchasers are barred from pursuing claims under the [Rhode Island] UTPCPA or unjust enrichment claims under Rhode Island common law").

### B. EPPs' Unjust Enrichment Claims Are Not Barred by Lack of a "Direct Benefit"

Defendants argue that under the laws of seven states, EPPs fail to allege that a sufficiently *direct* benefit was conferred on Defendants via overcharges passed on by direct purchasers of Opana ER and paid for by EPPs. *See* Defs. Mem. at 4. Defendants, however, ignore a large body of cases rejecting this very argument. As one court observed in considering unjust enrichment claims in an indirect purchaser case, the proper focus should be on the relationship between the alleged injury and conduct, not on the relationship between the parties. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. M 07-1827, 2011 WL 4501223, at *7 (N.D. Cal. Sept. 28, 2011). The *TFT-LCD* court held that unjust enrichment claims can proceed where

"there is a direct relationship between the plaintiffs' expenses and the defendants' benefit. . . . [and] the money [plaintiffs] paid was 'passed through' directly to defendants." *Id.* at \*8. The court in *In re K-Dur Antitrust Litig.*, 338 F. Supp. 2d 517 (D.N.J. 2004), similarly wrote: "Defendants' argument fails because a benefit conferred need not mirror the actual loss of the plaintiff. . . . The critical inquiry is whether the plaintiff's detriment and the defendant's benefit are related to, and flow from, the challenged conduct." *Id.* at 544. *See also In re Processed Egg Prods. Antitrust Litig.*, 851 F. Supp. 2d 867, 927-36 (E.D. Pa. 2012) (rejecting the argument that ten jurisdictions—including Florida, Kansas, North Carolina, and Utah—require or would "likely" require a direct benefit that cannot be satisfied by indirect purchasers); *In re Cardizem CD Antitrust Litig.*, 105 F. Supp. 2d 618, 671 (E.D. Mich. 2000) ("Whether or not the benefit is directly conferred on the defendant is not the critical inquiry; rather, the plaintiff must show that his detriment and the defendant's benefit are related and flow from the challenged conduct.").

With regard to the seven states that Defendants argue require a "direct benefit" for unjust enrichment claims, decisions holding otherwise include:

**Florida:** *In re Processed Egg*, 851 F. Supp. 2d at 929 ("Florida law does not appear to require the conferral of a direct benefit exclusively . . . ."); *Williams v. Wells Fargo Bank, N.A.*, No. 11–cv–21233, 2011 WL 4901346, at \*5 (S.D. Fla. Oct. 14, 2011) ("It would not serve the principles of justice and equity to preclude an unjust enrichment claim merely because the 'benefit' passed through an intermediary . . . .").[3]

**Kansas:** *Gonzalez v. Pepsico, Inc.*, 489 F. Supp. 2d 1233, 1249 (D. Kan. 2007) (under Kansas law, "a benefit may be conferred indirectly."); *TFT-LCD*, 2011 WL 4501223, at \*12

---

[3] *See also Romano v. Motorola, Inc.*, No. 07–cv–60517, 2007 WL 4199781, at \*2 (S.D. Fla. Nov. 26, 2007); *Stermer v. SCK Solutions, LLC*, No. 08–cv–61751, 2009 WL 1849955, at \*6 (S.D. Fla. June 26, 2009); *Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 650 F. Supp. 2d 1213, 1229 (S.D. Fla. 2009).

(noting that courts "explicitly endorsed indirect-purchaser unjust enrichment claims under Kansas law.").

**Maine:** *In re Chocolate Confectionary Antitrust Litig*., 749 F. Supp. 2d 224, 243 (M.D. Pa. 2010) (upholding indirect purchaser unjust enrichment claims); *TFT-LCD*, 2011 WL 4501223, at *10-11 (same).

**Michigan:** *In re Auto. Parts Antitrust Litig.*, 29 F. Supp. 3d at 1021 ("Michigan law does not require a benefit to be conferred directly by plaintiff to a defendant."); *Kammer Asphalt Paving Co. v. E. China Twp. Sch.*, 504 N.W.2d 635, 641 (Mich. 1993) (upholding unjust enrichment claim where "plaintiff indirectly provided defendant a benefit").

**North Carolina:** *Metric Constructors, Inc. v. Bank of Tokyo-Mitsubishi, Ltd.*, 72 F. App'x. 916, 921 (4th Cir. 2003) (recognizing that *Embree Constr. Grp., Inc. v. Rafcor, Inc.*, 411 S.E.2d 916, 923 (N.C. 1992), "suggests a broader approach to unjust enrichment" than the direct benefit rule and holding that "[u]nder North Carolina law, it is sufficient for a plaintiff to prove that it has conferred some benefit on the defendant, without regard to the directness of the transaction."). *See also In re Processed Egg*, 851 F. Supp. 2d at 932 (upholding North Carolina unjust enrichment claim by indirect purchasers).

