**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE OPANA ER ANTITRUST LITIGATION | MDL No. 2580 |
| | Lead Case No. 14-cv-10150 |
| THIS DOCUMENT RELATES TO: | Hon. Harry D. Leinenweber |
| All End-Payor Actions | |

**REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF DEFENDANTS'
PARTIAL MOTION TO DISMISS END-PAYOR PLAINTIFFS'
SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

Defendants Endo Health Solutions Inc., Endo Pharmaceuticals Inc., Penwest Pharmaceuticals Co., and Impax Laboratories, Inc. (collectively, "Defendants") submit this Reply in Support of their Partial Motion to Dismiss the End-Payor Plaintiffs' Second Consolidated Amended Class Action Complaint.

**INTRODUCTION**

The End-Payor Plaintiffs ("EPPs") have not articulated any argument sufficient to save their unjust enrichment claims under the laws of California, Florida, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Missouri, New Hampshire, North Carolina, North Dakota, Pennsylvania, Rhode Island, and Utah or their consumer protection claim under the law of Missouri. As discussed below, the EPPs' attempt to spare their claims from dismissal disregards the bar on indirect purchaser actions adopted by certain states as well as the cases refusing to permit indirect purchasers to recover for purported antitrust injuries by masquerading them as

consumer protection or unjust enrichment claims. Defendants' Partial Motion to Dismiss should be granted.

## ARGUMENT

**A.     Missouri Consumer Protection Law Does Not Permit Indirect Purchasers To Sidestep *Illinois Brick* And Sue Defendants.**

The EPPs' Missouri consumer protection claim should be dismissed because, as courts have concluded, Missouri follows the rule of *Illinois Brick* so that "allowing a claim under Missouri's consumer protection law would provide an end-run around the state's [*Illinois Brick*] prohibition of antitrust claims by indirect purchasers." *In re Suboxone Antitrust Litig.*, 64 F.Supp. 3d 665, 702 (E.D. Pa. 2014) (dismissing indirect purchasers' consumer protection claim under Missouri law due to *Illinois Brick*).

In response, EPPs do not (and cannot) dispute Missouri's adoption of *Illinois Brick*. Instead, the EPPs cite to *Gibbons v. J. Nuckolls, Inc.*, 216 S.W.3d 667 (Mo. 2007), for the proposition that indirect purchasers such as EPPs may bring claims for damages or restitution under the Missouri Merchandising Practices Act. (Pls.' Mem. of Law in Opp. to Defs.' Partial Mot. to Dismiss ("Pls.' Mem.") (Doc. 203) at 3). However, EPPs' reliance on *Gibbons* is misplaced. *Gibbons* involved a customer's suit against a car wholesaler for failing to disclose to the car dealership from which he purchased the car that the car had been in a prior accident; it did not present an antitrust claim at all. 216 S.W.3d at 668. This distinction is a significant one that has been expressly recognized by courts that have dismissed claims by indirect purchasers under Missouri's consumer protection law as an end-run around Missouri's adoption of *Illinois Brick*. *See Suboxone*, 64 F.Supp. 3d at 701-02 (distinguishing *Gibbons* in dismissing indirect purchasers'

Missouri consumer protection claim).[1] For example, in *Suboxone*, the court squarely addressed and rejected the same arguments the EPPs advance here about the *Gibbons* decision.[2] *Id.* The court held that allowing claims by indirect purchasers under Missouri's consumer protection law would be an end-run around the state's ban on antitrust claims by indirect purchasers. *Id.* at 702. Like the end-payor plaintiffs in *Suboxone*, EPPs should not be permitted to avoid the *Illinois Brick* ban on indirect purchaser recovery in Missouri by casting their claim as one for violation of Missouri consumer protection law.

