```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

| | |
|---|---|
| **IN RE OPANA ER ANTRITRUST LITIGATION** | **MDL Docket No. 2580**<br><br>**Case No. 14 C 10150**<br><br>**Judge Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

In their Second Consolidated Amended Class Action Complaint, End-Payor Purchaser Plaintiffs ("EPPs") bring claims under the antitrust, consumer protection, and unjust enrichment laws of numerous states against Endo Health Solutions Inc., Endo Pharmaceuticals Inc., Penwest Pharmaceuticals Co. (collectively, "Endo"), and Impax Laboratories, Inc. ("Impax") (collectively, the "Defendants"). EPPs contend that Defendants delayed the entry of generic versions of Opana ER to the Oxymorphone ER Market by entering into an illegal reverse payment agreement to settle ongoing patent infringement litigation between Endo and Impax.

Currently before the Court is Defendants' Motion to Dismiss EPPs' Second Consolidated Amended Complaint [ECF No. 188] pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, the Motion is granted in part and denied in part.

I.  **BACKGROUND**

For the sake of brevity, the Court incorporates by reference its discussion of the underlying statutory framework and factual allegations from its February 10, 2016 Memorandum Opinion and Order [ECF No. 151].

II.  **ANALYSIS**

In its February 10, 2016 Memorandum Opinion and Order, the Court dismissed EPPs' state law consumer protection and unjust enrichment claims because EPPs failed to plead sufficiently such claims under the specific laws of each state. Because the Court dismissed the claims on that basis, it did not reach the other substantive arguments Defendants had made in favor of dismissal. The Court granted EPPs leave to replead all of their state law consumer protection and unjust enrichment claims in a non-conclusory fashion, which they did. Defendants now seek dismissal of EPPs' unjust enrichment claims under the laws of California, Florida, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Missouri, New Hampshire, North Carolina, North Dakota, Pennsylvania, Rhode Island and Utah and EPPs' consumer protection claim under Missouri law.

A.  **Unjust Enrichment**

1.  *Illinois Brick*

Defendants first argue that EPPs' unjust enrichment claims under the laws of Florida, Illinois, Massachusetts, Missouri,

- 2 -

Pennsylvania and Rhode Island should be dismissed because these states have not adopted *Illinois Brick* repealer statutes. In *Illinois Brick Co. v. Illinois*, the United States Supreme Court held that only the overcharged direct purchaser, and no one else in the chain of distribution, can recover damages under federal antitrust law. *Illinois Brick Co. v. Illinois,* 431 U.S. 720, 746 (1977). "The policy of *Illinois Brick* prohibits indirect purchasers from suing the manufacturer to recover any ill-gotten gains the manufacturer has obtained by violating antitrust laws." *In re Flonase Antitrust Litig.,* 692 F.Supp.2d 524, 542 (E.D. Pa. 2010). Certain states have passed so-called "*Illinois Brick* repealer statutes" in response to the Supreme Court's decision in *California v. ARC America Corp.*, in which it held that indirect purchasers may recover damages under state antitrust laws despite *Illinois Brick*, if the state laws otherwise allow for such recovery. *California v. ARC America Corp.,* 490 U.S. 93, 101 (1989).

Defendants argue that because Florida, Illinois, Massachusetts, Missouri, Pennsylvania and Rhode Island continue to follow *Illinois Brick,* EPPs' unjust enrichment claims under the laws of these states are simply an end-run around the policy choice of *Illinois Brick*. *See, In re Lidoderm Antitrust Litig.,* 103 F.Supp.3d 1155, 1175 (N.D. Cal. 2015). EPPs respond that, under Rule 8 of the Federal Rules, they are permitted to plead

their unjust enrichment claims in the alternative, regardless of whether state antitrust law follows *Illinois Brick*. The cases EPPs cite in support of this proposition are outliers. *See, e.g., United Food & Commercial Workers Local 1776 & Participating Emp'rs Health & Welfare Fund v. Teikoku Pharma USA, Inc.*, 74 F.Supp.3d 1052, 1089 (N.D. Cal. 2014). Although the Federal Rules generally provide that "[r]elief in the alternative . . . may be demanded," FED. R. CIV. P. 8(a), they do not authorize end-runs around state laws. EPPs cannot avoid *Illinois Brick* simply by characterizing their unjust enrichment claims as alternative forms of relief. EPPs' unjust enrichment claims are seeking damages attributable to Defendants' alleged antitrust conduct. This requested alternative relief is impermissible (regardless of its form) in states that prohibit indirect purchasers from recovering damages for antitrust injuries.

