UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE OPANA ER ANTITRUST LITIGATION | MDL No. 2580 |
| | Lead Case No. 14-cv-10150 |
| THIS DOCUMENT RELATES TO: | Hon. Harry D. Leinenweber |
| Direct Purchaser Actions<br>End-Payor Actions | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF INTENT TO MOVE FOR LEAVE TO FILE SURREPLIES IN OPPOSITION TO CLASS CERTIFICATION**

Plaintiffs[1] respectfully submit this response to Defendants'[2] Notice of Intent to Move for Leave to File Surreplies in Opposition to Class Certification (ECF No. 478).

It seems clear that Defendants' objective is to delay this case. Given that the parties had previously submitted a schedule providing for summary judgment and *Daubert* briefing starting in February 2020 (ECF No. 456), any proposed surreplies should have already been submitted and certainly should be filed well before Defendants' self-declared deadline of January 31, 2020.[3] Plaintiffs filed their class certification reply briefs and served expert rebuttal reports on

---

[1] "Plaintiffs" are (1) Direct Purchaser Plaintiffs Value Drug Company, Meijer, Inc. and Meijer Distribution ("DPPs"); and (2) End-Payor Plaintiffs Plumbers and Pipefitters Local 178 Health & Welfare Trust Fund, Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana, Fraternal Order of Police, Miami Lodge 20, Insurance Trust Fund, Wisconsin Masons' Health Care Fund, Pennsylvania Employees Benefit Trust Fund, and International Union of Operating Engineers, Local 138 Welfare Fund ("EPPs").

[2] "Defendants" are (1) Endo Health Solutions Inc., Endo Pharmaceuticals Inc., and Penwest Pharmaceuticals Co. (collectively, "Endo") and (2) Impax Laboratories, Inc.

[3] It is noteworthy that during the meet and confer regarding Defendants' filing of their December 19, 2019 notice, Defendants initially proposed January 22, 2020 as the deadline to submit their motion for

November 5, 2019 in accordance with the operative schedule. ECF No. 448. Although not previously contemplated by the parties, Defendants now propose submitting surreplies nearly three months after Plaintiffs' timely submissions.[4] There is absolutely no reason for Defendants to file surreplies at all, but certainly no reason for Defendants to take such an excessive amount of time to submit proposed surreplies with a motion seeking leave to file. And the delay caused by such a tardy submission would only be exacerbated by the fact that Plaintiffs would then need time to evaluate and respond substantively to the surreplies.

Defendants' proposal to file their motion for leave at the end of January potentially means that briefing could extend well into February. To justify such a delay, Defendants imply that, because the Court is in what they describe as "recess" until February 1, 2020, this case is effectively stayed in the interim. Plaintiffs are not aware of any order staying this case and there is no reason that Defendants could not file their motion for leave much sooner than they propose. A deadline of January 10, 2020 would be more than nine weeks from Plaintiffs' submissions and would allow Plaintiffs time to respond by the end of January, well before the February 12, 2020 status conference. ECF No. 476.

Moreover, contrary to Defendants' suggestion, as Plaintiffs previously explained to Defendants,[5] Plaintiffs do not believe there is any basis for Defendants to submit supplemental

---

leave to file surreplies. Plaintiffs advised Defendants that they viewed January 22, 2020 as being unreasonably late. Defendants then proposed the even later date of January 31, 2020 in their filing, to Plaintiffs' surprise.

[4] The Court's schedule provided approximately two months between Defendants' rebuttal reports and class oppositions and Plaintiffs' responsive submissions. *See* ECF No. 448.

[5] Defendants mischaracterize Plaintiffs' position in their notice where they state that Plaintiffs "believe it is premature to take a position on whether they will oppose Defendants' motion for leave until they have had an opportunity to review the proposed surreplies." ECF No. 478 at fn. 1. As Plaintiffs made clear during discussions with Defendants, Plaintiffs do not believe there is any basis for Defendants to submit supplemental expert reports or surreplies in opposition to class certification. But Plaintiffs cannot

2

expert reports responding to the rebuttal reports of Plaintiffs experts or to submit surreplies to the DPPs' and EPPs' respective motions for class certification.[6]

Accordingly, Plaintiffs respectfully request that the Court not permit Defendants to inject needless delay into the schedule with the submission of a motion for leave to file surreplies on class certification and unwarranted surrebuttal expert reports in opposition to class certification on January 31, 2020. To the extent the Court is inclined to allow Defendants to make such a submission, Plaintiffs ask that Defendants be directed to do so no later than January 10, 2020.

Dated: December 20, 2019

Respectfully Submitted,

/s/ Andrew C. Curley
David F. Sorensen
Andrew C. Curley
Caitlin G. Coslett
Richard D. Schwartz
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
T: (215) 875-3000
F: (215) 875-4604
dsorensen@bm.net
acurley@bm.net
ccoslett@bm.net
rschwartz@bm.net

/s/ Bruce E. Gerstein
Bruce E. Gerstein
Jonathan M. Gerstein
GARWIN GERSTEIN & FISHER, LLP
Wall Street Plaza
88 Pine Street, 10th Floor
New York, NY 10005
T: (212) 398-0055
F: (212) 764-6620
bgerstein@garwingerstein.com
jgerstein@garwingerstein.com

*Interim Co-Lead Counsel for the Direct Purchaser Class*

---

substantively respond to Defendants' specific arguments supporting any motion for leave until they see the actual surreplies Defendants seek leave to file. Despite first raising the purported need to file surreplies on December 13, 2019, Defendants now seek to delay revealing those proposed surreplies until January 31, 2020.

[6] EPPs disagree, for example, with Defendants' representations about both Ms. Craft's report, which is proper rebuttal, and the EPPs' revised class definitions, which are simply subsets or clarifications of the existing class definitions.

| | |
|---|---|
| /s/ Gregory S. Asciolla | /s/ Michael J. Freed |
| Gregory S. Asciolla | Michael J. Freed |
| Karin E. Garvey | Robert J. Wozniak |
| Matthew J. Perez | FREED KANNER LONDON |
| LABATON SUCHAROW LLP | & MILLEN LLC |
| 140 Broadway | 2201 Waukegan Road, Suite 130 |
| New York, NY 10005 | Bannockburn, IL 60015 |
| T: (212) 907-0700 | T: (224) 632-4500 |
| F: (212) 818-0477 | F: (224) 632-4521 |
| gasciolla@labaton.com | mfreed@fklmlaw.com |
| kgarvey@labaton.com | rwozniak@fklmlaw.com |
| mperez@labaton.com | |

*Interim Co-Lead Counsel for the End-Payor Purchaser Class*