# EXHIBIT 19

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ENDO PHARMACEUTICALS INC.<br>and PENWEST PHARMACEUTICALS CO.,<br>　　　Plaintiffs,<br><br>v.<br><br>IMPAX LABORATORIES, INC.<br>　　　Defendant. | : | C.A. No. 09-831 (KSH) (PS) |
| ENDO PHARMACEUTICALS INC.<br>and PENWEST PHARMACEUTICALS CO.,<br>　　　Plaintiffs,<br><br>v.<br><br>SANDOZ, INC.<br>　　　Defendant. | : | C.A. No. 09-836 (KSH) (PS) |
| ENDO PHARMACEUTICALS INC.<br>and PENWEST PHARMACEUTICALS CO.,<br>　　　Plaintiffs,<br><br>v.<br><br>BARR LABORATORIES, INC.<br>　　　Defendant. | : | C.A. No. 09-838 (KSH) (PS) |

**AMENEDED ORDER ON CLAIM CONSTRUCTION**

This matter having been opened to the Court by the parties and by the Scheduling Orders of United States Magistrate Judge Patty Shwartz, and the Court having considered the parties' respective submissions and argument in support of their proposed constructions of the disputed

CONFIDENTIAL

EPI001606261

ENDO-OPANA-000066148

terms of U.S. Patent No. 5,662,933 ("the '933 Patent") and U.S. Patent No. 5,948,456 ("the '456 Patent"), and the Court having conducted a Markman Hearing on December 21, 2009, and a continuation of said Hearing on March 19, 2010, and for good cause shown,

**IT IS** on this 5th day of April, 2010,

**HEREBY ORDERED** that pursuant to the stipulation and agreement of the parties to these matters, and solely for purposes of claim construction in the above-captioned actions, the Court construes the following disputed terms in the asserted claims of the '933 Patent as follows:

1. The term "gum" as used in the claims of the '933 Patent means "a plant or microbial polysaccharide or its derivatives that when dispersed in water at low dry substance content swells to produce gels or highly viscous dispersions or solutions."

2. The term "heteropolysaccharide" as used in the claims of the '933 Patent means "a water soluble polysaccharide containing two or more kinds of sugar units, the heteropolysaccharide having a branched or helical configuration, and having water-wicking and thickening properties."

3. The term "homopolysaccharide" as used in the claims of the '933 Patent means "a polysaccharide composed of only one type of monosaccharide, and also galactomannans."

**IT IS FURTHER ORDERED** that for the reasons set forth on the record by the Court at the continuation of the Markman Hearing held on March 19, 2010, the Court construes the following disputed terms in the asserted claims of the '933 Patent and the '456 Patent as follows:

CONFIDENTIAL

EPI001606262

ENDO-OPANA-000066149

1. The term "medicament plasma concentration-time curve" as used in the claims of the '933 Patent means "a curve representing the relationship of medicament plasma concentration versus time in a study population."

2. The term "from about 25% to about 50%" as used in the claims of the '933 and '456 Patents means "from 24.5% to 50.4%."

3. The term "sustained release" as used in the claims of the '933 and '456 Patents means "the active medicament is released at a controlled rate such that therapeutically beneficial blood levels of the medicament are maintained over a period of at least 12 hours."

4. The term "hydrophobic material" as used in the claims of the '933 and '456 Patents means "a material which is effective to slow the hydration of the gelling agent without disrupting the hydrophilic matrix."

                    /s/ Katharine S. Hayden
                Hon. Katharine S. Hayden, U.S.D.J.

CONFIDENTIAL

EPI001606263
ENDO-OPANA-000066150