# EXHIBIT 1

Page 1

```
 1              UNITED STATES COURT OF APPEALS
                    FOR THE THIRD CIRCUIT
 2
 3   IN RE:
 4   LAMICTAL DIRECT PURCHASER    )
     ANTITRUST LITIGATION         ) Case No. 19-1655
 5                                )
                                  ) March 9, 2020
 6                                )
                                  ) 601 Market Street
 7                                )
                                  ) Philadelphia, PA
 8                                )
                                  ) 2:00 p.m. - 2:40 p.m.
 9
                          ARGUMENT
10
11
     BEFORE THE HONORABLES:   HON. AMBRO
12                            HON. KRAUSE
                              HON. PHIPPS
13
     APPEARANCES:
14
     For Appellants:          DEVORA W. ALLON, ESQ.
15
16
     For Appellees:           CAITLIN G. COSLETT, ESQ.
17
18
19
20
21
22
23        Veritext National Court Reporting Company
                     Mid-Atlantic Region
24          1801 Market Street - Suite 1800
                   Philadelphia, PA 19103
25                  1-888-777-6690
```

|  |  I N D E X |  |
|---|---|---|
|  |  | PAGE |
| 3 | ARGUMENT, BY MS. ALLON | 3 |
| 4 | ARGUMENT, BY MS. COSLETT | 16 |
| 5 | REBUTTAL ARGUMENT, BY MS. ALLON | 40 |

1  members.  That's akin to the -- the defendants'
2  argument here that they would like to assert class
3  member-specific arguments related to whether some
4  class members may have benefited from brand
5  discounting.  Again, the evidence shows that that is
6  not the case, and defendants, you know, would like to
7  come forward and prove that some class members were
8  uninjured.  That -- that possibility that defendants
9  would like to bring individualized defenses, again,
10 it's not -- it's not sufficient to defeat
11 predominance, under Hydrogen Peroxide or Tyson Foods.
12                JUDGE AMBRO:  Thank you very much.
13                MS. COSLETT:  Thank you.
14                JUDGE AMBRO:  Ms. Allon?
15                MS. ALLON:  Thank you, Your Honor.
16 This court made clear in Hydrogen Peroxide that
17 plaintiffs cannot plausibly carry their burden to show
18 that antitrust injury is suited for common proof, when
19 their common proof relies on a mischaracterization of
20 the relevant market.  That's exactly what happened
21 here.  Teva never set prices, as if it was the only
22 company selling generic lamotrigine.
23                From day one, it faced price
24 competition from the contracting strategy, which
25 forced Teva to preemptively lower prices for some

```
 1   purchasers, but not others, just like it would have,
 2   had it faced competition from a second generic
 3   manufacturer.  That is reflected in the
 4   contemporaneous evidence.  It's in the record at A-475
 5   and A-338.
 6                    The contracting strategy was unique.
 7   GSK told some of its largest customers that it would
 8   offer them 40 to 50 percent discounts on the brand,
 9   but in exchange, what those customers had to do was --
10   if a patient came in with a prescription for the
11   generic, they had to dispense the brand.  So from
12   Teva's perspective, the contracting strategy was just
13   like another generic competitor.
14                    JUDGE KRAUSE:  To the extent there's
15   disputed facts on this point and it seems so critical
16   to the -- the fact of injury for -- for individual --
17   individual pharmacies in the marketplace, are you
18   asking for a vacate and remand?  Are you asking for a
19   reversal?  Is the -- is the evidence so clear that --
20   that the latter could even be a disposition?
21                    MS. ALLON:  Well -- well, Your Honor, I
22   do believe that this court could reverse the grant of
23   class certification, because plaintiffs have no
24   evidence, let alone common -- they have no evidence
25   that can show injury to any purchaser.  At a minimum,
```