**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE OPANA ER ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>End-Payor Actions | MDL No. 2580<br><br>Lead Case No. 14-cv-10150<br><br>Hon. Harry D. Leinenweber |

**END-PAYOR CLASS PLAINTIFFS' RESPONSE TO**
**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

The End-Payor Class Plaintiffs ("EPPs") respectfully file this response to Defendants' Notice of Supplemental Authority (ECF No. 591) regarding the recent Eastern District of Pennsylvania order denying certification of an end-payor class in *In re Niaspan Antitrust Litigation* (ECF No. 591-1).

**Ascertainability:** Defendants' reliance on the ascertainability portion of the *Niaspan* ruling is misplaced. Unlike the Third Circuit, Seventh Circuit law squarely rejects the practice of moving "beyond examining the adequacy of the class definition itself to examine the potential difficulty of identifying particular members of the class and evaluating the validity of claims they might eventually submit." *Mullins v. Digital Direct, LLC*, 795 F.3d 654, 659 (7th Cir. 2015) (as quoted in EPP Class Cert. Reply, ECF No. 469 at 3).

**Predominance and Superiority:** Similarly, the *Niaspan* court's rejection of Dr. Rosenthal's use of average prices to determine classwide injury runs counter to the law in the Seventh Circuit and elsewhere. *See, e.g.*, ECF No. 469 at 14 & n.50 (collecting cases approving use of averages to establish impact and damages). So too does the *Niaspan*'s court's insistence on the need to identify purportedly uninjured class members through common evidence. *Id.* at 13

& n.35 (collecting Seventh Circuit cases rejecting need for common evidence to identify and exclude specific class members).[1]

Finally, the *Niaspan* court's finding that state law variations defeated predominance and superiority is inapposite here. Even according to *Niaspan*, "courts may 'certify nationwide classes where differences in state law f[a]ll into a limited number of predictable patterns and any deviations could be overcome at trial by grouping similar state laws together and applying them as a unit.'" ECF No. 591-1, at 66 (quoting *Grandalski v. Quest Diagnostics Inc.*, 767 F.3d 175, 183 (3d Cir. 2014)). Unlike the *Niaspan* plaintiffs who sought to certify a class under 53 different state laws, EPPs here: (1) do not seek to sweep dozens of claims into a single class but instead propose grouping similar claims into corresponding classes and subclasses; (2) offer detailed analyses demonstrating the similarities between like claims rather than "*ipse dixit* that there are no significant variations between the various state laws" (ECF No. 591-1 at 68). *See* ECF No. 439 (EPP Class Cert. Br.) at Exs. 12-14; and (3) offer a proposed trial plan and verdict sheet that provide a framework for trying EPPs' state law claims. *See id.* at Exs. 15-16.

Dated: June 11, 2020

Respectfully submitted,

*/s/ Gregory S. Asciolla*
Gregory S. Asciolla
Karin E. Garvey
Matthew J. Perez
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
(212) 907-0700

*/s/ Michael J. Freed*
Michael J. Freed
Robert J. Wozniak
Brian M. Hogan
FREED KANNER LONDON
 & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
(224) 632-4500

*Interim Co-Lead Counsel for the End-Payor Classes*

---

[1] The *Niaspan* court also held that any method must protect a defendant's constitutional rights, but as explained in EPPs' class certification briefs, no such issue is raised because Defendants will have an opportunity to challenge the aggregate damages. *See* ECF No. 439 at 30; ECF No. 469 at 5 & n.21.