**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE OPANA ER ANTITRUST LITIGATION | MDL No. 2580 |
| | Lead Case No. 14-cv-10150 |
| THIS DOCUMENT RELATES TO: | Hon. Harry D. Leinenweber |
| All Actions | **PUBLIC VERSION** |

**REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO PARTIALLY
EXCLUDE THE OPINIONS AND PROPOSED TESTIMONY OF JANET K. DELEON**[1]

---

[1] References to Exhibits #1 through #12 correspond to documents filed with Defendants' Opening Brief (ECF No. 515). Exhibits #13 through #14 are attached hereto.

In Defendants' Motion to Partially Exclude The Opinions and Proposed Testimony of Janet K. DeLeon, Defendants explained that Ms. DeLeon's testimony regarding Reformulated Opana ER should be excluded because it relates to issues that are not in dispute, constitutes a legal conclusion, and would likely confuse the jury and unduly prejudice Defendants. In response, Plaintiffs attempt to blur the distinction between two questions: (a) whether Endo could legally promote Reformulated Opana ER as an improvement as a matter of regulatory law, and (b) whether the data available at the time provided a reasonable basis to conclude that Reformulated Opana ER reduced rates of abuse. The first question—on which Ms. DeLeon purports to opine—is not at issue in this case (and is also a legal question). By contrast, the latter question—on which Endo's expert opines and Ms. DeLeon does not—is directly relevant to rebutting Plaintiffs' claim that Endo launched Reformulated Opana ER as part of some anticompetitive scheme.

Obfuscation, however, cannot save Ms. DeLeon's testimony regarding Reformulated Opana ER. For the reasons explained below, and in Defendants' opening brief, this Court should exclude that testimony.

## ARGUMENT

### I. MS. DELEON'S TESTIMONY WILL NOT HELP THE JURY DECIDE A "RELEVANT FACT AT ISSUE"

Ms. DeLeon's proposed testimony about Reformulated Opana ER should be excluded because her testimony would not "assist the trier of fact in determining a *relevant fact at issue* in the case." *Lees v. Carthage Coll.*, 714 F.3d 516, 521 (7th Cir. 2013) (emphasis added). According to Ms. DeLeon, her assignment, as relevant to this motion, was to answer the question

[redacted]

██████████████ Ex. 4, March 23, 2019 Expert Report of Janet K. [hereafter "DeLeon Rep."] ¶ 3(d). She purports to opine that: ████████████████████████████

████████████████████████████████████████

██████████████████████████████████████ Opp. Br. at 2.

Neither of these opinions, however, addresses questions at issue in this case. Endo does not contend that it could promote (*i.e.*, "claim") Reformulated Opana ER as an improvement on, or as being safer than, the original Opana ER (nor do Plaintiffs claim that Endo was doing so). Rather, Endo's position is that, regardless of the approved labeling for Reformulated Opana ER or how Endo could promote it, the available epidemiological data demonstrated that there was a reasonable basis to believe that the reformulated product reduced the rate of abuse, particularly abuse through crushing and snorting. Ms. DeLeon's opinions say nothing on this point. She admitted that she did not analyze the relevant epidemiological data and is not qualified to do so. Ex. 9, Dec. 4, 2019 Deposition of Janet K. DeLeon 14:7-13.

Plaintiffs attempt to confuse this distinction by arguing that Ms. DeLeon's opinions respond to testimony from Endo's fact and expert witnesses, including Endo's expert Dr. Jody Green. Opp. Br. at 5-6. But neither Dr. Green nor any Endo fact witness testified that Endo could promote Opana ER as an improvement. Endo's fact witnesses readily confirmed, when asked, that Endo did not gain additional labeling for the reformulation and/or that Endo could not market its products in ways not supported by their labels. *See, e.g.*, Ex. 13, October 26, 2018 Deposition of Brian Lortie 246:21-247:3, 250:17-251:15 (no label changes related to abuse deterrence); Ex. 14, October 23, 2018 Deposition of Demir Bingol 147:16-17 ████████

███████████████████████████████. In addition, Dr. Green acknowledged that

████████████████████████████████████████

2

██████████████████ Ex. 3, August 29, 2019 Expert Report of Jody. L. Green [hereafter "Green Rep."] ¶ 109; Ex. 8, November 5, 2019 Rebuttal Report of Janet K. DeLeon [hereafter "DeLeon Rebuttal Rep."] ¶ 5(c)(iii) ████████████████████████████████████████████████████████████████████

