**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE OPANA ER ANTITRUST LITIGATION | MDL No. 2580 |
| | Lead Case No. 14-cv-10150 |
| THIS DOCUMENT RELATES TO: | Hon. Harry D. Leinenweber |
| All Actions | **PUBLIC VERSION** |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF ENDO'S
MOTION TO EXCLUDE THE OPINIONS AND PROPOSED
TESTIMONY OF STEPHEN BYRN**[1]

---

[1]     References to Exhibits #1 through #9 correspond to documents filed with Defendants' Opening Brief (ECF No. 549).  Exhibits #10 through #11 are attached hereto.

Plaintiffs' opposition brief mischaracterizes Dr. Byrn's expert report and opinions, as well as applicable case law. Read properly, the record demonstrates that Dr. Byrn's proposed testimony does not "fit" the issues presented in this antitrust case. Plaintiffs' arguments to the contrary highlight that they hope to improperly influence the jury based on Dr. Byrn's credentials and arguments he and Plaintiffs have developed in hindsight, 10 years after-the-fact, rather than the evidence Impax and its expert would have presented at trial in the underlying Patent Litigation. The Court should not allow Plaintiffs to do so.

## I.   DR. BYRN'S TESTIMONY DOES NOT "FIT" THE ISSUES TO BE DECIDED BY THE JURY IN THIS ANTITRUST CASE

If this case goes to trial, the jury will be asked to evaluate Impax's chances of prevailing in the Patent Litigation. The decision in that case would have been made by the trial judge, based on the record evidence from trial if the patent case had not settled. Thus, in opposing Endo's motion for partial summary judgment as to patent law issues, Plaintiffs "agree[d]" that "[w]hether Endo's patents are actually invalid and/or not infringed is not the issue the jury will be asked to decide." ECF No. 615 at 12. Yet, after regaling us with Dr. Byrn's qualifications, Plaintiffs acknowledge that they retained him "to opine … on the infringement and validity" of Endo's patents, and that he "concluded that Impax's generic Opana ER did not infringe [those patents] and that [those patents] were invalid." Opp. Br. at 1. In other words, Plaintiffs retained Dr. Byrn to opine on issues they admit do not fit the issues the jury will be asked to decide. His testimony should be excluded, therefore, because ensuring that an expert's testimony properly fits the issues presented "is vital to ensure accurate and unbiased decision-making by the trier of fact." *Goswami v. DePaul Univ.*, 8 F. Supp. 3d 1019, 1029 (N.D. Ill. 2014).

Plaintiffs argue that Dr. Byrn's testimony should be permitted so as to provide a "technical foundation" for the jury "to understand the disputed issues and appreciate the merit of

Impax's defenses in the Patent Litigation." Opp. Br. at 5. But that is not what he was retained to do. Nor is that what he actually did. Instead, he was retained to perform an independent investigation, starting from scratch, as to whether, in his scientific opinion, Endo's patents were valid and infringed, and that is exactly what he did. *See* Ex. 3, Byrn Rep. ¶¶ 11-16. He was not asked to explain Impax's patent defenses or the testimony Impax would actually have presented at the patent trial through its expert in that case, Dr. Elder. Rather, Dr. Byrn arrived at his opinions ████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████ With respect to invalidity, for example, Plaintiffs have admitted that "[b]oth Drs. Elder and Byrn

████████████████████████████████████████████

█████████████ Patent MSJ Opp., ECF No. 615 at 13 (emphasis added).

None of Plaintiffs' attempts to justify Dr. Byrn's ill-fitting, improper testimony have merit. They first argue that Endo "took the same approach" with its experts. Opp. Br. at 6. Not so. To the contrary, Endo used the same technical experts that actually testified (Dr. Lowman) or would have testified (Dr. Fassihi) at trial in the patent case. And as those experts explained in their reports in this antitrust case, they are opining as to the testimony they gave or would have given in the patent trial if the case had not settled, including how they would have responded if cross-examined based on the criticisms of their opinions raised in Plaintiffs' expert reports. *See* Pls.' Ex. 8, p.2; Pls' Ex. 15, ¶¶ 50-51. Thus, Endo's experts will testify to the evidence that would have been part of the patent trial record, and that the trial judge would have considered in ruling on the merits of Impax's patent defenses. Dr. Byrn, by contrast, would not have testified at that trial, and ███████████████████████████████████████████

█████████████ Instead, he is offering his own independent scientific opinions as to alleged

2

invalidity and non-infringement of Endo's patents, which he developed solely for this case and which could not have had any impact on the trial judge's decision in the patent case. Thus, the testimony of Endo's experts will "fit" the issues presented in this case, while Dr. Byrn's will not.

