UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE OPANA ER ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL CASES | MDL No. 2580<br><br>Lead Case No. 14-cv-10150<br><br>Hon. Harry D. Leinenweber |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY RELEVANT TO PENDING SUMMARY JUDGMENT AND *DAUBERT* MOTIONS**

Plaintiffs respectfully submit this Notice of Supplemental Authority to advise the Court of the decision of the Court of Appeals of the Fifth Circuit in *Impax Labs. v. FTC*, ___ F. 3d ____, 2021 U.S. App. LEXIS 10555 (5th Cir. Apr. 13, 2021) (attached as Ex. A).

In its opinion, the Fifth Circuit affirmed the FTC's conclusion that the reverse payment that Plaintiffs challenge in this case violated antitrust law under a rule-of-reason analysis. The Fifth Circuit unanimously affirmed the findings of the FTC on the existence of Endo's reverse payment to Impax, the "large" size of the payment, and the payment's anticompetitive harm. As the court explained:

> Because there was more than enough evidence to support th[e] unanimous view of the Commissioners [that it was feasible that Impax and Endo could have settled *without* a reverse payment], we must uphold their view that a less restrictive alternative was viable. And that means the reverse payment settlement was an agreement to preserve and split monopoly profits that was not necessary to allow generic competition before the expiration of Endo's patent. As a result, Impax agreed to an unreasonable restraint of trade.

*Impax Labs.*, 2021 U.S. App. LEXIS 10555 at *35.

The Fifth Circuit made a number of additional rulings directly relevant to the summary judgment and *Daubert* motions pending before the Court in the instant case:

1. The court disagreed with Impax's argument that the Supreme Court in *FTC v. Actavis, Inc.*, 570 U.S. 136 (2013), requires a plaintiff "to assess the likely outcome of the patent case in order to find anticompetitive effects[,]" explaining that the "fact that generic competition was possible, and that Endo was willing to pay a large amount to prevent that risk, is enough to infer anticompetitive effect." *Impax Labs.*, 2021 U.S. App. LEXIS 10555 at *22. This holding is consistent with Plaintiffs' position in their pending motions and inconsistent with the position taken by Defendants in opposition. *Compare* Plaintiffs' Addanki *Daubert* Mot. at 11 (ECF No. 526) (moving to exclude economist's opinion that proof of anticompetitive effect requires proof of the outcome that "could have been expected to obtain *under continued [patent] litigation between the parties* . . .") *and* Plaintiffs' *Daubert* Reply to Exclude Patents that Post-Date the Reverse Payment Agreement at 3-4 (ECF No. 658) (demonstrating that expert opinion concerning merits of later-issued patents is not relevant to rule-of-reason analysis) *with* Defendants' Opp. to Plaintiffs' Addanki *Daubert* Mot. at 7 (ECF No. 610) (arguing that economist's opinion about the need to consider the patent merits under *Actavis* is "fully consistent with . . . well-established rule-of-reason framework") *and* Defendants' Opp. to Plaintiffs' *Daubert* Mot. to Exclude Patents that Post-Date the Reverse Payment Agreement at 4-7 (ECF No. 607) (arguing that Endo's successful enforcement of later-issued patents is relevant to rule-of-reason analysis).

2. The court rejected Impax's argument that, in hindsight, the challenged agreement was not anticompetitive, holding that it is "a basic antitrust principle that the impact of an agreement on competition is assessed as of 'the time it was adopted'" *Impax Labs.*, 2021 U.S. App. LEXIS 10555 at *24. Again, this holding is consistent with Plaintiffs' arguments and rejects Defendants' counterarguments. *Compare* Plaintiffs' Opp. to Defendants'

Causation/Damages SJ Mot. at 14 & n. 14 (ECF No. 617) *and* Plaintiffs' *Daubert* Mot. to Exclude Patents that Post-Date the Reverse Payment Agreement at 9-10 (ECF No. 523) (making this point) *with* Defendants' Causation/Damages SJ Mot. at 23-24, 29-30 (ECF No. 539) (arguing that the broad license became valuable when additional patents issued after reverse payment agreement) *and* Defendants' Opp. to Plaintiffs' *Daubert* Mot. to Exclude Patents that Post-Date the Reverse Payment Agreement at 6 (ECF No. 607) (claiming that it is "well-settled that analysis of whether an agreement is anticompetitive under the rule of reason is not limited to the moment in time that the agreement was reached").

