# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**ORDER**

July 13, 2021

Before

ILANA DIAMOND ROVNER, *Circuit Judge*
MICHAEL B. BRENNAN, *Circuit Judge*
AMY J. ST. EVE, *Circuit Judge*

| No. 21-8017 | IN RE: <br> OPANA ER ANTITRUST LITIGATION |
|---|---|
| **Originating Case Information:** ||
| District Court No: 1:14-cv-10150 <br> Northern District of Illinois, Eastern Division <br> District Judge Harry D. Leinenweber ||

The following are before the court:

1. **PETITION FOR PERMISSION TO APPEAL**, filed on June 21, 2021, by counsel for the petitioner.

2. **RESPONSE IN OPPOSITION TO THE PETITION FOR PERMISSION TO APPEAL**, filed on July 1, 2021, by counsel for the respondents.

**IT IS ORDERED** that the petition for leave to appeal pursuant to Federal Rule of Civil Procedure 23(f) is **GRANTED**. The petitioners shall pay the $500 appellate filing fee by July 23, 2021.

After considering the motions papers, we have determined that additional briefing and oral argument is not necessary to resolve the issues presented in the petition.

Endo Pharmaceuticals and related companies petition for interlocutory review of an order certifying a class in an antitrust and consumer protection suit. *See* Fed. R. Civ. P. 23(f). Endo created a pain medication called Opana ER (generic name: Oxymorphone ER), and the plaintiffs allege that Endo illegally schemed with a competitor to delay the introduction of a generic alternative. By the time a generic equivalent finally came to market, Endo had ceased

Case: 1:14-cv-10150 Document #: 734 Filed: 07/13/21 Page 2 of 2 PageID #:47024
Case: 21-8017 Document: 00713844300 Filed: 07/13/2021 Pages: 2

No. 21-8017 Page 2

production of Opana ER and moved on to a reformulated successor: Opana ER CRF. Doctors thus switched to the new version, for which there was no generic alternative, before generic Oxymorphone ER became available. As a result, brand-name Opana ER and its generic equivalents were never on the market at the same time. Buyers of Opana ER were harmed, the plaintiffs argue, because they paid inflated prices caused by Endo's monopoly. The district court certified a class of "end-payor plaintiffs" made up of all persons or entities who indirectly purchased, or at least partially reimbursed the purchase of, branded Opana ER or generic Oxymorphone ER during the relevant time period.

As petitioners correctly point out, the district court overlooked some of their arguments regarding uninjured class members. We highlight two categories of class members. First, some members had insurance plans that charged the same flat copay for both generic and non-generic drugs. These "flat copay" members could not have been injured because they would have paid the same amount regardless of what drug they received or whether prices were inflated. Second, some class members started taking Oxymorphone ER only after the generic had been introduced and the branded version discontinued. Some of these consumers may have been injured because of lingering price inflation. But a subset of these consumers had insurance plans that charged the same generic-drug copay for all generic drugs. These "generic-only copay" members would have paid the same amount for Oxymorphone ER regardless of any price inflation. Both the "flat copay" and the "generic-only copay" members fall squarely within the "could not have been harmed" category of plaintiffs who do not belong in a certified class. *See Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 824 (7th Cir. 2012).

During briefing on class certification before the district court, the plaintiffs proposed an amended class definition that they argue would have excluded these copay groups. Nothing in the appealed order, however, suggests that the district court intended to adopt this amended definition. Nor did the district court explain why the copay groups were not a barrier to certification. Accordingly, we **REMAND** the case for the district court to consider (1) whether the copay groups are large enough to be a barrier to certification, and (2) whether to adopt plaintiffs' proposed amended class definition excluding those groups.

form name: **c7_Order_3J** (form ID: **177**)

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit