UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: OPANA ER ANTITRUST LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | MDL DOCKET NO. 2580<br><br>Case No. 1:14-cv-10150<br>Hon. Harry D. Leinenweber |

**JOINT STIPULATION REGARDING DUPLICATE EXHIBITS, FINAL DEPOSITION DESIGNATIONS, AND ORDER OF WITNESSES**

The parties,[1] in an effort to agree upon certain matters that will aid in the orderly presentation of witnesses at trial, hereby stipulate as follows:

**Duplicate Exhibits**

Absent a showing of good cause not to do so, the parties agree that any party may use an identical version of a deposition exhibit without regard to the deposition exhibit sticker on that document.

**Final Deposition Designations**

The parties have agreed to the following procedure regarding the use of depositions or parts thereof at trial:

---

[1] The parties are: (1) Direct Purchaser Plaintiffs Value Drug Company, Meijer, Inc. and Meijer Distribution, Inc. (collectively "Direct Purchaser Plaintiffs" or "DPPs"), (2) End-Payor Plaintiffs Plumbers and Pipefitters Local 178 Health & Welfare Trust Fund, Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana, Fraternal Order of Police, Miami Lodge 20, Insurance Trust Fund, Wisconsin Masons' Health Care Fund, Pennsylvania Employees Benefit Trust Fund, International Union of Operating Engineers, and Local 138 Welfare Fund (collectively "End-Payor Plaintiffs" or "EPPs," who together with the DPPs are referred to below as the "Class Plaintiffs"), (3) Rite Aid Corporation, Rite Aid Hdqtrs. Corp., CVS Pharmacy, Inc., Walgreen Co., The Kroger Co., Safeway, Inc., HEB Grocery Company, L.P. and Albertson's LLC ("Retailer Plaintiffs," and together with the Direct Purchaser Plaintiffs and End-Payor Plaintiffs, "Plaintiffs") and (4) Defendants (a) Endo Health Solutions Inc., Endo Pharmaceuticals Inc., and Penwest Pharmaceuticals Co. (collectively, "Endo") and Impax Laboratories, Inc. ("Impax") (Endo and Impax are collectively "Defendants").

1

(a) By 6:00 p.m. four calendar days (or, if the testimony is to be played on a Monday or the day after a holiday, four business days) before any testimony is to be offered by deposition, the offering party must provide the opposing party with its final designations of the testimony it intends to offer, which shall be a subset of the designations previously exchanged, and notify the opposing party of its intent to offer the testimony and any referenced exhibits it intends to introduce into evidence (which were included on that party's exhibit list). The offering party's designations shall be provided in an Excel file. If the offering party, in good faith, makes any changes to its designations after 6:00 p.m. four calendar days before any testimony is to be offered by deposition, it must notify the opposing party as early as possible, but in no event later than 6:00 p.m. the day before the testimony is to be offered.

(b) The opposing party must serve its final objections and counter-designations that it will continue to maintain by 6:00 p.m. the next day (three calendar days before the testimony will be offered or, if the testimony is to be played on a Monday or the day after a holiday, three business days before the testimony will be offered) with an identification of the exhibits (which were included on that party's exhibit list) it intends to offer as part of its final counter-designations, if any, which shall be a subset of the counter-designations and objections previously exchanged. The proponent of the affirmative designations must assert objections to any such counter designations and any reply designations by 8:00 p.m. that same day.

(c) In the event the opposing party has also affirmatively designated testimony from the same deposition transcript, the opposing party may include such designations among its counter-designations so that all of the designated testimony from a witness may be played to the jury in one instance. Any objections to the opposing party's affirmative designations must be asserted by 6:00 p.m. the next day (two calendar days before the testimony will be offered or, if

2

the testimony is to be played on a Monday or the day after a holiday, two business days before the testimony will be offered).

(d) The parties shall meet and confer on any objections by 8:00 p.m. two calendar days before the testimony will be offered or, if the testimony is to be played on a Monday or the day after a holiday, two business days before the testimony will be offered and will present any unresolved issues to the Court the following day (the trial day prior to the proposed use of the designated testimony and referenced exhibits at trial) consistent with the Court's process for submission of disputed designations with the challenged testimony highlighted and any relevant exhibits.

The party who submitted the designations referenced in paragraph (a) is responsible for preparing the videotaped designation testimony to be played at trial, including the counter designations, reply designations, and any affirmative designations from the opposing party. The parties' technical staffs will use reasonable efforts to coordinate the preparation of the designated videotaped deposition testimony to be played at trial.

**Order of Witnesses**

All parties should provide to the opposing side the names of the witnesses whom they in good faith intend to call on direct examination in the order they intend to call them by 10:00 a.m. three calendar days before those witnesses are intended to testify. Nothing herein shall preclude a party from altering the order based on events that may occur during trial. If any party changes the order in which it intends to call a witness, the party will notify the opposing party as early as possible, and in no event later than 8:00 p.m. the day before the witness is expected to testify.

