UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: OPANA ER ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>All Direct Purchaser Class Actions | MDL DOCKET NO. 2580<br>Case No. 1:14-cv-10150 (HDL) |

**ORDER GRANTING DIRECT PURCHASER CLASS PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT, APPROVAL OF THE FORM AND MANNER OF NOTICE TO THE CLASS AND PROPOSED SCHEDULE FOR A FAIRNESS HEARING**

Upon review and consideration of Direct Purchaser Class Plaintiffs' Motion for Preliminary Approval of Proposed Settlement, Approval of the Form and Manner of Notice to the Class, and Proposed Schedule for a Fairness Hearing, the exhibits thereto, and as stated at the telephonic hearing held July 28, 2022, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that said motion is GRANTED as follows:

**Jurisdiction**

1. This Order hereby incorporates by reference the definitions in the Settlement Agreement among Impax, Plaintiffs, and the Class[1], and all capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreement.

---

[1] The following class (the "Class" or "Direct Purchaser Class") has been certified under Fed. R. Civ. P. 23(b)(3):

> All persons or entities in the United States and its territories, including Puerto Rico, who purchased brand or generic Opana ER 5, 10, 20, 30, and/or 40mg tablets directly from Defendants at any time during the period from April 1, 2011 until August 31, 2017 (the "Class").
>
> Excluded from the Class are Defendants and their officers, directors, management, employees, subsidiaries, or affiliates, and all federal governmental entities. Also excluded from the Class are: all Retailer Plaintiffs that have opted out of the Class, including CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs. Corp., Walgreen Co., The Kroger Co., Albertsons LLC, Safeway Inc. and H-E-B L.P.

2.	This Court has jurisdiction over each of the named plaintiffs, Value Drug Company ("Value Drug") and Meijer, Inc. and Meijer Distribution, Inc. ("Meijer") (Value Drug and Meijer collectively, with the Class, "Plaintiffs"); and Impax Laboratories, Inc. ("Impax"), and jurisdiction over the litigation to which Plaintiffs and Impax are parties.

### Preliminary Approval of the Proposed Settlement

3.	A court may finally approve a class action settlement "only after a hearing and only on finding that it is fair, reasonable, and adequate" after considering a variety of factors. Fed. R. Civ. P. 23(e)(2). "At the preliminary approval stage, however, the purpose of the inquiry is only to 'ascertain whether there is any reason to notify the class members of the proposed settlement and to proceed with a fairness hearing' [and] "'not to conduct a full-fledged inquiry into whether the settlement meets Rule 23(e)'s standards.'" *In re TikTok, Inc., Consumer Privacy Litig.*, 2021 U.S. Dist. LEXIS 188949, at *20 (N.D. Ill. Sep. 30, 2021) (internal citations omitted). Nonetheless, this District typically performs "'a more summary version' of the final fairness inquiry at the preliminary approval stage.'" *Am. Int'l Group, Inc. v. ACE INA Holdings, Inc.*, 2011 U.S. Dist. LEXIS 84219, at *33 (N.D. Ill. Jul. 26, 2011) (internal citation omitted). "Ultimately, preliminary approval requires only that the settlement figure is within a reasonable range…" *Id.* at *36.

4.	For the reasons outlined in Plaintiffs' Motion for Preliminary Approval, all factors weigh in favor of preliminarily approving the settlement. The Court finds that the proposed settlement - which includes aggregate cash payments of $145,000,000 by Impax into an escrow account for the benefit of the Class (the "Settlement Fund") in exchange for, *inter alia,* dismissal of the litigation between Plaintiffs and Impax with prejudice and releases of certain claims, as set forth in the Settlement Agreement - was arrived at by arm's-length negotiations by highly

experienced counsel after mediation, approximately eight years of litigation, and as a jury trial was beginning, falls within a reasonable range. The proposed settlement is therefore hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.

### Approval of the Plan of Notice to the Class and Plan of Allocation

5. Members of the Class have previously been given notice of the pendency of the litigation and the opportunity to exclude themselves from the Class. *See* ECF No. 768. The following entities requested exclusion from the Class: CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs. Corp., Walgreen Co., The Kroger Co., Albertsons LLC, Safeway Inc. and H-E-B L.P. *Id.* at ¶ 9.

6. The proposed form of Notice to Class Members of the proposed Settlement (annexed as Exhibit B to the Settlement Agreement) satisfies the requirements of Rule 23(e) and due process, is otherwise fair and reasonable, and therefore is approved. Plaintiffs' Counsel shall cause the Notice substantially in the form attached to the Settlement Agreement to be disseminated within twenty-one (21) days of this Order via first-class mail to the last known address of each member of the Class.

7. The Court finds that because the prior notice of class certification, disseminated by first class mail to all members of the Class on October 7, 2021 satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and because the prior notice of class certification provided an opt-out period that closed on November 22, 2021, there is no need for an additional opt-out period pursuant to Fed. R. Civ. P. 23(e)(4).

8. Pursuant to the Class Action Fairness Act of 2005 ("CAFA") Impax shall serve notices as required under CAFA no later than ten (10) days from the date Plaintiffs file the Settlement Agreement and Motion for Preliminary Approval with the Court.

