<u>UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS</u>

# If you purchased brand or generic Opana ER® (oxymorphone hydrochloride extended-release) 5, 10, 20, 30, and/or 40 mg tablets directly from Endo Health Solutions Inc., Endo Pharmaceuticals Inc., Penwest Pharmaceuticals Co., or Impax Laboratories, Inc., your rights may be affected by the settlement of a class action lawsuit.

*A federal court authorized this notice. It is not a solicitation from a lawyer. You are not being sued.*

Value Drug Company ("Value Drug") and Meijer, Inc. and Meijer Distribution, Inc. ("Meijer") (collectively "Plaintiffs" or "Class Representatives") have reached a proposed settlement with one of the defendants in their class action suit against Endo Health Solutions Inc., Endo Pharmaceuticals Inc., Penwest Pharmaceuticals Co. (collectively "Endo") and Impax Laboratories, Inc. ("Impax") (together, "Defendants"). The settlement is only with Impax. You previously received a notice about the pendency of this class action lawsuit. The purpose of this notice is to alert you to the existence of and provide important details about the proposed settlement and to inform you of your rights under the proposed settlement.

- The proposed settlement is with Impax and related entities and will provide $145,000,000 in cash to resolve the Direct Purchaser Class's claims against Impax (the "Settlement Fund").

- The Court has scheduled a hearing to decide on final approval of the settlement, the plan for allocating the Settlement Fund to Direct Purchaser Class Members (summarized in the responses to Questions 6 and 7 below), and Class Counsel's request for settlement administration costs, attorneys' fees, reimbursement of Class Counsel's out-of-pocket expenses and costs, and service awards to the Class Representatives. That hearing is scheduled for 9:30 a.m. on November 3, 2022 before U.S. District Court Judge Harry D. Leinenweber in Courtroom 1941 of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen U.S. Courthouse, 219 South Dearborn Street, Chicago, IL 60604.

**YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DO NOT ACT, SO PLEASE READ THIS NOTICE CAREFULLY.**

Judge Harry D. Leinenweber of the United States District Court for the Northern District of Illinois allowed this antitrust lawsuit to proceed as a class action. In allowing this lawsuit to proceed as a class action, Judge Leinenweber certified the following class:

> All persons or entities in the United States and its territories, including Puerto Rico, who purchased brand or generic Opana ER 5, 10, 20, 30, and/or 40mg tablets directly from Defendants at any time during the period from April 1, 2011 until August 31, 2017 (the "Class" or "Direct Purchaser Class"). Excluded from the Class are Defendants and their officers,

directors, management, employees, subsidiaries, or affiliates, and all federal governmental entities.

At their request, also excluded from the Class for purposes of this Settlement Agreement are: all Retailer Plaintiffs that have opted out of the Class, including CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs. Corp., Walgreen Co., The Kroger Co., Albertsons LLC, Safeway Inc. and H-E-B L.P.

The proposed settlement will affect the rights of all members of the Class, as defined above, unless they have previously excluded themselves from the Class.

The Court in charge of this case still has to decide whether to approve the settlement. If it does not, the lawyers will need to prove the claims against Impax at trial.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| **WHEN YOU RECEIVE A CLAIM FORM, PROMPTLY COMPLETE AND RETURN IT** | You do not need to do anything now to remain a member of the Direct Purchaser Class. If the settlement with Impax is approved and you are a member of the Class, and have not previously excluded yourself from the Class, you will receive a Claim Form by mail to complete, sign, and return to obtain a share of the Settlement Fund. |
| **OBJECT TO THE SETTLEMENT** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING** | Ask to speak to the Court about the fairness of the settlement. |
| **GET MORE INFORMATION** | If you would like to receive more information about the proposed settlement, you can send questions to the lawyers identified in this notice and/or attend the hearing at which the Court will evaluate the proposed settlement. |

*These rights and options—and the deadlines to exercise them—are explained in this notice.*

### WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ................................................................................................................ 4
    1.    Why Did I Get This Notice? ..................................................................................... 4
    2.    What Is This Lawsuit About? ................................................................................... 4
    3.    Why Is This Lawsuit A Class Action? ..................................................................... 5
    4.    Why Is There A Settlement? .................................................................................... 6

**WHO IS INCLUDED IN THE CLASS AND THE SETTLEMENT** ...................................... 6

    5.      Am I Part Of The Class And The Settlement? ......................................................... 6

**THE SETTLEMENT BENEFITS: WHAT YOU GET** ................................................................. 6

    6.      What Does The Settlement Provide? ..................................................................... 6

    7.      When Would I Get My Payment And How Much Would It Be? .......................... 7

    8.      How Can I Get A Payment? ................................................................................... 8

**THE LAWYERS REPRESENTING YOU** ................................................................................... 9

    9.      Do I Have A Lawyer In This Case? ....................................................................... 9

    10.      Should I Get My Own Lawyer? ............................................................................ 9

    11.      How Will The Lawyers Be Paid? .......................................................................... 9

**OBJECTING TO THE SETTLEMENT** ........................................................................................ 9

    12.      How Do I Tell The Court That I Do Not Like The Settlement? ............................ 9

**THE COURT'S FINAL FAIRNESS HEARING** ........................................................................ 10

    13.      When And Where Will The Court Decide Whether To Approve The Settlement? ........................................................................................................... 10

    14.      Do I Have To Come To The Hearing? ................................................................ 11

    15.      May I Speak At The Hearing? ............................................................................. 11

**IF YOU DO NOTHING** ............................................................................................................... 12

    16.      What Happens If I Do Nothing At All? ............................................................... 12

**GETTING MORE INFORMATION** .......................................................................................... 12

    17.      How Do I Get More Information? ....................................................................... 12

## BASIC INFORMATION

### 1. Why Did I Get This Notice?

You received this notice because, according to sales data produced by the Defendants, you may have purchased brand Opana ER 5, 10, 20, 30, and/or 40 mg tablets directly from Endo and/or generic Opana ER 5, 10, 20, 30, and/or 40 mg tablets directly from Impax during the period from April 1, 2011 through August 31, 2017.

A prior notice about the lawsuit and the Court's decision to certify the Class was mailed on or about October 7, 2021.

A federal court authorized this second notice because you have a right to know about the proposed settlement and about all of your options before the Court decides whether to grant final approval of the settlement. This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, and eligibility for those benefits. Note that you may have received this notice in error; simply receiving this notice does not mean you are definitely a member of the Direct Purchaser Class. You may confirm that you are a member of the Direct Purchaser Class by reviewing the criteria set forth in Question 5 below. You may also call or write to the lawyers in this case at the telephone numbers or addresses listed in Question 9 below.

### 2. What Is This Lawsuit About?

Plaintiffs filed lawsuits individually and as representatives of all persons or entities in the U.S. and its territories, including Puerto Rico, who purchased brand or generic Opana ER 5, 10, 20, 30, and/or 40 mg tablets directly from Defendants at any time during the period from April 1, 2011 until August 31, 2017 (the "Class"). Excluded from the Class are the Defendants and their officers, directors, management, employees, subsidiaries, or affiliates, and all federal governmental entities. Also excluded from the Class for purposes of this Settlement Agreement are: all Retailer Plaintiffs that have opted out of the Class, including CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs. Corp., Walgreen Co., The Kroger Co., Albertsons LLC, Safeway Inc. and H-E-B L.P. The lawsuit asserts that, as a result of the Defendants' alleged unlawful conduct, the prices paid for brand Opana ER and generic Opana ER (oxymorphone hydrochloride extended-release) were higher than they otherwise would have been. The Plaintiffs seek to recover damages in the form of overcharges on direct purchases of brand and generic Opana ER 5, 10, 20, 30, and/or 40 mg tablets from the Defendants. Plaintiffs allege the overcharges were caused by Defendants' conduct. Under federal antitrust law, any damages awarded at trial are automatically trebled (that is, tripled). Plaintiffs also seek to recover attorneys' fees and costs.

