# EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE OPANA ER ANTITRUST LITIGATION | MDL No. 2580 |
| | Lead Case No. 14-cv-10150 |
| THIS DOCUMENT RELATES TO:<br><br>ALL END-PAYOR ACTIONS | Hon. Harry D. Leinenweber |

**PLAN OF ALLOCATION**

This Plan of Allocation will govern distributions from the net proceeds of the $15,000,000 settlement fund created by the July 19, 2022 Class Action Settlement Between End-Payor Plaintiffs and Defendant Impax Laboratories, Inc. in *In re Opana ER Antitrust Litigation*, Case No. 14-cv-10150 (N.D. Ill.). To receive a distribution under this Plan of Allocation, a person or entity must timely submit a Claim Form and be an Eligible Claimant. The manner in which payments will be allocated and distributed to Eligible Claimants who timely submit Proofs of Claim is described below.

I. **Definitions**

If not otherwise defined herein, capitalized terms shall be as defined in the Settlement Agreement.

1. "Allocation Pool" means the Consumer Pool and the Third-Party Payor Pool, defined below.

2. "Consumer Pool" means 44.26% of the Net Settlement Fund, which shall be distributed to Class Members who are individual consumers.

3. "Third-Party Payor Pool" means 55.74% of the Net Settlement Fund, which shall be distributed to Class Members who are third-party payor entities, not individual consumers.

4. "Classes" means the certified classes set forth in the Settlement Agreement, with the same exclusions from the Class.

5. "Class Member" means a person or entity who remains in the Class and has not opted out.

6. "Class Period" means April 2011 to September 2018.

7. "Eligible Consumer Claimant" means any Class Member who is an individual consumer and who submits a timely and valid Consumer Claim Form.

8. "Eligible Third-Party Payor Claimant" means any Class Member who is a third-party payor entity that submits a timely and valid Third-Party Payor Claim Form.

9. "Net Settlement Fund" means the $15,000,000 Settlement Amount together with any interest earned, less Court-approved attorneys' fees, reimbursement of costs and expenses, service awards, any tax and tax expenses, and fees and costs associated with issuing notice and claims administration.

10. "Consumer Claim Form" means the document titled "Consumer Claim Form," which is available for download at www.opanaerantitrustlitigation.com or by calling 1-877-888-6423.

11. "Qualifying Consumer Claim" means a Consumer Claim Form from an Eligible Consumer Claimant accepted by the Claims and Notice Administrator and shall be calculated as the total dollars spent by the Eligible Consumer Claimant to pay or provide reimbursement for some or all of the purchase price of one or more branded or generic Opana ER during the Class Period.

12. "Qualifying Third-Party Payor Claim" means a Third-Party Payor Claim Form from an Eligible Third-Party Payor Claimant accepted by the Settlement Administrator and shall be calculated as the total dollars spent by the Eligible Third-Party Payor Claimant to pay or provide reimbursement for some or all of the purchase price of one or more branded or generic Opana ER during the Class Period.

13. "Settlement Administrator" means A.B. Data, Ltd.

14. "Third-Party Payor Claim Form" means the document titled "Third-Party Payor Claim Form," which is available for download at www.opanaerantitrustlitigation.com or by calling 1-877-888-6423.

## II. Distribution Among Eligible Claimants

15. No Eligible Claimant shall be permitted to recover from any Allocation Pool unless that Claimant submits a timely Claim Form with a Qualifying Claim for that Allocation Pool. Claimants who previously opted out of the Class shall not receive any distributions pursuant to this Plan of Allocation.

16. Each Allocation Pool shall be distributed to Eligible Claimants in that Allocation Pool on a *pro rata* basis calculated by each Eligible Claimant's Qualifying Claim amount. To determine each Eligible Claimant's *pro rata* share of an Allocation Pool, the Settlement Administrator shall multiply the total value of that Allocation Pool by a fraction, for which (a) the numerator is the Qualifying Claim amount for that Eligible Claimant for that Allocation Pool, and (b) the denominator is the sum total of all Qualifying Claim amounts by all Eligible Claimants for that Allocation Pool.

17. If the initial proposed distribution to an Allocation Pool would result in all Eligible Claimants in that pool receiving more than all of their Qualifying Claim amounts, then any funds remaining in that pool following such distribution shall be reallocated to the other pool if that other pool does not have sufficient funds to pay all Eligible Claimants in that other pool all of their Qualifying Claim amounts.

18. If the initial proposed distribution to both Allocation Pools would result in all Eligible Claimants in both Allocation Pools receiving all of their Qualifying Claim amounts, then any funds remaining in each Allocation Pool shall be distributed *pro rata* within that pool, provided that no Eligible Claimant shall receive more than the total amount they spent on Opana ER and/or generic Opana ER. In the event that an Eligible Claimant's payment amount calculates to less than $5.00, it will not be included in the calculation and no distribution will be

3

made to that Eligible Claimant.

19.     If there is any balance remaining in the Net Settlement Fund after a reasonable amount of time from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Settlement Administrator shall, if feasible, reallocate such balance among Eligible Claimants, who successfully received and deposited, cashed or otherwise accepted a Distribution Amount and who would receive a distribution of at least $5.00, in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Eligible Claimants. Thereafter, Co-Lead Counsel shall apply to the Court for *cy pres* distribution of any *de minimis* balance to a charity or other nonprofit organization to be selected at a later date.

### III.     Administration

20.     The timeliness and validity of all Claim Forms submitted by Class Members shall be determined by the Claims and Notice Administrator. All determinations under this Plan of Allocation shall be made by the Claims and Notice Administrator, subject to review by Co-Lead Counsel and approval by the Court.

### IV.     Amendments to the Plan of Allocation

21.     This Plan of Allocation may be amended. To obtain the most up-to-date information regarding the Plan of Allocation, please visit www.opanaerantitrustlitigation.com or by calling 1-877-888-6423.