UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: OPANA ER ANTITRUST LITIGATION<br><br>This document relates to:<br><br>END-PAYOR ACTIONS | MDL DOCKET NO. 2580<br><br>Lead Case No. 14-cv-10150<br><br>Hon. Harry D. Leinenweber |

**ORDER PRELIMINARILY APPROVING END-PAYOR CLASS <u>PLAINTIFFS' SETTLEMENT WITH DEFENDANT IMPAX LABORATORIES, INC.</u>**

WHEREAS, on July 19, 2022, Plaintiffs Plumbers and Pipefitters Local 178 Health & Welfare Trust Fund; Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana; Fraternal Order of Police, Miami Lodge 20, Insurance Trust Fund; Wisconsin Masons' Health Care Fund; Pennsylvania Employees Benefit Trust Fund; and International Union of Operating Engineers, Local 138 Welfare Fund (collectively, "End-Payor Plaintiffs"), on behalf of themselves and on behalf of the certified End-Payor Plaintiff Classes (the "End-Payor Classes"), and Defendant Impax Laboratories, Inc. ("Impax") entered into a settlement agreement, which sets forth the terms and conditions of the parties' proposed settlement and the release and dismissal with prejudice of the End-Payor Classes' claims against Impax (the "Impax Settlement").

WHEREAS, on August 12, 2022, End-Payor Plaintiffs filed a Motion for Preliminary Approval of the Proposed Class Action Settlement with Impax, requesting the entry of an Order (i) preliminarily approving the Impax Settlement; (ii) staying End-Payor Plaintiffs' litigation against Impax; (iii) approving the Notice Plans and Long and Short Form Notices; (iv)

appointing A.B. Data, Ltd. as Claims and Notice Administrator; (v) appointing The Huntington National Bank to serve as Escrow Agent; (vi) approving the plan of allocation; and (vii) setting a schedule for final approval of the Impax Settlement;

WHEREAS, Impax does not oppose the End-Payor Plaintiffs' Motion; and

WHEREAS, the Court is familiar with and has reviewed the record in this case and the Impax Settlement, and has found good cause for entering the following Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

### JURISDICTION

1. This Court has jurisdiction to enter this Order. The Court has jurisdiction over the subject matter of this action and over Impax and End-Payor Plaintiffs, including all members of the Classes.

### THE PREVIOUSLY CERTIFIED CLASSES

2. Given the Court's previous order dated June 4, 2021, certifying the Classes (ECF No. 741) pursuant to Fed. R. Civ. P. 23(a) and (b)(3), as amended by orders dated August 11, 2021, and September 23, 2021 (ECF Nos. 746, 752), the Classes in the Impax Settlement are defined as follows:

> **Antitrust/Consumer Protection Class:** All persons or entities who indirectly purchased, paid for, and/or provided reimbursement for some or all of the purchase price for brand or generic Opana ER 5 mg, 10 mg, 20 mg, 30 mg, and/or 40 mg sold by Defendants, other than for resale, in the states and commonwealths of Arizona, California, Florida, Hawaii, Iowa, Maine, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Dakota, Tennessee, Vermont, West Virginia, Wisconsin, and the District of Columbia from April 2011 through September 2018; and
>
> **Unjust Enrichment Subclasses:** All persons or entities who from April 2011 through September 2018 indirectly purchased, paid for, and/or provided reimbursement for some or all of the purchase price for brand or generic Opana ER 5 mg, 10 mg, 20 mg, 30 mg, and/or

40 mg sold by Defendants, other than for resale, in the following states and commonwealths:

**Subclass 1**: Iowa, Michigan, Oregon, West Virginia

**Subclass 2**: Maine, New Mexico, Wisconsin

**Subclass 3**: Hawaii, Massachusetts*, Mississippi*, Nebraska, Vermont

**Subclass 4**: Florida, Minnesota, Missouri, Nevada, Pennsylvania, South Dakota, Utah

**Subclass 5**: Arizona*, North Dakota

*\* With respect to Arizona, Massachusetts, and Mississippi unjust enrichment claims, Class Members must have purchased, paid for, and/or provided reimbursement for some or all the purchase price of brand or generic Opana ER from June 4, 2011 through September 2018.*

