**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE OPANA ER ANTITRUST LITIGATION | MDL No. 2580 <br><br> Lead Case No. 14-cv-10150 |
| THIS DOCUMENT RELATES TO: <br><br> All End-Payor Actions | Hon. Harry D. Leinenweber |

**NOTICE OF CLARIFICATION REGARDING END-PAYOR PLAINTIFFS' MOTION FOR PAYMENT OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARDS**

The undersigned Co-Lead Counsel respectfully submit this Notice to clarify one aspect of the End-Payor Plaintiffs' Motion for Payment of Attorneys' Fees, Reimbursement of Expenses, and Class Representative Service Awards ("Fee and Expense Motion," ECF No. 1077). Specifically, one of the Class Representative Plaintiffs for the End-Payor Plaintiffs, Pennsylvania Employees Benefit Trust Fund ("PEBTF"), has advised Co-Lead Counsel that while it agrees to Class Counsel's request for fees equal to one-third of the settlement fund, it takes the position that the fee should be calculated after Class Counsel litigation expenses are reimbursed from the settlement fund. No other Class Representative takes issue with Class Counsel's request for fees equal to one-third of the gross amount of the settlement fund. Neither Co-Lead Counsel nor any other Class Counsel firm representing the End-Payor Plaintiffs is a signatory to (or otherwise agreed to) the 2014 retainer agreement between PEBTF and Spector, Roseman & Kodroff, P.C., one of the Class Counsel firms, which states that attorneys' fees will be calculated after expenses

are deducted from the gross settlement amount. Accordingly, Co-Lead Counsel believe the fee request is not limited by the PEBTF retainer agreement.[1]

| | |
|---|---|
| Dated: November 11, 2022 | Respectfully submitted, |
| /s/ Karin E. Garvey | /s/ Robert J. Wozniak |
| Gregory S. Asciolla | Michael J. Freed |
| Karin E. Garvey | Robert J. Wozniak |
| Matthew J. Perez | FREED KANNER LONDON |
| DICELLO LEVITT LLC |   & MILLEN LLC |
| 485 Lexington Ave., 10th Floor | 2201 Waukegan Road, Suite 130 |
| New York, NY 10017 | Bannockburn, IL 60015 |
| (646) 933-1000 | (224) 632-4500 |
| gasciolla@dicellolevitt.com | mfreed@fklmlaw.com |
| kgarvey@dicellolevitt.com | rwozniak@fklmlaw.com |
| mperez@dicellolevitt.com | |

*Co-Lead Counsel for the End-Payor Classes*

---

[1] *See, e.g., Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1049 (9th Cir. 2002) ("[T]he retainer agreements did not involve the class and, because they were made precertification, are not binding on the class."); *In re Cap. One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 796 (N.D. Ill. 2015) (finding individual retainer agreements with named plaintiffs to be "of little value" and noting that they "do not inform the court's estimation sufficiently as to what Class Counsel would have received in an *ex ante* negotiation with the entire class[.]"); *In re Bridgeport Fire Litig.*, 2010 PA Super 213, 8 A.3d 1270, 1283–84 (2010) ("The class representatives constitute a portion rather than the entirety of the clients of class counsel . . . .").