**North Dakota:** *Opp v. Matzke*, 559 N.W.2d 837, 839–40 (N.D. 1997) (***rejecting*** any direct benefit requirement); *In re Auto. Parts Antitrust Litig.*, 50 F. Supp. 3d 869, 897-98 (E.D. Mich. 2014) (citing *Opp*, and upholding indirect purchasers' claim for unjust enrichment).[4]

**Utah:** *In re Processed Egg*, 851 F. Supp. 2d at 934 (holding, after extensively surveying Utah law, "the Court concludes that Utah law does not mandate that a plaintiff demonstrate that

---

[4] Defendants' reliance on *Apache Corp. v. MDU Resources Group, Inc.*, 603 N.W.2d 891, 895 (N.D. 1999), is misplaced as the plaintiffs there could not bring an unjust enrichment claim because they failed to allege an essential element of the claim: the absence of a justification for the enrichment.

she directly conferred a benefit upon a defendant."); *In re Auto. Parts*, 50 F. Supp. 3d at 897-98, (holding that Utah law does not require a demonstration of direct benefit).

The same reasoning from these cases applies here.

### C. California Recognizes Unjust Enrichment as a Cause of Action

Defendants incorrectly assert that unjust enrichment is not a viable independent cause of action in California. *See* Defs. Mem. at 5. However, at best there is a split of authority on the point—a split that "is essentially founded on semantics, drawing a distinction—between unjust enrichment, restitution, and quasi-contract—without a difference." *Kosta v. Del Monte Corp.*, No. 12-cv-01722-YGR, 2013 WL 2147413, *14 n.8 (N.D. Cal. May 15, 2013). *See also Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1100 (N.D. Cal. 2006) (the argument that California does not allow an unjust enrichment cause of action is "essentially semantic").

Many California courts have recognized and upheld equitable claims for unjust enrichment. *See, e.g.*, *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000); *First Nationwide Sav. v. Perry*, 11 Cal. App. 4th 1657, 1662-63 (1992); *Hirsch v. Bank of Am.*, *N.A.*, 107 Cal. App. 4th 708 (Cal. Ct. App. 2003) (reversing dismissal of an independent unjust enrichment claim).

So, too, federal courts in the Ninth Circuit routinely uphold unjust enrichment claims under California law. *See, e.g., Nordberg*, 445 F. Supp. 2d at 1100; *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2011 WL 4345435, at *3 (N.D. Cal. Sept. 15, 2011) (acknowledging a split of authority, but denying a motion to dismiss an unjust enrichment claim); *Villager Franchise Sys. v. Dhami, Dhami & Virk*, No. 046393, 2006 WL 224425, at *7 (E.D. Cal. Jan. 26, 2006) ("California law recognizes a cause of action for unjust enrichment[.]") (citing *Ghirardo v. Antonioli*, 924 P.2d 996 (Cal. 1996)). The Ninth Circuit itself recently explained that under California law "the elements of unjust enrichment are 'receipt of a benefit

10

and unjust retention of the benefit at the expense of another.'" *Berger v. Home Depot USA, Inc*., 741 F.3d 1061, 1070 (9th Cir. 2014) (citation omitted).

EPPs have "invoked a valid theory of recovery"—"regardless of the precise label assigned to the cause of action"—and have stated a cognizable claim under California unjust enrichment law. *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2011 WL 4345435, at *4 (N.D. Cal. Sept. 15, 2011). *See also In re Processed Egg Prods.*, 851 F. Supp. 2d at 913 (sustaining a California unjust enrichment claim because "California courts have not uniformly or definitively barred an independent cause of action for unjust enrichment").

### D.    EPPs' Unjust Enrichment Claim Under Iowa Law Is Not "Too Remote"

Defendants cite *Southard v. VISA U.S.A. Inc*., 734 N.W.2d 192 (Iowa 2007), for the proposition that unjust enrichment claims by indirect purchasers under Iowa law are "too remote" and must be dismissed. *See* Defs. Mem. at 5. But the holding in *Southard* was based on the particular facts of that case, which involved a claim that fees imposed on merchants by credit card companies were passed on to consumers via higher prices of goods sold by the merchants. *See* 734 N.W.2d at 194. Thus, the plaintiffs in *Southard* were ***not*** indirect purchasers of the service fees imposed by credit card companies.