**B.    The EPPs Cannot Assert Unjust Enrichment Claims Under The Laws Of Florida, Illinois, Massachusetts, Missouri, Pennsylvania, And Rhode Island Because Those States Have Not Adopted *Illinois Brick* Repealer Statutes.**

The EPPs next assert a number of arguments in an attempt to save their unjust enrichment claims under the laws of Florida, Illinois, Massachusetts, Missouri, Pennsylvania, and Rhode Island. However, none of the EPPs' arguments can overcome the fact that these states have not adopted *Illinois Brick* repealer statutes, and courts have held that indirect purchasers cannot circumvent *Illinois Brick* by recasting their antitrust claims as unjust enrichment claims. *See United Food & Commercial Workers Local 1776 & Participating Emp'rs Health & Welfare Fund v. Teikoku Pharma USA, Inc.*, 74 F.Supp. 3d 1052, 1089 (N.D. Cal. 2014) ("[T]he majority of courts who have directly addressed this issue [have found] that [indirect purchasers] cannot circumvent the *Illinois Brick* prohibition absent authority from the courts of those states that would allow unjust enrichment claims to proceed.")

---

[1]    Notably, in the case cited by EPPs, *In re Pool Prods. Distribution Mkt. Antitrust Litig.*, 946 F.Supp. 2d 554 (E.D. La. 2013), the court acknowledged that the "Missouri Supreme Court has not directly addressed whether the *Illinois Brick* prohibition on indirect plaintiffs applies to claims based on allegations of antitrust conspiracies brought under the [Missouri Merchandising Practices Act]." 946 F.Supp. 2d at 570.

[2]    EPPs' contention that the court in *Suboxone* ignored the Missouri Supreme Court's *Gibbons* decision is thus simply wrong.

For example, EPPs request that the court allow them to assert unjust enrichment claims under the laws of Florida, Illinois, Massachusetts, Missouri, Pennsylvania, and Rhode Island pursuant to Rule 8 as "alternative" claims regardless of whether those states follow *Illinois Brick*. (*See* Pls.' Mem. at 5.) However, the EPPs' response does not cure the problem: the EPPs cannot circumvent the clear policies expressed by state legislatures that adhere to *Illinois Brick* and do not allow indirect purchaser antitrust claims.

The cases cited by the EPPs – *In re G-Fees Antitrust Litig.*, 584 F.Supp.2d 26 (D.D.C. 2008), and *King Drug Co. of Florence, Inc. v. Cephalon, Inc.*, 702 F.Supp. 2d 514 (E.D. Pa. 2010) – lend no support to the EPPs' argument. The courts in both *In re G-Fees* and *King Drug* relied on *In re Cardizem*, 105 F.Supp. 2d 618 (E.D. Mich. 2000), in refusing to dismiss unjust enrichment claims by indirect purchasers. *See G-Fees*, 584 F.Supp. 2d at 46; *King Drug*, 702 F.Supp. 2d at 540-41. However, as courts have recognized, "the *Cardizem* court did not hold that indirect purchaser plaintiffs who lacked standing under a state antitrust statute could repackage that claim as an unjust enrichment claim." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 599 F. Supp. 2d 1179, 1192 (N.D. Cal. 2009) (dismissing unjust enrichment claims that "would allow plaintiffs to circumvent limitations of state antitrust laws").[3]

The EPPs also attempt to save their unjust enrichment claims under the laws of Florida, Massachusetts, Missouri, and Pennsylvania by pointing to the fact that those states' consumer protection laws purportedly allow indirect purchasers to sue for damages. However, EPPs do not cite to any cases from those states upholding unjust enrichment claims stemming from indirect antitrust injuries. (Pls.' Mem. at 5.) The state court cases cited by the EPPs did not even address

---

[3] *See also United Food & Commercial Workers*, 74 F.Supp. 3d at 1089-91 (rejecting indirect purchasers' reliance on *Cardizem* in dismissing unjust enrichment claims as an end-run around the *Illinois Brick* prohibition).