EPPs next contend that the consumer protection laws of Florida, Massachusetts, Missouri and Pennsylvania either expressly permit, or do not specifically disallow, indirect purchaser actions, as has been recognized by courts in each of these states. The Florida Unfair and Deceptive Trade Practices Act ("FUDTPA") allows indirect purchases to recover damages for "unfair methods of competition" — including violations of the antitrust laws. *Mack v. Bristol-Myers Squibb Co.*, 673 So.2d

- 4 -

100, 104 (Fla. Dist. Ct. App. 1996). The Massachusetts Consumer Protection Act ("MCPA") similarly permits indirect purchaser claims based on antitrust violations. *Ciardi v. F. Hoffman-La Roche Ltd.*, 762 N.E.2d 303, 308 (Mass. 2002). Likewise under the Missouri Merchandising Practices Act ("MPA"), *Gibbons v. J. Nuckolls, Inc.*, 216 S.W.3d 667, 670 (Mo. 2007), and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("PUTPCL"), *Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 564 (3d Cir. 2008). EPPs have states claims under each of these statutes. Because indirect purchasers are allowed to recover damages for antitrust conduct under the statutes of these states, there is no reason to bar EPPs' unjust enrichment claims in Florida, Massachusetts, Missouri and Pennsylvania.

In an attempt to save their unjust enrichment claims under Illinois and Rhode Island laws, EPPs argue that these claims are permitted as independent causes of action not reliant on the states' antitrust laws. But the legislative intent behind permitting an unjust enrichment claim to stand independently of any other claim does not reflect a policy choice to allow indirect purchaser recovery for antitrust conduct in the same way as the consumer protection claims just discussed. In fact, the legislature of Illinois has adopted a clear policy prohibiting indirect purchaser antitrust claims. *See,* 740 ILCS 10/7. And although Rhode Island recently (on July 15, 2013)

- 5 -

enacted an *Illinois Brick* repealer statute, R.I. Gen. Laws § 6-37-7(d), that statute does not apply retroactively to conduct that occurred prior to its enactment. Allowing EPPs to maintain their Illinois and Rhode Island unjust enrichment claims would enable them to sidestep impermissibly those states' prohibitions on antitrust recovery for indirect purchasers. Therefore, EPPs' unjust enrichment claims under the laws of Illinois and Rhode Island are dismissed with prejudice.

### *2. Direct Benefit*

Next, Defendants contend that EPPs' unjust enrichment claims under the laws of Florida, Kansas, Maine, Michigan, North Carolina, North Dakota and Utah must be dismissed because they have not, and cannot, claim to have conferred any direct benefit on Defendants, which is an essential element of unjust enrichment in those states. There is a split of authority in the federal district courts on this point. *Compare, In re TFT-LCD (Flat Panel) Antitrust Litig.,* 599 F.Supp.2d 1189-90 (N.D. Cal. 2009) ("Whether or not the benefit is directly conferred on the defendant is not the critical inquiry; rather, the plaintiff must show that his detriment and the defendant's benefit are related and flow from the challenged conduct." (internal quotation marks omitted)) *with In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.,* 64 F.Supp.3d 665, 706 (E.D. Pa. 2014) ("By virtue of being indirect purchasers,

- 6 -

the End Payors cannot establish that they directly conferred a benefit upon [Defendant]."). The Court finds the *Flat Panel* analysis more convincing.