Courts have excluded expert testimony in similar circumstances, where the expert's proposed testimony was not germane to the underlying claims at issue in the litigation. *See, e.g.*, *In re Mirena IUD Prods. Liab. Litig.*, 169 F. Supp. 3d 396, 421 (S.D.N.Y. 2016) (excluding expert testimony that "is not relevant to either Plaintiffs' or Defendants' theories of these cases, would waste time, and would unfairly prejudice Plaintiffs"); *Hogan v. Novartis Pharm. Corp.*, No. 06 Civ. 0260, 2011 WL 1533467, at *4 (E.D.N.Y. Apr. 24, 2011). For example, in *Hogan v. Novartis Pharmaceuticals Corp.*, the court excluded the regulatory expert's opinion on FDA issues because the plaintiff had "not asserted a federal claim for violating FDA regulations" but had instead brought a duty to warn claim under common law. 2011 WL 1533467, at *2. As a result, "most of her testimony [was] irrelevant to the [] action." *Id.* As explained above, Ms. DeLeon's testimony regarding how Endo could promote Reformulated Opana ER is similarly irrelevant to the issues the jury will be asked to decide in this case, if it proceeds to trial.

**II.    MS. DELEON'S TESTIMONY IS NOT NECESSARY FOR THE JURY TO UNDERSTAND THE RELEVANT REGULATORY FRAMEWORK**

Plaintiffs state over and over again that Ms. DeLeon's testimony is needed "to assist the jury in understanding complex FDA rules and regulations." Opp. Br. at 7-9, 12. But the only regulation Ms. DeLeon describes as relevant to her opinion merely provides that pharmaceutical manufacturers may not market their products on grounds not supported by the product label. Ex. 4, DeLeon Rep. ¶ 95. Ms. DeLeon's testimony regarding this FDA regulation will not assist the jury for two reasons. First, as described above, that regulation does not relate to a question that

3

is actually at issue in the case because there is no dispute regarding how Endo was permitted to promote Reformulated Opana ER. Second, the prohibition on promoting pharmaceutical products on grounds not supported by the FDA-approved label is not a "complex" regulation outside the ability of the jury to understand without expert explanation. *Sullivan v. Alcatel-Lucent USA Inc.*, No. 12 C 07528, 2014 WL 3558690, at *6 (N.D. Ill. July 17, 2014) ("[E]xpert testimony does not assist the trier of fact when the jury is able to evaluate the same evidence and is capable of drawing its own conclusions without the introduction of a proffered expert's testimony") (quoting *Aponte v. City of Chicago*, No. 09 C 8082, 2011 WL 1838773, at *2 (N.D. Ill. May 12, 2011)); *see also Dhillon v. Crown Controls Corp.*, 269 F.3d 865, 871 (7th Cir. 2001) ("'[A]n expert . . . must testify to something more than what is 'obvious to the layperson' in order to be of any particular assistance to the jury.'" (alterations in original) (quoting *Ancho v. Pentek Corp.*, 157 F.3d 512, 519 (7th Cir.1998)).

The cases Plaintiffs cite in their Opposition are not to the contrary, and the experts' opinions in those cases do not remotely resemble Ms. DeLeon's opinion here. For example, in *Antrim Pharm. LLC v. Bio-Pharm, Inc*, 950 F.3d 423 (7th Cir. 2020), a breach of contract case between an Abbreviated New Drug Application ("ANDA") holder and its contract manufacturer, one of the key issues was the parties' relationship with one another. The Seventh Circuit affirmed the district court's decision to permit expert testimony on the "FDA's statutory and regulatory authority" related to ANDAs, because the expert's "testimony on ANDA ownership assisted the jury with understanding how Antrim's ownership of the [] ANDA was irrelevant to whether Antrim owned the [product] manufactured by Bio-Pharm." *Id.* at 431. This was particularly relevant because an Antrim witness "incorrectly stated there is 'no difference' between ownership of an ANDA and ownership of the underlying product." *Id.* Here, there is no complex regulatory issue at the core of this antitrust dispute that Ms. DeLeon's opinion would

4

help the jury understand. Nor has any fact or expert witness for the Defendants testified "incorrectly" about Endo's Reformulated Opana ER labeling or how Endo was allowed to promote its product.