Plaintiffs next cite two cases as allegedly allowing testimony like Dr. Byrn's, Opp. Br. at 6, but both are inapposite. In *Lidoderm*, the expert at issue (Dr. Shah) opined that the patent challenger "would have won" at trial and on appeal. *United Food & Commer. Workers Local 17716 v. Teikoku Pharma USA*, 296 F. Supp. 3d 1142, 1159 n. 13 (N.D. Cal. 2017). He did so based on the trial record in the underlying patent case. *Id.* at 1186. He relied on "his general knowledge and on specific references" outside of that record only "to explain the context for the technology at issue" and those additional references "did not impact his opinions as to validity or enforceability." *Id. Solodyn* was a declaratory judgment action filed by the patent challenger that was dismissed for lack of subject matter jurisdiction and then settled while that ruling was on appeal. C.A. No. 14-md-2503, 2018 U.S. Dist. LEXIS 11921, *19-20 (D. Mass. Jan. 25, 2018). Thus, there was no fact discovery, expert reports, or trial record to review in assessing who would have won the underlying patent litigation. Thus, the expert in the antitrust case arguably was asserting invalidity defenses that would have been developed and asserted in the underlying patent case had it not settled so early. Moreover, the defendants' challenge was to the substantive reliability of the plaintiffs' technical expert's opinions. Accordingly, the court made no determination as to issue presented here—*i.e.* whether the expert's opinions properly "fit" the issues presented in that case. *See id.* at *59-60.

Plaintiffs also try to justify Dr. Byrn's opinions on the grounds that he reached the same ultimate conclusions as Dr. Elder, albeit based on additional grounds and new arguments. Plaintiffs apparently hope to substitute Dr. Byrn's credentials and his new evidence and arguments in place of Dr. Elder and the testimony he would have given at the patent trial. But

3

the trial judge (the trier of fact) would have heard ***Dr. Elder's*** opinions. Dr. Byrn's independent opinions, including his agreement with Impax's expert, his arguments for doing so (many going beyond the patent case record), and his disagreement with Endo's experts, would not have been part of the trial record and could not have affected the outcome of the trial. They therefore have no bearing on the issues to be decided by the jury if this antitrust case goes to trial. Plaintiffs' argument that Dr. Byrn's opinions are relevant because a jury that accepts his opinions "would necessarily conclude that ███████████████████████ Opp. Br. at 1-2, highlights the impropriety of his testimony and the prejudicial impact Plaintiffs hope it will have.

## II.  DR. BYRN STRAYED FAR FROM THE ARGUMENTS AND EVIDENCE THAT IMPAX WOULD HAVE PRESENTED AT TRIAL

Plaintiffs boldly assert that Endo is "absolutely wrong" that Dr. Byrn relied on new evidence and arguments, and that Dr. Byrn "never testified that he strayed from the Patent Litigation record." Opp. Br. at 2, 7. The record evidence, however, tells a very different story.

Dr. Byrn conceded, for instance (and by way of example only), that at least the following evidence and arguments he makes were never expressed or cited by Dr. Elder or Impax:

- ███████████████████████████████ Ex. 4, July 2019 Byrn Dep. 135:22-136:17;
- ███████████████████████. *Id.* 160:15-21; 168:17-169:1;
- ████████████████████████████████ *Id.* 125:15-126:7; Ex. 5, Dec. 2019 Byrn Dep. 197:23-198:6;
- ████████████████████████. *Id.* 227:18-228:16;
- ████████████████████████████ Ex. 4, July 2019 Byrn Dep. 198:20-199:8, 202:6-203:5, 225:19-227:2; Ex. 5, Dec. 2019 Byrn Dep. 116:21-118:7, 144:7-21, 147:8-22, 148:4-10, 151:13-152:18, 153:15-154:20, 252:21-253:22;

- ███████████████████████████████████████████████████ Ex. 4, July 2019 Byrn Dep. 233:1-234:3; and

- ██████████████████████████████ Ex. 5, Dec. 2019 Byrn Dep. 20:4-15, 21:11-19, 24:16-24, 29:8-17, 164:9-14.