3. The court agreed that industry practice, credibility determinations about the settlement negotiations, and economic analysis "supported the Commission's conclusion that Endo would have agreed to a less restrictive settlement" without a reverse payment. *Impax Labs*., 2021 U.S. App. LEXIS 10555 at *34. In particular, the Fifth Circuit recognized that the economics show that the "large payments were the price for Impax's delayed entry." *Id.* While Impax would prefer a settlement payment in which it received over $100 million from Endo, "any reluctance Impax had to agree to a no-payment settlement based on a 'desire to share in monopoly rents' cannot undermine the Commission's finding that a less restrictive settlement was viable." *Id.* at *34-35. This is consistent with Plaintiffs' position here. *See, e.g.,* Plaintiffs' Opp. to Defendants' Causation/Damages SJ Mot. at 24 n.11 (ECF No. 617) (citing Commission's opinion on this point).

Dated:  April 15, 2021 Respectfully submitted,

/s/ Andrew C. Curley
David F. Sorensen
Andrew C. Curley
Caitlin G. Coslett
Richard D. Schwartz
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA  19103
T:  (215) 875-3000
F:  (215) 875-4604
dsorensen@bm.net
acurley@bm.net
ccoslett@bm.net
rschwartz@bm.net

*Interim Co-Lead Counsel for the Direct Purchaser Class*

/s/ Jonathan M. Gerstein
Bruce E. Gerstein
Jonathan M. Gerstein
GARWIN GERSTEIN & FISHER, LLP
Wall Street Plaza
88 Pine Street, 10th Floor
New York, NY  10005
T:  (212) 398-0055
F:  (212) 764-6620
bgerstein@garwingerstein.com
jgerstein@garwingerstein.com

/s/ Gregory S. Asciolla
Gregory S. Asciolla
Karin E. Garvey
Matthew J. Perez
LABATON SUCHAROW LLP
140 Broadway
New York, NY  10005
T:  (212) 907-0700
F:  (212) 818-0477
gasciolla@labaton.com
kgarvey@labaton.com
mperez@labaton.com

*Interim Co-Lead Counsel for the End-Payor Purchaser Classes*

/s/ Michael J. Freed
Michael J. Freed
Robert J. Wozniak
Brian M. Hogan
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
T:  (224) 632-4500
F:  (224) 632-4532
mfreed@fklmlaw.com
rwozniak@fklmlaw.com
bhogan@fklmlaw.com

/s/ Lauren C. Ravkind
Scott E. Perwin
Lauren C. Ravkind
Anna T. Neill
KENNY NACHWALTER P.A.
Four Seasons Tower, Suite 1100
1441 Brickell Avenue
Miami, FL 33131
T:  (305) 373-1000

/s/ Barry L. Refsin
Barry L. Refsin
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA 19103
T:  (215) 568-6200
F:  (215) 568-0300
brefsin@hangley.com

F: (305) 372-1861
lcr@kennynachwalter.com
sep@kennynachwalter.com
aneill@kennynachwalter.com

*Counsel for Albertson's LLC, HEB Grocery Company LP, The Kroger Co., Safeway, Inc., and Walgreen Co.*

Monica L. Kiley
Eric L. Bloom
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
2805 Old Post Road, Suite 100
Harrisburg, PA 17110
T: (717) 364-1030
F: (717) 364-1020
mkiley@hangley.com
ebloom@hangley.com

*Counsel for CVS Pharmacy, Inc., Rite Aid Corp., and Rite Aid Hdqtrs. Corp.*