If a party decides to drop a witness previously listed, the party will notify the opposing party as early as possible.

Date: 6/2/2022

_____
Hon. Harry D. Leinenweber
United States District Judge

<div style="column-count:2">

/s/ *George G. Gordon*
George G. Gordon (admitted *pro hac vice*)
Julia Chapman (admitted *pro hac vice*)
Thomas J. Miller (admitted *pro hac vice*)
Sharon K. Gagliardi (admitted *pro hac vice*)
DECHERT LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104
Tel.: (215) 994-4000
Fax: (215) 994-2222
george.gordon@dechert.com
julia.chapman@dechert.com
thomas.miller@dechert.com
sharon.gagliardi@dechert.com

Robert D. Rhoad (admitted *pro hac vice*)
DECHERT LLP
502 Carnegie Center, Suite 104
Princeton, NJ 08540
Tel.: (609) 955-3269
Fax.: (609) 873-9142
robert.rhoad@dechert.com

Angela Liu
DECHERT LLP
35 West Wacker Drive, Suite 3400
Chicago, IL 60601
Tel.: (312) 646-5800
Fax: (312) 646-5858
angela.liu@dechert.com

Heidi K. Hubbard (admitted *pro hac vice*)
Benjamin Greenblum (admitted *pro hac vice*)
Katherine Trefz (admitted *pro hac vice*)
Elise Baumgarten (admitted *pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC 20024

/s/ *Andrew C. Curley*
David F. Sorensen
Andrew C. Curley
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
T: (215) 875-3000
F: (215) 875-4604
dsorensen@bm.net
acurley@bm.net

/s/ *Bruce E. Gerstein*
Bruce E. Gerstein
Jonathan M. Gerstein
GARWIN GERSTEIN & FISHER, LLP
Wall Street Plaza
88 Pine Street, 10th Floor
New York, NY 10005
T: (212) 398-0055
F: (212) 764-6620
bgerstein@garwingerstein.com
jgerstein@garwingerstein.com

*Co-Lead Counsel for the Direct Purchaser Class*

/s/ *Gregory S. Asciolla*
Gregory S. Asciolla
Karin E. Garvey
Matthew J. Perez
DICELLO LEVITT GUTZLER
One Grand Central Place
60 East 42nd Street
New York, NY 10165
T: (646) 933-1000
gasciolla@dicellolevitt.com
kgarvey@dicellolevitt.com
mperez@dicellolevitt.com

</div>

4

<div style="columns:2">

Tel.: (202) 434-5000
Fax: (202) 434-5029
hhubbard@wc.com
bgreenblum@wc.com
ktrefz@wc.com
ebaumgarten@wc.com

*Counsel for Defendants Endo Health Solutions Inc., Endo Pharmaceuticals Inc., and Penwest Pharmaceuticals Co.*

/s/ *Devora W. Allon*
Jay P. Lefkowitz, P.C. (admitted pro hac vice)
Devora W. Allon, P.C. (admitted pro hac vice)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
lefkowitz@kirkland.com
devora.allon@kirkland.com

James R.P. Hileman
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, IL 60654
(312) 862-7090
jhileman@kirkland.com

*Counsel for Defendant Impax Laboratories, Inc.*


Monica Kiley
Eric L. Bloom
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
2805 Old Post Road, Suite 100
Harrisburg, PA 17110
T: (717) 364-1007
mkiley@hangley.com
ebloom@hangley.com

/s/ *Robert J. Wozniak*
Michael J. Freed
Robert J. Wozniak
Brian M. Hogan
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
T: (224) 632-4500
F: (224) 632-4532
mfreed@fklmlaw.com
rwozniak@fklmlaw.com
bhogan@fklmlaw.com

*Co-Lead Counsel for the End-Payor Classes*

/s/ *Lauren C. Ravkind*
Scott E. Perwin
Lauren C. Ravkind
Anna T. Neill
KENNY NACHWALTER P.A.
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
T: (305) 373–1000
sperwin@knpa.com
lravkind@knpa.com
aneill@knpa.com

*Counsel for Plaintiffs Walgreen Co., The Kroger Company, Safeway, Inc., HEB Grocery Co. L.P., and Albertson's LLC*

/s/ *Barry L. Refsin*
Barry L. Refsin
HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
One Logan Square, 27th Floor
Philadelphia, PA 19103
T: (215) 496-7031
brefsin@hangley.com

*Counsel for Plaintiffs Rite Aid Corporation, Rite Aid Hdqtrs. Corp., and CVS Pharmacy, Inc.*

</div>

5