9. Members of the Class may object to the Settlement no later than October 3, 2022 (45 days from the dissemination of the Notice). Plaintiffs' Counsel shall monitor and record any and all objections that are received.

10. The Court previously appointed RG/2 Claims Administration LLC ("RG/2") to serve as the Notice Administrator (*see* ECF No. 751) and now appoints RG/2 to also serve as claims administrator to assist Plaintiffs' Counsel in disseminating the Notice and process claims. All expenses incurred by the claims administrator must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund, as outlined by the Settlement Agreement.

11. The proposed Plan of Allocation satisfies the requirements of Rule 23(e), is otherwise fair and reasonable, and is, therefore, preliminarily approved, subject to further consideration at the Final Fairness Hearing.

12. The Court appoints First State Trust Company as Escrow Agent for the purpose of administering the escrow account holding the Settlement Fund. All expenses incurred by the Escrow Agent must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund, as outlined by the Settlement Agreement. A copy of the Escrow Agreement executed by First State Trust Company and counsel is annexed as Exhibit D to the Settlement Agreement.

13. The Court approves the establishment of the Settlement Fund under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing

jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Plaintiffs' Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

### Final Fairness Hearing

14. A hearing on final approval (the "Fairness Hearing") shall be held before this Court at 9:30 a.m. on November 3, 2022[2] in Courtroom 1941 of the United States District Court for the Northern District of Illinois, Dirksen U.S. Courthouse, 219 S. Dearborn Street, Chicago, Illinois, 60604.

15. At the Fairness Hearing, the Court will consider, *inter alia:* (a) the fairness, reasonableness and adequacy of the Settlement and whether the Settlement should be finally approved; (b) whether the Court should approve the proposed plan of distribution of the Settlement Fund among Class members; (c) whether the Court should approve awards of attorneys' fees and reimbursement of expenses to Plaintiffs' Counsel; (d) whether service awards should be awarded to the named plaintiffs; and (e) whether entry of a Final Judgment and Order terminating the litigation between Plaintiffs and Impax should be entered. The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Plaintiffs' Counsel shall be responsible for communicating any such notice promptly to the Class by posting a conspicuous notice on the respective websites of Plaintiffs' Counsel: www.garwingerstein.com; and www.bergermontague.com.

---

[2] The Fairness Hearing is at least 90 (ninety) days from the service of the CAFA notice described above in Paragraph 8.

16. Class members who wish to: (a) object with respect to the proposed Settlement; and/or (b) wish to appear in person at the Fairness Hearing, must first send an Objection and, if intending to appear, a Notice of Intention to Appear, along with a Summary Statement outlining the position(s) to be asserted and the grounds therefore together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Clerk of the United States District Court for the Northern District of Illinois, Dirksen U.S. Courthouse, 219 S. Dearborn Street, Chicago, Illinois, 60604, with copies to the following counsel:

*On behalf of Plaintiffs*:

Bruce E. Gerstein, Esq.
Jonathan Gerstein, Esq.
Garwin Gerstein & Fisher LLP
88 Pine St., 10th Floor
New York, New York 10005
Tel: 212-398-0055
bgerstein@garwingerstein.com
jgerstein@garwingerstein.com

David F. Sorensen, Esq.
Andrew Curley, Esq.
Berger Montague PC
1818 Market St.
Suite 3600
dsorensen@bm.net
acurley@bm.net

*On behalf of Impax*:

Jay P. Lefkowitz
Devora Allon
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
lefkowitz@kirkland.com
devora.allon@kirkland.com

To be valid, any such Objection and/or Notice of Intention to Appear and Summary statement must be postmarked no later than October 3, 2022 (45 days from the date of mailing of

notice to the Class). Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlement. All persons and entities who fail to file an Objection and/or Notice of Intention to Appear as well as a Summary Statement as provided above shall be deemed to have waived any such objections by appeal, collateral attack or otherwise and will not be heard at the Fairness Hearing.

17. All briefs and materials in support of the final approval of the settlement and the entry of Final Judgment proposed by the parties to the Settlement Agreement shall be filed with the Court by October 24, 2022 (21 days after the expiration of the deadline for Class members to object to the Settlement and/or attorney's fees, expenses and service awards for the named plaintiffs).

18. All briefs and materials in support of the application for an award of attorneys' fees and reimbursement of expenses, and service awards for the named plaintiffs, shall be filed with the Court by September 19, 2022 (14 days prior to the expiration of the deadline for Class members to object to the Settlement and/or attorney's fees, expenses and service awards for the named plaintiffs).

19. All proceedings in the action between Plaintiffs and Impax are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement and, if the Court approves the Settlement, enters Final Judgment and dismisses such actions with prejudice.

20. Neither this Order, nor the Settlement Agreement, nor any other Settlement-related document, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreement or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Impax as to the validity of any claim that has

been asserted by Plaintiffs against Impax or as to any liability by Impax as to any matter set forth in this Order.

SO ORDERED this 28th day of July 2022

_____
The Honorable Harry D. Leinenweber
United States District Judge