The lawsuit alleges that the Defendants violated federal antitrust laws by unlawfully impairing and delaying the introduction of generic versions of the prescription drug Opana ER into the United States market. The Plaintiffs allege that in June 2010, the manufacturer of brand Opana ER, Endo, and a generic pharmaceutical company, Impax, entered into a "pay for delay" or "reverse payment" agreement in violation of the federal antitrust laws. A "pay for delay" or

"reverse payment" agreement, generally speaking, is an agreement in which a brand name drug company provides compensation to a generic competitor, and in return, the generic competitor agrees to stop challenging, or stop trying to invent around, the brand company's patent and agrees to delay launching its generic product. Absent the alleged "pay for delay" agreement, the Plaintiffs claim, Impax would have launched generic Opana ER earlier than January 2013, the date on which Impax actually launched generic Opana ER. The Plaintiffs also claim that Endo would have launched their own competing generic version of Opana ER, an "authorized generic," at or about the same time. The Plaintiffs allege that the prices for Opana ER and generic Opana ER were higher than they would have been absent the Defendants' alleged unlawful conduct.

Impax denies all these allegations, including that the Plaintiffs or Class members are entitled to damages or other relief.

There has been no determination by the Court or a jury that the allegations against Impax have been proven or that, if proven, Impax's conduct caused harm to the Class. However, a jury did find for Endo in a trial that concluded on July 1, 2022. Post-trial briefing, including any appeal as to the verdict, has not yet commenced.

Judge Harry D. Leinenweber of the United States District Court for the Norther District of Illinois is overseeing this class action and the settlement. The lawsuit is known as *In re: Opana ER Antitrust Litigation*, MDL No. 2580, No. 14-cv-10150 (HDL).

### 3. Why Is This Lawsuit A Class Action?

In a class action lawsuit, one or more persons or entities sue on behalf of others who have similar claims. Together, all these entities make up the "Class" and are called "Class members." The companies that filed suit are called the "Plaintiffs" (or "Class Representatives"). The companies that are sued are called the "Defendants."

In a class action lawsuit, one court resolves the issues for everyone in the class, except for those class members who exclude themselves from the class.

In certifying the Class, the Court decided that this lawsuit can proceed as a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. The common legal and factual questions include:

- Whether the Defendants conspired to suppress generic competition to Opana ER;

- Whether the Defendants' conduct caused the Plaintiffs and members of the Class to pay higher prices than they otherwise would have; and

- Whether the alleged reverse payment agreement is illegal under the antitrust laws.

The members of the certified class are "Direct Purchaser Class Members." A copy of the Court's order is available at https://www.garwingerstein.com and https://www.bergermontague.com.

| 4. | Why Is There A Settlement? |

Plaintiffs and Defendants commenced trial on June 9, 2022 but, at about that time, Plaintiffs and Impax agreed to a settlement. By settling, Plaintiffs and Impax avoided the risk of trial and the continued costs of litigation. Plaintiffs and Class Counsel believe that the proposed settlement is fair, adequate, reasonable, and in the best interests of the Class.

## WHO IS INCLUDED IN THE CLASS AND THE SETTLEMENT

| 5. | Am I Part Of The Class And The Settlement? |

Judge Harry D. Leinenweber of the United States District Court for the Northern District of Illinois allowed this antitrust lawsuit to proceed as a class action, and certified the following class:

> All persons or entities in the United States and its territories, including Puerto Rico, who purchased brand or generic Opana ER 5, 10, 20, 30, and/or 40mg tablets directly from Defendants at any time during the period from April 1, 2011 until August 31, 2017 (the "Class"). Excluded from the Class are Defendants and their officers, directors, management, employees, subsidiaries, or affiliates, and all federal governmental entities.