3. The following persons or entities are excluded from the End-Payor Classes:

(a) Defendants and their counsel, officers, directors, management, employees, subsidiaries, or affiliates;

(b) Persons or entities whose only purchases of or reimbursements or payments for brand or generic Opana ER were of or for the generic Opana ER product sold by Actavis South Atlantic LLC or its successors;

(c) All governmental entities and Medicare Part D plans and beneficiaries, except for non-Medicare Part D government-funded employee benefit plans;

(d) All persons or entities who purchased Opana ER for purposes of resale or directly from Defendants or their affiliates;

(e) Fully-insured health plans (plans that purchased insurance from another third-party payor covering 100 percent of the plan's reimbursement obligations to its members);

(f) Flat co-payers (consumers who paid the same co-payment amount for brand and generic drugs);

(g) Any consumer who purchased only Endo's brand version of Opana ER after the AB-rated generic version became available in January 2013 (i.e., "brand loyalists");

3

      (h) Consumers with copay insurance plans who purchased only generic versions of Opana ER (i.e., "generic-only copay consumers");

      (i) Pharmacy Benefit Managers;

      (j) All Counsel of Record; and

      (k) The Court, Court personnel and any member of their immediate families.

In addition, people who or entities that submitted a valid exclusion request before the December 6, 2021 exclusion deadline described in the previous notice of this Lawsuit sent to all Class Members are also excluded.

## PRELIMINARY APPROVAL OF SETTLEMENT

4. The terms of the Impax Settlement, dated July 19, 2022, are hereby preliminarily approved. This Order incorporates the Impax Settlement and terms used in this Order that are defined in the Impax Settlement have the same meanings. The Impax Settlement was entered into after full fact and expert discovery, class certification (including a Rule 23(f) petition), summary judgment and Daubert motions, and five (5) days of trial. The Court finds that the Impax Settlement was concluded after arm's-length negotiations by experienced counsel on behalf of the End-Payor Classes. Accordingly, the Court preliminarily finds that the Impax Settlement is fair, reasonable, and adequate, and in the best interests of the End-Payor Classes, and that preliminary approval under Federal Rule of Civil Procedure 23 is warranted.

5. Huntington Bank is hereby appointed as Escrow Agent pursuant to the Impax Settlement.

6. The Court approves the establishment of the Settlement Fund under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration

of the QSF. In accordance with the Settlement Agreement, counsel are authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

7. A.B. Data is hereby appointed as Claims and Notice administrator.

8. Pending further Order of the Court, all litigation activity against Impax on behalf of the Classes is hereby stayed, and all hearings, deadlines, and other proceedings related to the End-Payor Plaintiffs' claims against Impax, other than those incident to the settlement process, are hereby taken off the Court's calendar. The stay shall remain in effect until such time that (i) the Impax or End-Payor Plaintiffs exercise their right to terminate the Impax Settlement pursuant to its terms; (ii) the Impax Settlement is terminated pursuant to its terms; or (iii) the Court renders a final decision regarding approval of the Impax Settlement, and if it approves the Impax Settlement, enters final judgment and dismisses End-Payor Plaintiffs' claims against Impax with prejudice. Impax shall not be party to the ongoing proceedings in this case, and Impax is neither bound nor estopped by any findings made hereafter.

9. In the event that the Impax Settlement fails to become effective in accordance with its terms, or if an Order granting final approval to the Impax Settlement and dismissing End-Payor Plaintiffs' claims against Impax with prejudice is not entered or is reversed, vacated, or materially modified on appeal, this Order shall be null and void.

10. In the event the Impax Settlement is terminated, not approved by the Court, or the Impax Settlement does not become final pursuant to the terms of the Impax Settlement, litigation against Impax shall resume in a reasonable manner as approved by the Court upon joint application of the End-Payor Plaintiffs and Impax.

## APPROVAL OF NOTICE, CLAIMS, AND ALLOCATION PLAN

11. The Court finds that the plan for distributing notice of the Impax Settlement to the End-Payor Classes satisfies the requirements of Fed. R. Civ. P. 23(e)(1) and due process and is a reasonable manner of distributing notice to class members who would be bound by the Impax Settlement.