The Iowa Supreme Court distinguished the *Southard* plaintiffs from the type of indirect purchasers that ***can*** bring Iowa state antitrust claims under the Court's decision in *Comes v. Microsoft Corp.*, 696 N.W.2d 318 (Iowa 2005):

> The plaintiffs bringing suit in *Comes* were indirect purchasers of the Windows 98 operating system because "Microsoft did not directly sell its products [to the plaintiffs, but the plaintiffs] ultimately obtained the products through the stream of commerce." *Comes v. Microsoft Corp.,* 696 N.W.2d 318, 320 (Iowa 2005). The plaintiffs in the present action are not in a comparable position because they did not purchase, directly or indirectly, the product that is the subject of anticompetitive activity by Visa and MasterCard — debit processing services. It is clear from the petition that the plaintiffs are nonpurchasers; they simply bought merchandise from businesses that used the defendants' debit processing services.

11

*Southard*, 734 N.W.2d at 196-97. As "nonpurchasers," the plaintiffs in *Southard* alleged an injury that was too remote to sustain an Iowa state antitrust claim. The Iowa Supreme Court applied that same reasoning to deny the plaintiffs' unjust enrichment claim. *See id*. at 199-200.

In contrast to the plaintiffs in *Southard*, here, EPPs indisputably were indirect purchasers of Opana ER—the product bearing the overcharge. Like the Windows end-users in *Comes*, EPPs "ultimately obtained the products through the stream of commerce." *See also In re Auto. Parts*, 29 F. Supp. 3d at 1019 (indirect purchasers who received the price-fixed products stated an unjust enrichment claim under Iowa law).

EPPs have alleged all of the essential elements of an unjust enrichment claim under Iowa law: "(1) defendant was enriched by the receipt of a benefit; (2) the enrichment was at the expense of the plaintiff; and (3) it is unjust to allow the defendant to retain the benefit under the circumstances." *State Dept. of Human Services ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142, 154-155 (Iowa 2001); *see, e.g.*, SCAC ¶¶ 320-31; 356-59. Accordingly, there is no basis for dismissal.

### E.     EPPs' New Hampshire Unjust Enrichment Claim Is Adequately Pleaded

Defendants argue that, under New Hampshire law, an unjust enrichment claim must plead facts demonstrating that their conduct was unconscionable or inequitable. Defs. Mem. at 5-6. But there is no such pleading requirement.

As the First Circuit has explained, "In New Hampshire common law, '[t]he doctrine of unjust enrichment is that one shall not be allowed to profit or enrich himself at the expense of another contrary to equity.'" *Invest Almaz v. Temple-Inland Forest Prods. Corp.*, 243 F.3d 57, 64 (1st Cir. 2001) (internal citation omitted). Thus, "passive acceptance of a benefit may also constitute unjust enrichment." *Id.* (citations omitted). As a matter of proof at trial—rather than that of pleading at the motion to dismiss stage—"the court determines whether the defendant has

12

"'received a benefit and [whether] it would be unconscionable for the defendant to retain that benefit.'" *Id.* (internal citation omitted). Wrongful conduct is not essential to pleading the claim.

In any event, however, EPPs have pleaded specific facts to demonstrate both the value of what was actually received by the Defendants and the inequitable circumstances of its receipt. *See, e.g.*, SCAC ¶¶ 5, 6, 8, 9, 12, 148--93, 201-03, 228=31, 234-38, 320-31, 394-96. Many courts have denied motions to dismiss comparable unjust enrichment claims alleged under New Hampshire's law. *See, e.g., Chocolate Confectionary*, 749 F. Supp. 2d at 239-40; *Auto. Parts*, 29 F. Supp. 3d at 1023-24.

*R. Zoppo Co. v. City of Manchester*, 453 A.2d 1311 (N.H. 1982), which Defendants cite, upheld a master's report that ***sustained*** the plaintiff's unjust enrichment claim. Nothing in the decision requires specificity beyond that pleaded by EPPs.

13

## CONCLUSION

For all the reasons set forth above, Defendants' partial motion to dismiss should be denied.

Dated:  May 9, 2016                    Respectfully submitted,

**LABATON SUCHAROW LLP**            **FREED KANNER LONDON & MILLEN LLC**

By: */s/ Gregory S. Asciolla*        By: */s/ Michael J. Freed*

Gregory S. Asciolla                    Michael J. Freed
Jay L. Himes                           Steven A. Kanner
Karin E. Garvey                        Robert J. Wozniak
Matthew J. Perez                       Donald L. Sawyer
140 Broadway                           2201 Waukegan Road, Suite 130
New York, New York 10005               Bannockburn, Illinois 60015
Tel: (212) 907-0700                    Tel: (224) 632-4500
Fax: (212) 818-0477                    Fax: (224) 632-4521
gasciolla@labaton.com                  mfreed@fklmlaw.com
jhimes@labaton.com                     skanner@fklmlaw.com
kgarvey@labaton.com                    rwozniak@fklmlaw.com
mperez@labaton.com                     dsawyer@fklmlaw.com

***Interim Co-Lead Counsel for the Proposed End-Payor Class***