the viability of unjust enrichment claims in light of the state's refusal to adopt an *Illinois Brick* repealer statute. *See Mack v. Bristol-Myers Squibb Co.*, 673 So.2d 100 (Fla. Dist. Ct. App. 1996) (addressing Florida Antitrust Act and Florida Deceptive and Unfair Trade Practices Act claims); *Ciardi v. F. Hoffman-La Roche, Ltd.*, 762 N.E.2d 303 (Mass. 2002) (addressing Massachusetts consumer protection act claims); *Pa. ex rel. Creamer v. Monumental Props., Inc.* 329 A.2d 812 (Pa. 1974) (addressing Pennsylvania consumer protection law claim); *Gibbons*, 216 S.W. 3d 667 (addressing Missouri consumer protection law claim). Accordingly, the EPPs' attempt to save their unjust enrichment claims should fail. *See United Food & Commercial Workers*, 74 F.Supp. 3d at 1089 n.49 (dismissing indirect purchasers' unjust enrichment claims because they "provide *no authority* from any of the 24 specifically identified jurisdictions showing that any of them would allow unjust enrichment claims stemming from indirect antitrust injury when plaintiffs are precluded from bringing indirect claims") (emphasis in original).

The EPPs' efforts to avoid dismissal of their unjust enrichment claims by attempting to distinguish the relevant cases from Pennsylvania, Missouri, Illinois and Rhode Island also fail. For example, the EPPs attempt to distinguish *Stutzle v. Rhone-Poulenc S.A.*, No. 002678, 2003 WL 22250424, at *2 (Pa. Ct. Com. Pl. Sept. 26, 2003), which held that an unjust enrichment claim for an antitrust violation is not permitted under Pennsylvania law. While EPPs contend that *Stutzle* is distinguishable because plaintiffs in that case did not plead a statutory claim under Pennsylvania law, their argument disregards the fact that "Pennsylvania has no general antitrust statute and no statute that creates a private right of action against restraints of trade or monopolization." *In re K-Dur Antitrust Litig.*, No. 01-1652, 2008 WL 2660780, at *4 (D.N.J. Feb. 28, 2008). Notably, courts have relied on *Stutzle* and dismissed unjust enrichment claims recognizing that "[p]laintiffs have not cited…any case awarding damages under Pennsylvania law

5

for antitrust violations [but] [o]n the contrary, the courts that have expressly considered this issue have concluded that no private remedy for damages is available under Pennsylvania law." *Id.* (dismissing unjust enrichment claims because they were precluded by Pennsylvania law).[4] Thus, the EPPs' unjust enrichment claims are precluded by Pennsylvania law.[5]

The EPPs' contention that their unjust enrichment claims under Illinois law should not be dismissed because Illinois purportedly recognizes unjust enrichment as an independent cause of action is similarly without merit. The legislature of Illinois has adopted a clear policy of prohibiting class actions asserting indirect purchaser antitrust claims such as the action brought by the EPPs.[6] *See In re Flonase Antitrust Litig.*, 692 F.Supp. 2d 524, 539 (E.D. Pa. 2010) (dismissing Illinois unjust enrichment claim by indirect purchasers given that "Illinois law aligns with *Illinois Brick* [and] …[i]ndirect purchaser class actions are precluded under the Illinois Antitrust Act or under [the Illinois Consumer Fraud and Deceptive Business Practices Act]"). Thus, permitting the

---

[4] *See In re Solodyn Antitrust Litig.*, No. 14-md-02503, 2015 WL 5458570, at *18 (D. Mass. Sept. 16, 2015) (dismissing unjust enrichment claim arising under Pennsylvania law, among other states).

[5] The EPPs' argument that they are permitted to plead their claims in the alternative under *United States v. Kensington Hosp.*, 760 F. Supp. 1120 (E.D. Pa. 1991), fares no better because that case is distinguishable and provides no support for EPPs' contention. In *Kensington Hosp.*, the court examined whether the Federal Rules would permit a plaintiff to pursue alternative theories of recovery based both on breach of contract and unjust enrichment, where the existence of a contract would preclude recovery under unjust enrichment. Significantly, the relationship between the two parties was alleged to have been only partially defined by a contract. By contrast, by excluding the ability of EPPs to recover on these types of indirect purchaser claims, Pennsylvania has expressed a clearly defined policy against attempts to recover for antitrust violation, and EPPs must not be allowed to use equity to circumvent that policy.