Unjust enrichment laws vary by state, but generally a claim requires a plaintiff to show "the receipt of a benefit whose retention without payment would result in the unjust enrichment of the defendant at the expense of the claimant." Restatement (Third), Restitution § 1, cmt. a (2011). In contending that EPPs have not shown they conferred any benefit directly on Defendants, Defendants mistakenly focus on the relationship between the parties, rather than on EPPs' injury and Defendants' conduct. *In re TFT-LCD (Flat Panel) Antitrust Litig.,* 2011 WL 4501223, at *7 (N.D. Cal. Sept. 28, 2011). The critical inquiry is whether the Defendants received a benefit at EPPs' expense.

EPPs allege that they bought Opana ER at supracompetive prices, and that the extra money they paid for the drug passed through directly to Defendants. Thus, under EPPs' theory of the case, Defendants received a benefit to EPPs' detriment. *See, Flat Panel,* 2011 WL 4501223, at *7 ("[T]here are no intervening events that disrupt the flow of money from plaintiffs to defendants. Although termed 'indirect,' plaintiffs have provided evidence . . . that the money they paid was 'passed through' directly to defendants."). In the Court's view, this is sufficient to state a claim of unjust enrichment.

Defendants' Motion to Dismiss EPPs' unjust enrichment claims under the laws of Florida, Kansas, Maine, Michigan, North Carolina, North Dakota and Utah is denied.

### 3. *California*

Defendants argue that EPPs' unjust enrichment claim based on California law must be dismissed because California does not recognize unjust enrichment as a cause of action. Precedent within California is inconsistent as to whether a claim for unjust enrichment is viable. *Compare, Dunkel v. eBay Inc.,* 2013 WL 415584, at *11 (N.D. Cal. Jan. 31, 2013) ("Simply put, there is no cause of action in California for unjust enrichment." (quotation marks and citations omitted)) *with Peterson v. Cellco P'ship,* 80 Cal. Rptr. 3d 316, 323-24 (Cal. Ct. App. 2008) (analyzing whether plaintiff had stated a claim for unjust enrichment without finding that it was unavailable under California law).

In *Baggett v. Hewlett-Packard Co.,* a federal district court in California noted that California courts seem particularly reluctant to allow an unjust enrichment claim where the plaintiff may pursue a similar remedy under another claim. *Baggett v. Hewlett-Packard Co.,* 582 F.Supp.2d 1261, 1270-71 (C.D. Cal. 2007). Thus, the *Baggett* court dismissed the plaintiff's unjust enrichment claim in light of his other claims because it would "add nothing to his available relief." *Id.* at

1271; *see also*, *Falk v. Gen. Motors Corp.*, 496 F.Supp.2d 1088, 1099 (N.D. Cal. 2007) (stating that there was "no occasion for resort to unjust enrichment" where there were other remedies available to the plaintiff). The Court finds the analysis in *Baggett* and *Falk* to be persuasive. EPPs have brought a viable claim for violation of California's antitrust law, and "the unjust enrichment claim will add nothing to [their] available relief." *Baggett*, 582 F.Supp.2d at 1271. Therefore, the unjust enrichment claim under California law is dismissed with prejudice.

### 4. Iowa

Iowa law, Defendants contend, does not allow indirect purchaser unjust enrichment claims because the injuries are too remote. *See*, *Southard v. VISA U.S.A. Inc.*, 734 N.W.2d 192, 199-200 (Iowa 2007). In *Southard,* the Iowa Supreme Court dismissed the consumer-plaintiffs' unjust enrichment claims based on fees imposed on merchants by credit card companies, which the plaintiffs argued were passed on to consumers via higher prices of goods sold by the merchants. *Id.* at 199. In concluding that the plaintiffs' injuries were too remote to support recovery, the Court noted that the plaintiffs were "not indirect purchasers of the defendants' services; they were nonpurchasers." Here, it is undisputed that EPPs were indirect purchasers of Opana ER. They allege that they purchased the

product at supracompetitive prices and that those overcharges passed through directly to Defendants. Their injury is not remote; EPPs have sufficiently stated a claim for unjust enrichment under Iowa law. *See, Comes v. Microsoft Corp.*, 696 N.W.2d 318 (Iowa 2005).