Similarly, Plaintiffs' attempt to compare Ms. DeLeon's proposed testimony to the testimony permitted by the court in *In re Yasmin & YAZ (Drospirenone) Marketing, Sales Practices & Products Liability Litigation* only further emphasizes the shortcomings of Ms. DeLeon's opinion. No. 3:09-MD-02100, 2011 WL 6302287 (S.D. Ill. Dec. 16, 2011). Whereas plaintiffs' expert in *Yasmin*, Dr. Blume, analyzed the risks of Yasmin and Yaz relative to other oral contraceptives and described how "the labeling for particular products has been differentiated to highlight greater risks in those products," Ms. DeLeon provides no such contextualizing information about Opana ER or other long-acting opioid products, much less tamper-resistant opioid products. *Id.* at *23. Additionally, whereas Dr. Blume's testimony about "Bayer's marketing efforts to promote Yasmin/YAZ for indications not approved by the FDA" pertained directly to Bayer's alleged wrongdoing, Ms. DeLeon's opinion does not pertain to any alleged wrongdoing by Endo. *Id.* at *22. Plaintiffs in this case do not claim that Endo promoted Reformulated Opana ER in a manner inconsistent with its label.

Likewise, in *In re Mirena IUD Products Liability Litigation*, the court found that a regulatory expert's testimony on the adequacy of a pharmaceutical label and the "reasonableness of a pharmaceutical company's conduct in light of the complex nature of the FDA framework is helpful to a jury." 169 F. Supp. 3d at 478–79. However, the court excluded the same expert's testimony where she: (1) did "not have specialized expertise"; (2) merely recited "reports and regulatory actions, with little or no analysis"; or (3) "simply rehash[ed] otherwise admissible evidence about which she ha[d] no personal knowledge." *Id.* at 475–78. Ms. DeLeon's opinion regarding Reformulated Opana ER does not address the "reasonableness" of Endo's promotional

5

activities or the adequacy of Reformulated Opana ER's label, neither of which is at issue in this case. But her opinion does suffer from the same flaws that led the court to exclude portions of the expert's testimony in *In re Mirena IUD*.

In sum, even if restrictions on Endo's ability to promote Reformulated Opana ER were relevant in this case (which they are not), Ms. DeLeon's opinion does not explain complex regulations that jurors would be unable to comprehend on their own.

### III. MS. DELEON'S OPINION IS A PURE LEGAL CONCLUSION THAT MUST BE EXCLUDED

Ms. DeLeon's opinion that ███████████████████████████████

███████████████████████████████████████████████████

███ Ex. 4, DeLeon Rep. ¶ 95 (citing 21 U.S.C. § 352), should be excluded for an additional, independent reason. It is a pure legal conclusion, which is not a proper subject for expert testimony. "[T]he meaning of statutes, regulations, and contract terms is a subject for the court, not for testimonial experts" even where, as here, the statute or regulation is "tangential to the crucial questions the factfinder ha[s] to answer." *United States v. Lupton*, 620 F.3d 790, 800 (7th Cir. 2010) (internal marks and citations omitted); *see also United States v. Caputo*, 517 F.3d 935, 942 (7th Cir. 2008) ("The 'expert' would have testified about the meaning of the statute and regulations. That's a subject for the court, not for testimonial experts.").[2]

---

[2] Plaintiffs point out that other decisions have distinguished *Caputo* in cases where the expert was not offering a pure legal opinion. Plaintiffs have not, however, explained how Ms. DeLeon's opinion is anything other than a pure legal decision.

Ms. DeLeon is not opining on Endo's "compliance with FDA regulations;"[3] analyzing what the FDA would or would not "infer" from a regulatory action by Endo;[4] "providing concrete information against which to measure abstract legal concepts;"[5] or testifying how an agency "enforce[s] regulations, whether transactions comply with regulations, [or how an agency] ensure[s] that the public knows about regulations."[6] Rather, she simply cites a statute and explains its meaning. Even if such testimony were relevant (and it is not, as explained above), it is not permitted in the Seventh Circuit.

## IV. MS. DELEON'S TESTIMONY WOULD CONFUSE THE JURY AND PREJUDICE DEFENDANTS

Ms. DeLeon's testimony regarding Reformulated Opana ER should also be excluded under Federal Rule of Evidence 403, because it is likely to confuse the jury and any marginal benefit will be substantially outweighed by the unfair prejudice to Defendants. *See Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005) (describing "the uniquely important role that Rule 403 has to play in a district court's scrutiny of expert testimony, given the unique weight such evidence may have in a jury's deliberations"). As explained above, Plaintiffs are not alleging that Endo unlawfully promoted Opana ER (original or reformulated). As a result, her testimony regarding how Endo could lawfully promote Reformulated Opana ER is not relevant to any issue in the case and will be of no real benefit to the jury.