Plaintiffs try to justify Dr. Byrn's departure from the record in the patent case on the grounds that Dr. Byrn "reached the same ultimate conclusions [as Dr. Elder] after reviewing the same prior art patents." Opp. Br. at 8. However, the patent trial judge would have been persuaded not by an expert's "ultimate conclusions," but by the power and persuasiveness of the evidence and arguments made in support of those conclusions. Evidence and arguments that would not have been part of the patent trial record necessarily could not have persuaded the trial judge. Thus, Dr. Byrn's new evidence and arguments are not only irrelevant, but allowing him to present them at trial would be highly prejudicial and impermissibly taint the jury in this antitrust case with evidence that could not have impacted the outcome of the patent case.

Plaintiffs try to justify Dr. Byrn's ████████████████████████████████ ███████████████████████████████████████████████████████████ ██████████████████████████████████████████████ Opp. Br. at 8. That argument fails for at least two independent reasons. First, Rule 26 requires that expert reports include a "complete statement" not only of the ultimate opinions to be expressed by the expert, but also the "the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). That Rule serves to ensure that expert reports "include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions." *Salgado v. Gen. Motors Corp.,* 150 F.3d 735, 742 n. 6 (7th Cir. 1998). Thus, the trial court was unlikely to allow Dr. Elder to rely at trial on disclosures in the prior art not identified in his expert report. *See, e.g., Johnson v. Vanguard Manuf., Inc.*, 34 F. App'x 858, 859 (3d Cir. 2002) ("A party that fails to disclose evidence

required by Rule 26(a) will not be allowed to use that evidence unless the failure to disclose the evidence is harmless."). *Asetek Danmark A/S v. CMI USA, Inc.*, No. 13-cv-00457, 2014 WL 6997670 (N.D. Cal. 2014), is directly on point. There, the defendant's expert (Dr. Carman) opined in an expert report that the Koga prior art reference disclosed all the limitations of the claimed invention at issue. At his deposition, Dr. Carman testified that the component labelled 15F in Figure 7 of Koga disclosed a "thermal exchange chamber" whereas his report had only "generally referred to the region where 15F is located and indicated that thermal exchange occurred in that area." *Id.* at *1. The court precluded the more specific testimony at trial because it was not included in Dr. Carman's expert report, holding that the "deposition testimony does not cure the 'ambush' of a late-disclosed opinion." *Id.* at *2. The case for exclusion is even stronger here, because Dr. Elder ███████████████████████████████████ ████████████████████████████████████

Second, even assuming for the sake of argument that the trial court would have permitted Dr. Elder to rely on the additional disclosures Dr. Byrn cites, Plaintiffs proffer no evidence that he actually intended to do so. Absent a showing that Dr. Elder was *both* likely to try to present additional disclosures not cited his report, *and* that the trial judge likely would have allowed it— showings Plaintiffs do not even attempt to make—Plaintiffs should not be permitted to present evidence and arguments about those additional disclosures to the jury in this antitrust case.

Plaintiffs also try to excuse Dr. Byrn's departures from the record in the patent case on the grounds that some of his new opinions and evidence are "consistent with" arguments that Dr. Elder made. Opp. Br. at 9-10. That argument fails for the same reasons: whether or not "consistent with" other things that Dr. Elder said, any opinions that Dr. Elder did not himself express, and any evidence he did not cite, would not have been part of the patent trial record and could not have affected its outcome. Moreover, Plaintiffs' characterization of Endo's challenges

as merely disputing Dr. Byrn's use of different language than Dr. Elder, *see id.*, is not true:



- Ex. 10, Feb. 23, 2010 Deposition of Edmund J. Elder 191:7-18, is different in substance and kind than Dr. Byrn's

- Dr. Byrn's is different in substance and kind than Dr. Elder's

- Dr. Byrn's opinions is different in substance and kind than, and is doctrinally a separate part of the obviousness inquiry than, Dr. Elder's (*see, e.g., Novartis Pharm. Corp. v. West-Ward Pharm. Int'l Ltd.*, 923 F.3d 1051, 1058-1062 (Fed. Cir. 2019); and

- Dr. Byrn's opinions ) is not even in the same ballpark as Dr. Elder's .