At their request, also excluded from the Class for purposes of this Settlement Agreement are: all Retailer Plaintiffs that have opted out of the Class, including CVS Pharmacy, Inc., Rite Aid Corporation, Rite Aid Hdqtrs. Corp., Walgreen Co., The Kroger Co., Albertsons LLC, Safeway Inc. and H-E-B L.P.

If you fit within the definition of the Class, unless you previously asked to be excluded from the Class, you are a member of the Class for purposes of the settlement.

If you are not sure whether you are included, you may call or write to the lawyers in this case at the telephone numbers or addresses listed in Question 9 below.

## THE SETTLEMENT BENEFITS: WHAT YOU GET

| 6. | What Does The Settlement Provide? |

Impax has agreed to pay $145,000,000 in cash into an interest-bearing escrow account ("Settlement Fund") for the benefit of the Direct Purchaser Class. The money is to be paid in three installments as follows: fifty-eight million dollars ($58,000,000) was paid on June 22, 2022; fifty-eight million dollars ($58,000,000) plus interest to be paid no later than January 17, 2023; and twenty-nine million dollars ($29,000,000) plus interest to be paid no later than January 17, 2024. If approved by the Court, the Settlement Fund, minus any Court-awarded fees and expenses to Class Counsel, the cost of settlement notice and administration, and service awards to the Class Representatives (the "Net Settlement Fund") will be distributed to Direct Purchaser Class Members who return valid and timely Claim Forms. The distribution will be made on a pro rata basis, consistent with each Direct Purchaser Class Member's aggregate weighted share of the total

Direct Purchaser Class purchases of brand and generic Opana ER 5, 10, 20, 30, and/or 40mg tablets. The Allocation Plan utilizes the weighted totals of each Direct Purchaser Class Member's purchases of brand and generic Opana ER 5, 10, 20, 30, and/or 40mg tablets to account for the different amount of alleged overcharge associated with purchases of brand and generic products, with brand unit purchases weighted more than generic unit purchases.

Transactional sales data from the Defendants will be used to make these calculations. Direct Purchaser Class Members will be given the opportunity to provide data or information to supplement or correct this information if they choose. Each Direct Purchaser Class Member will receive a Claim Form pre-populated with information about their purchases for review and signature.

Plaintiffs' Counsel will ask for a service award for the Class Representatives of up to $150,000 each from the Settlement Fund in recognition of their efforts to date on behalf of the Class.

In exchange for the Settlement Fund, Impax will be released and discharged from all antitrust and similar claims relating to Opana ER and the generic forms of these products ("Releasees" and "Released Claims" as defined in the Settlement Agreement). The full text of the release is included in the Settlement Agreement, available at https://www.garwingerstein.com and https://www.bergermontague.com. This Notice is a summary only and is not intended to, and does not, vary the terms of the actual Settlement Agreement.

## 7. When Would I Get My Payment And How Much Would It Be?

Each Direct Purchaser Class Member's proportionate, weighted pro rata recovery will be determined using a Court-approved Plan of Allocation. The detailed Plan of Allocation is posted and can be reviewed at https://www.garwingerstein.com and https://www.bergermontague.com. Under the proposed Plan of Allocation, your share of the Net Settlement Fund will depend on the total amount of brand and generic Opana ER 5, 10, 20, 30, and/or 40mg tablets that you purchased from Defendants from April 1, 2011 until December 31, 2017 ("Class Purchases") weighted to account for the different amount of alleged overcharge associated with purchases of brand and generic products, with brand units weighted more than generic unit purchases. Generally, those who purchased more will get a higher recovery, and those who purchased brand Opana ER 5, 10, 20, 30, and/or 40mg tablets will get more than those who purchased only generic Opana ER 5, 10, 20, 30, and/or 40mg tablets from Impax, as alleged overcharge damages on purchases of generic Opana ER were lower than alleged overcharges on purchases of brand Opana ER.

Your share of the Net Settlement Fund will also depend on the number of valid claim forms that Class Members submit. If fewer than 100% of the Class Members send in a claim form, you could get a larger pro rata share.