12. The Court approves the Long- and Short-Form Notices (as well as the Third-Party Payor Postcard Notice, which will contain the same text as the Short-Form Notice) attached as Exhibit B to the Impax Settlement and as Exhibits C and D to the Declaration of Linda V. Young filed concurrently with End-Payor Plaintiffs' Motion. A.B. Data may modify the form and/or content of the targeted advertisements and banner notices as it deems necessary and appropriate to maximize their impact and reach, as long as those modifications substantially comport with the Notices attached to the Declaration of Linda V. Young.

13. The Court approves the claim forms attached as Exhibits E and F to the Declaration of Linda V. Young as fair, reasonable, and adequate.

14. Defendant shall provide notice of the Impax Settlement as required by 28 U.S.C. § 1715.

15. The Court finds that the Plan of Allocation is fair, reasonable, and adequate.

## APPROVAL OF SCHEDULE

16. A.B. Data and End-Payor Plaintiffs shall adhere to the following schedule:

 a. Within five (5) days of the date of this Order, A.B. Data shall update the Class website (www.opanaerantitrustlitigation.com) to announce the Impax Settlement.

6

    b. No later than fourteen (14) days of the date of this Order, or **September 7, 2022**, A.B. Data shall begin the process of providing notice to the End-Payor Classes of the Impax Settlement, in accordance with the Plan of Notice.

    c. Members of the End-Payor Classes may object to the Impax Settlement not later than **November 7, 2022**.

    d. Class Members who wish to object to the proposed Impax Settlement and/or appear by video or audio (access information provided in Paragraph f. below) at the hearing on final approval of the settlement (the "Fairness Hearing") must first send an objection and, if intending to appear, a notice of intention to appear, along with a summary statement outlining the position(s) to be asserted and the grounds therefore, together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Clerk of the U.S. District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, with copies to the following counsel:

    <u>Co-Lead Counsel for the End-Payor Classes</u>:

Gregory S. Asciolla
DICELLO LEVITT GUTZLER LLC
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel: (646) 933-1000
gasciolla@dicellolevitt.com

Robert Wozniak
FREED KANNER LONDON & MILLEN LLC
2201 Waukegan Road, Suite 130
Bannockburn, IL 60015
Tel: (224) 632-4500
Fax: (224) 632-4521
rwozniak@fklmlaw.com

<u>For Settling Defendant</u>:

Devora W. Allon, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel: (212) 446-4800
devora.allon@kirkland.com

The objection and/or notice of intention to appear shall include reference to *In re Opana ER Antitrust Litigation*, 14-cv-10150 (N.D. Ill.). To be valid, any such objection to the Impax Settlement and/or notice of intention to appear must be postmarked no later than **November 7, 2022**, and it must include the class member's name, address, telephone number, and signature. Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Impax Settlement. All persons and entities who fail to file a notice of intention to appear or a letter stating reasons for objecting as provided above shall be deemed to have waived any objections by appeal, collateral attack, or otherwise and will not be heard at the Fairness Hearing.

   e. All briefs and materials in support of final approval of the Impax Settlement and entry of final judgment proposed by the parties to the Impax Settlement shall be filed with the Court no later than thirty (30) days before the date of the Fairness Hearing.

   f. A hearing on final approval of the Impax Settlement shall be held before this Court on **December 15, 2022 at 10:00 a.m. Central Time** by video conference via the following link that can be accessed from a computer, mobile telephone, or tablet:

https://meet.uc.uscourts.gov/meeting/971179555?secret=axs_OtIs0SDNZx4qFKoc7g

Meeting ID: 971179555. For audio access only, participants can dial 517-353-2301.

   17. Neither this Order nor the Impax Settlement nor any other Settlement-related document or anything contained herein or therein or contemplated hereby or thereby nor any

8

proceedings undertaken in accordance with the terms set forth in the Impax Settlement or herein or in any other Settlement-related document shall constitute, be construed as or be deemed to be evidence of or an admission or concession by Impax as to the validity of any claim that has been or could have been asserted against Impax or as to any liability of Impax or as to any matter set forth in this Order.

**SO ORDERED**

Dated: August 24, 2022

_____
Harry D. Leinenweber
United States District Judge

9