[6] Under the Illinois Antitrust Act, only the Illinois Attorney General may bring a class action asserting indirect purchaser antitrust claims. *See* 740 Ill. Comp. Stat. § 10/7.

EPPs to maintain their unjust enrichment claim under Illinois law would clearly amount to an end-run around Illinois' ban on such indirect purchaser class actions.[7]

The EPPs' contention that their Rhode Island unjust enrichment claims should not be dismissed because Rhode Island purportedly recognizes standalone unjust enrichment claims fares no better. The legislature of Rhode Island has also adopted a clear policy of prohibiting indirect purchaser antitrust claims such as the action brought by the EPPs. Although Rhode Island recently (in July 2013) enacted an *Illinois Brick* repealer statute, R.I. Gen. Laws § 6-36-7(d), that statute, as this Court expressly held, does not apply retroactively to conduct, like that alleged here, that occurred before the statute's passage. *See* Doc. 151 at 34 (dismissing the EPPs' Rhode Island antitrust claim). The EPPs ignore cases in which courts have dismissed indirect purchasers' unjust enrichment claims under the prior regime, which applies here. *See United Food & Commercial Workers*, 74 F.Supp. 3d at 1090 (dismissing indirect purchasers' Rhode Island unjust enrichment claim); *In re Graphics Processing Units Antitrust Litig.*, 527 F.Supp.2d 1011, 1030 (N.D. Cal. 2007) (dismissing claims under Rhode Island consumer protection laws because "Rhode Island does not permit state-law antitrust claims by indirect purchasers"). [8]

---

[7] Furthermore, the cases cited by the EPPs do not establish that unjust enrichment is an independent cause of action for the EPPs under Illinois law. In *Cleary v. Phillip Morris, Inc.* 656 F.3d 511 (7th Cir. 2011), the Seventh Circuit did not resolve definitively whether Illinois law recognizes unjust enrichment as an independent cause of action but did acknowledge its decision in *Siegel v. Shell Oil Co.,* 612 F.3d 932, 933 (7th Cir. 2010), in which it previously dismissed unjust enrichment claims that were premised on the same conduct that the Court deemed insufficient to support a claim under Illinois consumer protection law. *Cleary*, 656 F.3d at 517-18. *See Sheet Metal Workers Local 441 Health & Welfare Plan v. GlaxoSmithKline, PLC*, 737 F.Supp. 2d 380, 425 (E.D. Pa. 2010) (dismissing plaintiffs' unjust enrichment claims under Illinois law because plaintiffs had no consumer protection claim).

[8] Furthermore, the case cited by the EPPs for the proposition that unjust enrichment is an independent cause of action under Rhode Island law does not support EPPs' argument they may bring unjust enrichment claims because that case involved facts and claims that are distinguishable from those asserted by the EPPs. In *Dellagrotta v. Dellagrotta*, 873 A.2d 101 (R.I. 2005), the defendant asserted a counter-claim for the value of improvements she made to a house that

Finally, the EPPs' reliance on *Gibbons* for the proposition that Missouri consumer protection law permits indirect purchaser claims is also misplaced. As set forth in Section A, *Gibbons* did not involve facts in the antitrust context and does not support the EPPs' contention that their unjust enrichment claims under Missouri law are permitted.