### 5. *New Hampshire*

Defendants argue that, under New Hampshire law, a plaintiff must show "unconscionable" or "inequitable" conduct in order to recover under a theory of unjust enrichment. This is true; under New Hampshire law, unjust enrichment is "an equitable remedy, found where an individual receives 'a benefit which would be *unconscionable* for him to retain.'" *Clapp v. Goffstown Sch. Dist.*, 977 A.2d 1021, 1024–25 (2009); *Kowalski v. Cedars of Portsmouth Condo. Assoc.*, 769 A.2d 344 (2001). Therefore, Defendants are liable under a theory of unjust enrichment if "equity and good conscience requires" disgorgement of the benefit they allegedly received from EPPs. *Clapp,* 977 A.2d at 1025.

Defendants contend that EPPs have failed to allege any facts sufficient to demonstrate that Defendants' conduct was unconscionable or inequitable and therefore their unjust enrichment claim fails under New Hampshire law. In the Second Amended Complaint, EPPs allege that Defendants delayed market entry of generic Opana ER and forced plaintiffs to pay

supracompetitive prices by entering into an illegal settlement of their ongoing patent infringement litigation. EPPs further allege that they made purchases of, or reimbursements for, branded and generic versions of Opana ER at prices that were more than they would have been absent Defendants' illicit agreement. If true, it would certainly be unconscionable to allow Defendants to retain the benefit they received as a result of EPPs' overpayments. The Motion to Dismiss EPP's unjust enrichment claim under New Hampshire law is denied.

### B. Missouri Consumer Protection Claim

Finally, Defendants contend that EPPs' consumer protection claim under Missouri law should be dismissed because it is nothing more than an end-run around the policy of *Illinois Brick* discussed previously. The Court has, in essence, already rejected this argument in denying Defendants' Motion to Dismiss EPPs' unjust enrichment claim under Missouri law.

The MPA — Missouri's consumer protection law — covers the "act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." Mo. Ann. Stat. § 407.020. This broad language clearly encompasses the antitrust conduct alleged by EPPs. *Ports Petroleum Co., Inc. of*

*Ohio v. Nixon,* 37 S.W.3d 237, 240 (Mo. banc 2001) ("For better or worse, the literal words cover every practice imaginable and every unfairness to whatever degree."). Moreover, the Supreme Court of Missouri has interpreted the MPA as permitting indirect purchasers to recover damages for violations of the Act. *Gibbons,* 216 S.W.3d at 669 ("The statute's plain language does not contemplate a direct contractual relationship between plaintiff and defendant . . . . [It] contemplates that other parties, besides the direct purchaser or contracting party, who suffer damages resulting from the violator's prohibited conduct under the Act are included . . . ."). Thus, in Missouri, courts have not adhered to the rationales of *Illinois Brick,* such as avoiding duplicative recovery and complex apportionment problems, because indirect purchaser claims under the consumer protection laws might also lead to duplicative recovery or complicated apportionment issues. Given the broad scope of conduct prohibited under the MPA and the class of people who may recover for violations of the Act, it would seem incongruous to prohibit EPPs' claim under the policy of *Illinois Brick*. The Motion to Dismiss EPPs' consumer protection claim under the Missouri law is denied.

### III. CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss EPPs' Second Consolidated Amended Class Action Complaint

[ECF No. 188] is granted in part and denied in part. EPPs' unjust enrichment claims under the laws of California, Illinois and Rhode Island are dismissed with prejudice.

**IT IS SO ORDERED.**

                                    Harry D. Leinenweber, Judge
                                    United States District Court

Dated: August 11, 2016