---

[3] *In re Mirena IUD Prod. Liab. Litig.*, 169 F. Supp. 3d at 467 (collecting cases).

[4] *Antrim Pharm. LLC v. Bio-Pharm, Inc*, 950 F.3d 423, 430 (7th Cir. 2020) (see discussion *supra* at 4-5).

[5] *United States v. Blount*, 502 F.3d 674, 680 (7th Cir. 2007) ("Boerm did not couch his testimony in legal terms by saying he believed Blount 'possessed' the gun 'in furtherance' of a drug trafficking crime; rather, he stated that the gun was used 'to protect the business, the drug business.'").

[6] *United States v. Davis*, 471 F.3d 783, 789 (7th Cir. 2006).

Moreover, as also explained above, Ms. DeLeon obfuscates the distinction between how Endo could promote Reformulated Opana ER and whether the available data would allow for the reasonable conclusion that the product was, in fact, an improvement. There is, therefore, a substantial risk that the jury could mistakenly believe that how Endo promoted Reformulated Opana ER is relevant in this matter or could misunderstand Ms. DeLeon's testimony to suggest that Endo somehow improperly promoted Reformulated Opana ER. Such a misunderstanding would be particularly prejudicial here, in a case involving an opioid product, given the public awareness of the public health issues—and litigation over promotional activities—related to such products.

## CONCLUSION

Defendants respectfully request that the Court grant Defendants' Motion to Partially Exclude the Opinions and Proposed Testimony of Janet K. DeLeon and exclude Ms. DeLeon from testifying regarding Reformulated Opana ER.

Dated: August 4, 2020

*/s/ Devora Allon*
Jay P. Lefkowitz, P.C. (admitted *pro hac vice*)
Devora W. Allon, P.C. (admitted *pro hac vice*)
Evelyn Blacklock (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
jay.lefkowitz@kirkland.com
devora.allon@kirkland.com
evelyn.blacklock@kirkland.com

James R.P. Hileman
**KIRKLAND & ELLIS LLP**
300 North LaSalle Street
Chicago, IL 60654
(312) 862-7090
jhileman@kirkland.com

*Counsel for Defendant Impax Laboratories, Inc.*

Respectfully submitted,

*/s/ George G. Gordon*
George G. Gordon (admitted *pro hac vice*)
Julia Chapman (admitted *pro hac vice*)
Thomas J. Miller (admitted *pro hac vice*)
John P. McClam (admitted *pro hac vice*)
Sharon K. Gagliardi (admitted *pro hac vice*)
**DECHERT LLP**
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Tel.: (215) 994 4000
Fax: (215) 994-2222
george.gordon@dechert.com
julia.chapman@dechert.com
thomas.miller@dechert.com
john.mcclam@dechert.com
sharon.gagliardi@dechert.com

Craig Falls (admitted *pro hac vice*)
**DECHERT LLP**
1900 K Street, NW
Washington, DC 20006
Tel.: (202) 261-3300
Fax: (202) 261-3333
craig.falls@dechert.com

Robert D. Rhoad (admitted *pro hac vice*)
**DECHERT LLP**
502 Carnegie Center, Suite 104
Princeton, NJ 08540
Tel.: (609) 955-3269
Fax.: (609) 873-9142
robert.rhoad@dechert.com

Angela Liu
**DECHERT LLP**
35 West Wacker Drive, Suite 3400
Chicago, IL 60601
Tel.: (312) 646-5800
Fax: (312) 646-5858
angela.liu@dechert.com

*Counsel for Defendants Endo Health Solutions Inc., Endo Pharmaceuticals Inc., and Penwest Pharmaceuticals Co.*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2020, I caused to be filed the foregoing document with the United States District Court for the Northern District of Illinois using the CM/ECF system, and caused it to be served on all registered participants via the notice of electronic filing and by emailing a copy of the moving papers to counsel for Plaintiffs.

/s/ Angela Liu
**DECHERT LLP**
35 West Wacker Drive, Suite 3400
Chicago, IL 60601
Tel.: (312) 646-5800
Fax: (312) 646-5858
angela.liu@dechert.com