Finally, Plaintiffs' try to dismiss Dr. Byrn's citation to new documents attached as exhibits to his report as inconsequential background information. Opp. Br. at 10-11. Even if true, that would not excuse Dr. Byrn's departure from the record in the Patent Litigation. But more importantly, that is not how Dr. Byrn seeks to use them. He cites them in support of new substantive opinions and arguments not made by Dr. Elder or Impax. By way of example only:

- With respect to issues of infringement, Dr. Byrn's  *See* Ex. 6, Byrn Reply Rep. ¶ 11 n.25 (cited document is Ex. K);[2] and

- With respect to validity,

---

[2] Plaintiffs' assertion that this is in response to some new argument by Dr. Lowman in this antitrust case, Opp. Br. at 10-11, is mistaken. In the Patent Litigation, , and Dr. Lowman's opinion That is not some new argument to which Dr. Byrn needs to respond—it was the central infringement dispute in the Patent Litigation. Plaintiffs and Dr. Byrn should not be permitted to bolster Impax's position on that issue by relying on evidence outside the record in that case.

████████████████████████████████████████████████
████████████████████████████████████████████
        *See id.* ¶ 17 n.37 (citing Ex. L) and n.39 (citing Ex. M).

These documents were not included on Impax's exhibit list and would not have been part of the

trial record.  They, and Dr. Byrn's opinions based on them, have no place in this antitrust case.

 In sum, Plaintiffs hope to improperly influence the jury and fill the gaping holes in Dr.

Elder's expected trial testimony with new evidence and arguments from a new expert that would

not have been presented at trial in the Patent Litigation and could not have impacted its outcome.

Federal Rules of Evidence 401, 403 and 702, however, preclude them from doing so.

## III. DR. BYRN SHOULD NOT BE PERMITTED TO TESTIFY AS TO A DEFENSE FOR WHICH IMPAX PROFFERED NO EXPERT TESTIMONY

 Plaintiffs seek to have Dr. Byrn testify on alleged non-infringement based on the

"sustained release" limitation, a defense ████████████████████████████████████████[3]

Plaintiffs assert that █████████████ because it could not have known of the defense prior to

Dr. Lowman's deposition testimony in the patent case, Opp. Br. at 12, which came after Dr.

Elder had served his expert reports.  However, even if that were true, which it is not,[4] that would

not justify Plaintiffs' attempt to have Dr. Byrn testify to it.

 Plaintiffs make two arguments in reply, neither of which has merit.  They first argue that

████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

---

[3] This defense was concocted by Impax on the eve of trial and would have failed as a matter of law.  *See* Patent MSJ at 26-29, ECF No. 535; Patent MSJ Reply at 11-13, ECF No. 673.  Impax had no expert who challenged Endo's expert's opinion that Impax's tablets provide the required "sustained release," such that Impax would have had no expert support for this defense at trial and would have had to rely instead entirely on attorney argument.  *Id.*

[4] ████████████████████████████████████████████████████████████
████████████████████████████████████████████████. The reality is that Dr. Lowman ████████████████████████████████████████ , *see* Pls.' Ex. 13 at 27), and Impax seized on that error to concoct a last minute "Hail Mary" non-infringement defense not supported by its own technical expert.

defense at trial.  Opp. Br. at 12.  Not so.  Dr. Elder ████████████████████████████

███████████████ and although ████████████████████ Impax ████████████████

████████████████████████████████████.  The notion that the trial judge

would have constrained Dr. Elder to the subjects raised in his expert reports is not ████████

███████████ but rather standard case management—████████████████████████████████

████████████ ████████████████████████████████ Allowing Dr. Elder to testify at

trial as to this defense, with no advance notice, would have been highly unfair and prejudicial to

Endo.  Plaintiffs offer no basis to conclude that Impax would even have tried to have Dr. Elder

testify as to this defense at trial—to the contrary, ████████████████████████████████

████████████████████████████████████████████████ Ex. 7.

Next, Plaintiffs argue that even if Dr. Elder would not have been permitted to testify,

"Plaintiffs are entitled to offer experts who can assess that defense."  Opp. Br. at 12-13.

Plaintiffs fail to mention that they do have an expert ████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████ It would be

entirely inappropriate to allow Plaintiffs to present an expert to provide scientific testimony to

the jury in this case that would not have been presented in the underlying Patent Litigation.