Money from the settlement will only be distributed to Class Members if the Court grants final approval of the settlement. Payment is conditioned on several matters, including the Court's approval of the settlement and such approval no longer being subject to any appeals to any court or, if there is an appeal, such appeal being final and no longer subject to any further appeal.

The Settlement Agreement may be terminated if the Court does not approve the settlement or materially modifies it. If the Settlement Agreement is terminated, the lawsuit will proceed against Impax as if such settlement had not been reached.

Depending on the timing of the events described above, there may be more than one distribution to Class Members from the Net Settlement Fund.

### 8. How Can I Get A Payment?

If the settlement is approved by the Court, all Direct Purchaser Class Members will receive a Claim Form by mail to request a pro rata share of the Net Settlement Fund. Court-approved fees and expenses for the attorneys and service awards to the Class Representatives will also be paid by the Settlement Fund. Transactional sales data from the Defendants will be used to make the pro rata share calculations. You will be asked to verify the accuracy of the information in the Claim Form that will be mailed to you if the Court approves the settlement, and to sign and return the form according to the directions on the form. Class Members will be given the opportunity to provide data or information to supplement or correct this information.

Claim forms must be postmarked (with any necessary supporting documentation if the claimant disagrees with the information contained in its claim form) within forty-five (45) days of the date the claim forms are mailed.

## THE LAWYERS REPRESENTING YOU

**9. Do I Have A Lawyer In This Case?**

The Court previously appointed two law firms to serve as lead class counsel to represent you and all Class members. Their contact information is as follows:

| | |
|---|---|
| David F. Sorensen<br>Andrew C. Curley<br>BERGER MONTAGUE PC<br>1818 Market Street<br>Suite 3600<br>Philadelphia, PA 19103<br>T: (215) 875-3000<br>F: (215) 875-4604<br>dsorensen@bm.net<br>acurley@bm.net | Bruce E. Gerstein<br>Jonathan M. Gerstein<br>GARWIN GERSTEIN & FISHER, LLP<br>Wall Street Plaza<br>88 Pine Street, 10th Floor<br>New York, NY 10005<br>T: (212) 398-0055<br>F: (212) 764-6620<br>bgerstein@garwingerstein.com<br>jgerstein@garwingerstein.com |

**10. Should I Get My Own Lawyer?**

You do not need to hire your own lawyer if you are in the Class because the lawyers appointed by the Court are working on your behalf. You may hire a lawyer and enter an appearance through your lawyer at your own expense if you so desire.

**11. How Will The Lawyers Be Paid?**

The Court will be asked to approve reasonable fees and expenses for the lawyers who worked on the case and for reimbursement of the litigation expenses they have advanced on behalf of the Class. Class Counsel intend to seek attorneys' fees of up to forty percent of the Settlement Fund less court-approved expenses and service awards. If the Court grants Class Counsel's requests, fees and expenses would be deducted from the Settlement Fund. Members of the Class will not have to pay any attorneys' fees or expenses out of their own pockets.

Any application by Class Counsel for an award of attorneys' fees, reimbursement of expenses and service awards to the Class Representatives will be filed with the Court and made available for download and/or viewing on or before September 19, 2022 at https://www.garwingerstein.com and https://www.bergermontague.com, as well as the offices of the Clerk of Court for the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen U.S. Courthouse, 219 South Dearborn Street, Chicago, IL 60604, during normal business hours.