**C. Because The EPPS Cannot Allege That They Conferred Any Direct Benefit On Defendants, Their Unjust Enrichment Claims Under The Laws Of Florida, Kansas, Maine, Michigan, North Carolina, North Dakota, and Utah Must Be Dismissed.**

While the EPPs cite to decisions from other district courts for the proposition that their unjust enrichment claims are not barred by a lack of a direct benefit to Defendants, they completely ignore the case cited by Defendants in which a judge *of this court* dismissed unjust enrichment claims asserted by indirect purchasers for this precise reason. As Judge Gettleman held, because "[a]ny benefit that [the indirect purchaser] plaintiffs have conferred …would be on others in the chain of distribution from whom they purchased, not on [the manufacturer defendants,]…[o]nly the direct purchasers have conferred a direct benefit on defendants." *In re Aftermarket Filters Antitrust Litig.*, No. 08-4883, 2010 WL 1416259, at *3 (N.D. Ill. Apr. 1, 2010). On this basis, the court dismissed the indirect purchasers' unjust enrichment claims under "the laws of Kansas, Maine, Michigan, North Carolina, [and] Utah[.]"*Id.* The EPPs' unjust enrichment claims should similarly be dismissed.[9]

---

plaintiffs were seeking to get back from the defendant. The defendant sought to recover under a theory of unjust enrichment claiming that it would be unjust to allow plaintiffs to retain the house without compensating her for the improvements.

[9] Notably, the EPPs do not even try to distinguish the precedent under the laws of North Dakota cited by Defendants that affirmatively requires a showing of direct benefit. *See Apache Corp. v. MDU Res. Group, Inc.*, 603 N.W.2d 891, 895 (N.D. 1999) (holding that trial court did not err in concluding unjust enrichment claim was not proved when there was no direct benefit conferred).

**D.    The EPPs' Unjust Enrichment Claim Under California Law Must Be Dismissed.**

The EPPs do not dispute that numerous California courts, the Ninth Circuit and courts across the country have concluded that California law does not recognize unjust enrichment as a cause of action. (*See* Defendants' Memorandum of Law in Support of Their Partial Motion to Dismiss EPPs' Second Consolidated Amended Class Action Complaint (Doc. 188) at 5). Rather, the EPPs contend that the rejection of unjust enrichment claims by these courts is one of "semantics" distinguishing between unjust enrichment, restitution and quasi-contract without a difference. (Pls.' Mem. at 12.) However, contrary to the EPPs' claims of "semantics," the courts have plainly held that "restitution based on unjust enrichment/quasi contract **does not state an independent cause of action** that can stand on its own[.]" *Ang v. Bimbo Bakeries USA, Inc.*, No. 13-cv-01196, 2013 WL 5407039, at *11 (N.D. Cal. Sept. 25, 2013) (emphasis added) (internal quotation omitted).[10] Accordingly, the EPPs' unjust enrichment claim under California law should be dismissed.

**E.    The EPPs' Purported Damages Are Too Remote For Recovery Under Iowa Law.**

Defendants have also moved to dismiss the EPPs' unjust enrichment claim under Iowa law because the EPPs' purported damages are too remote to sustain their claim. In response, the EPPs cite *Iowa ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142 (Iowa 2001), for the proposition that EPPs have alleged all of the essential elements of an unjust enrichment claim under Iowa law. *Palmer*, however, did not involve application of unjust enrichment in the indirect purchaser context. Rather, it involved a third-party claim for unjust enrichment in connection with the

---

[10]    EPPs' reliance on *Berger v. Home Depot, Inc.*, 741 F.3d 1061 (9th Cir. 2014), is misplaced. Despite EPPs' reference to the Ninth Circuit's statement about "the elements of unjust enrichment," *Berger* did not hold and does not demonstrate that California recognizes unjust enrichment as a cause of action.

9

management of the state and federal Medicaid program in Iowa. In that case, the State of Iowa alleged that Unisys had miscalculated the payment rates that the State utilized in its Medicaid contracts with certain health maintenance organizations ("HMOs"). The State alleged that as a result of this miscalculation, it overpaid between $15 million and $17.5 million to the HMOs. Unisys sought to recover the overpayments from the HMOs on the grounds of unjust enrichment. Thus, the facts underlying the unjust enrichment claim in *Palmer* are completely distinguishable from the facts alleged by the EPPs.