---

[5] *See, e.g., Raritan Baykeeper, Inc. v. NL Indus., Inc.*, C.A. No. 09-4117, 2017 WL 3568401, at
*6 (D.N.J. Aug. 16, 2017) ("Experts are permitted to supplement their reports and must do so
when previously unknown information is made available to them, which renders the earlier
report inaccurate or incomplete."); *Coalition to Save Our Children v. State Bd. Of Educ. Of
Delaware*, 90 F.3d 752, 775 (3d Cir. 1996) ("Supplementation must be made 'with special
promptness as the trial date approaches'" and "[e]xclusion of testimony is an appropriate
sanction for failure to supplement in a timely manner.") (citations omitted).

## IV.    PLAINTIFFS REMAINING ARGUMENTS HAVE NO MERIT

<u>Pankhania</u>:  Plaintiffs argue that Dr. Byrn's opinions ████████████████

███████████████████████ are entirely the same as Dr. Elder's, and that Endo has no

basis for saying otherwise.  Opp. Br. at 13.  That is false.  Dr. Elder was ████████████

████████████████████████████████ Pls.' Ex. 5, Elder Validity

Rep., ¶ 61, and performed no other analysis.  By contrast, Dr. Byrn opines, *e.g.*, that ████

████████████████████████████████████████████

████████████████████████████████

████████████████████ and opines that ██████████████████

████████████████████████████████

████████████████████████ Ex. 3, Byrn Rep. ¶ 204.  Being asked

to assume something is not "the same" as providing substantive testimony and analysis about it.

<u>Five "Additional References"</u>:  Plaintiffs argue that Impax was likely to argue

anticipation based on all of the prior art references addressed in Dr. Elder's invalidity report,

including the five "Additional References."  Opp. Br. at 13-14.  Plaintiffs are wrong for the

reasons stated in Endo's reply brief in support of its Patent MSJ (at 3-11), ECF No. 673.

<u>Prejudice</u>:  Plaintiffs' assertion that Endo would suffer no prejudice from allowing Dr.

Byrn to present opinions and evidence that would not have been part of the trial record in the

underlying Patent Litigation (Opp. Br. at 15) is both legally irrelevant (nothing in Rule 702 or

*Daubert* requires a showing of prejudice to justify the exclusion of inadmissible expert

testimony) and facially nonsensical—if it would have no impact on the jury, why do Plaintiffs

want to present it?

## V.    **CONCLUSION**

For the reasons stated above, the Court exclude Dr. Bryn's opinions and testimony.

Dated:  August 4, 2020

Respectfully submitted,

*/s/ George G. Gordon*
George G. Gordon (admitted *pro hac vice*)
Julia Chapman (admitted *pro hac vice*)
Thomas J. Miller (admitted *pro hac vice*)
John P. McClam (admitted *pro hac vice*)
Sharon K. Gagliardi (admitted *pro hac vice*)
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA  19104
Tel.:  (215) 994 4000
Fax:  (215) 994-2222
george.gordon@dechert.com
julia.chapman@dechert.com
thomas.miller@dechert.com
john.mcclam@dechert.com
sharon.gagliardi@dechert.com

Craig Falls (admitted *pro hac vice*)
DECHERT LLP
1900 K Street, NW
Washington, DC 20006
Tel.:  (202) 261-3300
Fax:  (202) 261-3333
craig.falls@dechert.com

Robert D. Rhoad (admitted *pro hac vice*)
DECHERT LLP
502 Carnegie Center, Suite 104
Princeton, NJ 08540
Tel.: (609) 955-3269
Fax.: (609) 873-9142
robert.rhoad@dechert.com

Angela Liu
DECHERT LLP
35 West Wacker Drive, Suite 3400
Chicago, IL  60601
Tel.:  (312) 646-5800
Fax:  (312) 646-5858
angela.liu@dechert.com

*Counsel for Defendants Endo Health*
*Solutions Inc., Endo Pharmaceuticals Inc.,*
*and Penwest Pharmaceuticals Co.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2020, I caused to be filed the foregoing document with the United States District Court for the Northern District of Illinois using the CM/ECF system, and caused it to be served on all registered participants via the notice of electronic filing and by emailing a copy of the moving papers to counsel for Plaintiffs.

/s/ Angela Liu
**DECHERT LLP**
35 West Wacker Drive, Suite 3400
Chicago, IL 60601
Tel.: (312) 646-5800
Fax: (312) 646-5858
angela.liu@dechert.com