## OBJECTING TO THE SETTLEMENT

**12. How Do I Tell The Court That I Do Not Like The Settlement?**

If you are a member of the Direct Purchaser Class, you can object to the settlement or any part of it if you do not like it. The Court will consider your views. To object, you must send a letter via First Class U.S. Mail saying that you object to the settlement in *In re Opana ER Antitrust Litigation*, MDL No. 2580, Case No. 14 C 10150 (N.D. Ill.). Be sure to include your name, address, telephone number, your signature, and the reasons why you object to the settlement. Mail the objection to all of the following:

| **Counsel for Impax** | **Class Counsel** |
|---|---|
| Jay P. Lefkowitz<br>Devora Allon<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022 | David F. Sorensen<br>Andrew C. Curley<br>BERGER MONTAGUE PC<br>1818 Market Street<br>Suite 3600<br>Philadelphia, PA 19103<br><br>Bruce E. Gerstein<br>Jonathan M. Gerstein<br>GARWIN GERSTEIN & FISHER, LLP<br>Wall Street Plaza<br>88 Pine Street, 10th Floor<br>New York, NY 10005 |
| **Clerk of the Court** ||
| Clerk of the United States District Court for the Norther District of Illinois<br>Everett McKinley Dirksen U.S. Courthouse<br>219 South Dearborn Street, Chicago, IL 60604 ||

Your objection **must be postmarked no later than October 3, 2022.**

### THE COURT'S FINAL FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend, and you may ask to speak, but you do not have to.

### 13. When And Where Will The Court Decide Whether To Approve The Settlement?

The Court will hold a Fairness Hearing at 9:30 a.m. on November 3, 2022, in Courtroom 1941 of the United States District Court for the Norther District of Illinois, Everett McKinley Dirksen U.S. Courthouse, 219 South Dearborn Street, Chicago, IL 60604. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will date. The date and time of the hearing

is subject to change. Notice of such change will be posted at https://www.garwingerstein.com and https://www.bergermontague.com.

| 14. | Do I Have To Come To The Hearing? |

No, you do not have to attend the hearing. Class Counsel will answer any questions that Judge Leinenweber may have. You are welcome to attend at your own expense, however.

If you send an objection, you do not have to come to Court to talk about it. So long as you mail your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary for you to do so to receive a pro rata share of the Net Settlement Fund.

| 15. | May I Speak At The Hearing? |

If you are a member of the Direct Purchaser Class, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter via First Class U.S. Mail saying that it is your "Notice of Intention to Appear in *In re: Opana ER Antitrust Litigation*, MDL No. 2580, No. 14-cv-10150 (HDL)." Be sure to include your name, address, telephone number, and your signature, as well as a summary statement outlining your positions and the reasons for them, and copies of any supporting documents or briefs you want the Court to consider. Your Notice of Intention to Appear must be postmarked no later than October 3, 2022, and must be sent to the Clerk of the Court, Class Counsel and Counsel for Impax, at the addresses set forth in the responses to Question 12.

You cannot speak at the hearing if you do not send a Notice of Intention to Appear.

**IF YOU DO NOTHING**

| 16. | What Happens If I Do Nothing At All? |

If you are a member of the Direct Purchaser Class and you do nothing, and the Court approves the settlement, then you will remain in the Direct Purchaser Class and be eligible to participate in the settlement as described in this Notice and you will release your claims against Impax as described in the Settlement Agreement. However, you will need to complete, sign and return the Claim Form (once it is sent to you) within thirty days in order to obtain a payment.

**GETTING MORE INFORMATION**

| 17. | How Do I Get More Information? |

For more detailed information about this litigation, please refer to the papers on file in this litigation, which may be inspected at the Office of the Clerk, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen U.S. Courthouse, 219 South Dearborn Street, Chicago, IL 60604 during regular business hours of each business day. You may also get additional information about the settlement by calling or writing to Class Counsel as indicated above, or by visiting https://www.garwingerstein.com and https://www.bergermontague.com, or by writing to the Notice Administrator, RG/2 Claims Administration, at the following address:

RG/2 Claims Administration
P.O. Box 59479
Philadelphia, PA 19102-9479

**PLEASE DO NOT WRITE TO OR CALL THE COURT OR THE CLERK'S OFFICE FOR INFORMATION. INSTEAD, PLEASE DIRECT ANY INQUIRIES TO ANY OF THE CLASS COUNSEL LISTED ABOVE.**

DATE: July 28, 2022

BY THE COURT

_____
The Honorable Harry D. Leinenweber
United States District Judge