F.  **The EPPs' Have Not Alleged Unconscionable Or Inequitable Conduct Required By New Hampshire Law.**

The EPPs' attempts to save their New Hampshire unjust enrichment claims also have no merit. Neither of the cases relied on by the EPPs addressed whether an unjust enrichment claim under New Hampshire law had been adequately pleaded where the complaint did not sufficiently allege inequitable conduct. Rather, the EPPs' cases involve completely different issues. For example, the court in *In re Chocolate Confectionary Antitrust Litig.*, 749 F.Supp. 2d 224 (M.D. Pa. 2010), ruled that unjust enrichment claims under New Hampshire law could be plead as an alternative even where the plaintiff also possessed an adequate remedy at law for purported consumer protection harms. 749 F.Supp. 2d at 240. *In re Automotive Parts Antitrust Litig.*, 29 F.Supp. 3d 982 (E.D. Mich. 2014), also did not address whether an unjust enrichment claim had been adequately pleaded but rather focused on whether the plaintiffs' unjust enrichment claim could stand where plaintiffs received the benefit of defendants' agreements. 29 F.Supp. 3d at 1023-24. Accordingly, these decisions cannot save the EPPs' New Hampshire unjust enrichment claims, where they failed to plead facts to establish the element of inequitable conduct.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss, with prejudice, the EPPs' unjust enrichment claims under the laws of California, Florida, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Missouri, New Hampshire, North Carolina, North Dakota, Pennsylvania, Rhode Island, and Utah, as well as their consumer protection claim under Missouri law.

Dated: June 1, 2016                                                   Respectfully submitted,

| | |
|---|---|
| /s/ J. Douglas Baldridge<br>J. Douglas Baldridge<br>Lisa J. Fales (admitted *pro hac vice*)<br>Danielle R. Foley (admitted *pro hac vice*)<br>**VENABLE LLP**<br>575 7th Street, NW<br>Washington, DC  20004<br>Tel.:  (202) 344-4000<br>Fax:  (202) 344-8300<br>jbaldridge@venable.com<br>ljfales@venable.com<br>drfoley@venable.com<br><br>Lawrence R. Desideri<br>Maureen L. Rurka<br>Joanna Rubin Travalini<br>**WINSTON & STRAWN LLP**<br>35 West Wacker Drive<br>Chicago, IL  60601<br>Tel.:  (312) 558-5600<br>Fax:  (312) 558-5700<br>ldesideri@winston.com<br>mrurka@winston.com<br>jtravalini@winston.com<br><br>*Counsel for Defendant*<br>*Impax Laboratories, Inc.* | /s/ Christine C. Levin<br>George G. Gordon (admitted *pro hac vice*)<br>Christine C. Levin (admitted *pro hac vice*)<br>**DECHERT LLP**<br>Cira Centre, 2929 Arch Street<br>Philadelphia, PA  19104<br>Tel.:  (215) 994 4000<br>Fax:  (215) 994-2222<br>george.gordon@dechert.com<br>christine.levin@dechert.com<br><br>Angela Liu<br>**DECHERT LLP**<br>77 West Wacker Drive, Suite 3200<br>Chicago, IL  60601<br>Tel.:  (312) 646-5800<br>Fax:  (312) 646-5858<br>angela.liu@dechert.com<br><br>*Counsel for Defendants Endo Health Solutions Inc., Endo Pharmaceuticals Inc., and Penwest Pharmaceuticals Co.* |

11

**CERTIFICATE OF SERVICE**

I, J. Douglas Baldridge, hereby certify that on June 1, 2016, I caused a true and correct copy of the foregoing document to be served on all counsel of record by operation of the electronic filing system of the United States District Court for the Northern District of Illinois.

/s/ J. Douglas Baldridge
*Counsel for Defendant Impax Laboratories, Inc.*